ORIGINAL

DMB:AKF:all/2001V00334

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,          :
                Plaintiff         :
                                  :    Civil No. 1:CV-01-0331
        v.                        :
                                  :    (Judge Rambo)
N. GONZALEZ, et al.,              :
                Defendants        :

**MOTION FOR ENLARGEMENT OF TIME**

FILED
HARRISBURG

APR 3 0 2001

MARY E. D'ANDREA, CLER
Per_____
DEPUTY CLERK

        Defendants, by and through the undersigned Assistant
United States Attorney, hereby request the Court for a fifteen-day
enlargement of time, pursuant to Fed. R. Civ. P. 6(b), in which to
respond to Plaintiff's Motion to Stop the Defendants from
Destroying Surveillance Video Tape Taken on September 9, 2000 at
USP Lewisburg. In support of this request, Defendants state the
following:

        1.    Plaintiff is Juken Washington Gordon, an inmate
currently incarcerated at the Allenwood United States Penitentiary
at White Deer, Pennsylvania.

        2.    On February 22, 2001, plaintiff filed a <u>Bivens</u>
complaint against eight Bureau of Prisons ("BOP") employees at the
United States Penitentiary at Lewisburg, Pennsylvania ("USP
Lewisburg"), alleging that he was assaulted by BOP employees and

that BOP medical personnel failed to provide medical care for his injuries after the alleged assault.  (Complaint, pp. 2-4).

3.  A sixty-day summons was issued by the Clerk of Court on April 2, 2001, and the individual defendants were served by certified mail on April 6, 2001.  An answer to the complaint is presently due June 5, 2001.

4.  On April 10, 2001, Gordon filed a Motion to Stop the Defendants from Destroying Surveillance Video Tape Taken on September 9, 2000 at USP Lewisburg.

5.  The Code of Federal Regulations provides, in pertinent part, that

> a federal employee . . . may be provided representation in civil, criminal, and Congressional proceedings in which he is sued, subpoenaed, or charged in his individual capacity, . . . when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States. . . .

28 C.F.R. §50.15(a).

6.  Section 50.15(b) sets forth the procedures of obtaining representation by a Department of Justice attorney such as the undersigned.  In the instant case, each of the defendants is required to submit a written request to legal staff at the employee's institution.  The legal department will process the paperwork and send it to the Regional Office in Philadelphia who

will then forward it to the Bureau of Prisons' Central Office in Washington, DC.   Finally, the Central Office will notify the appropriate litigating division of the Department of Justice which, in this case, would be the Civil Division.   28 C.F.R. §50.15(b).

7.  If and when representation is authorized by the Civil Division, Justice Department attorneys undertake a full and traditional attorney-client relationship with the employee.

8.  Agency counsel with the Bureau of Prisons has informed the undersigned that defendants' requests for representation in this case have not yet reached their final destination with the Civil Division for consideration.

9.  Without the Civil Division's approval to represent the defendants, the undersigned is unable to prepare and submit an appropriate response to the motion on behalf of defendants.

10.  Undersigned counsel has contacted legal counsel at USP Lewisburg to inquire about the existence of the tape referred to in Gordon's April 10, 2001, motion.

11.  On April 30, 2001, legal counsel at USP Lewisburg reported that the tape of September 9, 2000, is still in existence. SIS staff at USP Lewisburg has been instructed not to destroy the tape.

12.  Defendants submit that plaintiff will not be prejudiced by this enlargement of time as it will also allow agency counsel and the undersigned additional time in which to investigate

3

his claims and to prepare a response which is thorough and complete in all respects.

WHEREFORE, on behalf of defendants, the United States Attorney's Office requests a fifteen-day enlargement of time until May 10, 2001, in which to respond to Gordon's Motion to Stop Defendants from Destroying Surveillance Video Tape Taken on September 9, 2000 at USP Lewisburg.  Counsel certifies that she has not sought the concurrence of plaintiff's attorney because plaintiff is a prisoner proceeding <u>pro se</u>.  M.D. Pa. Local Rule 7.1.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

ANNE K. FIORENZA
Assistant U.S. Attorney
ANITA L. LIGHTNER
Paralegal Specialist
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA 17108-1754
(717) 221-4482

Dated:    April 30, 2001.

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,  
          **Plaintiff**

          **v.**

N. GONZALEZ, <u>et al.</u>,  
          **Defendants**

:  
:  
:   Civil No. 1:CV-01-0331  
:  
:   (Judge Rambo)  
:  
:

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 30th day of April, 2001, she served a copy of the attached

### MOTION FOR ENLARGEMENT OF TIME

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

Juken Washington Gordon  
Reg. No. 05373-088  
USP Allenwood  
P.O. Box 3000  
White Deer, PA 17887

ANITA L. LIGHTNER  
Paralegal Specialist