MCC:AKF:all/2001V00334

ORIGINAL

FILED
HARRISBURG

MAY 0 8 2001

MARY E. D'ANDREA, CLERK
Per_____
        DEPUTY CLERK

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,     :
             Plaintiff     :

                      :    CIVIL NO. 1:CV-01-0331

           v.          :

                      :    (Judge Rambo)

N. GONZALEZ, et al.,       :
            Defendants    :

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)

#### I.  Procedural History

Plaintiff is Juken Washington Gordon, an inmate currently incarcerated at the Allenwood United States Penitentiary at White Deer, Pennsylvania.  On February 22, 2001, Gordon filed a Bivens[1] complaint against eight Bureau of Prisons ("BOP") employees at the United States Penitentiary at Lewisburg, Pennsylvania ("USP Lewisburg"), alleging that he was assaulted by BOP employees and that BOP medical personnel failed to provide medical care for his injuries after the alleged assault.  Gordon seeks "medical relief, declaratory and injunction relief, as well as $5,000,000.00 dollars

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)

in compensatory and punitive damages," attorney's fees and costs and "any further relief this Honorable Court deems just proper (*sic*)."

A sixty-day summons was issued by the Clerk of Court on April 2, 2001, and the individual defendants were served by certified mail on April 6, 2001. An answer to the complaint is presently due June 5, 2001.

On April 10, 2001, Gordon served upon defendants a Motion for Production of Evidence. Undersigned counsel now seeks a protective order to stay a response to this discovery, if one is necessary, until a) counsel receives authorization from the United States Department of Justice, Civil Division, to represent defendants in this matter, and b) thirty days after the Court resolves the dispositive motion that undersigned counsel expects to be filed in this matter. This brief is filed in support of the motion for protective order.

## II.  Question Presented

Should the Court issue a protective order to stay discovery until a) counsel receives authorization from the United States Department of Justice, Civil Division, to represent defendants in this matter, and b) thirty days after the Court resolves the dispositive motion that undersigned counsel expects to be filed in this matter?

Suggested answer in the affirmative.

## III.  Argument

Rule 26(c) of the Federal Rules of Civil Procedure empowers the Court to issue a wide variety of orders for the

2

protection of parties in the discovery process and applies to all forms of discovery.  Fed. R. Civ. P. 26(c); Wright & Miller, 8 Fed. Prac. & Proc. Civil, §2035 at 260, 261.  Rule 26(c) was promulgated as a safeguard for the protection of parties in view of the otherwise almost unlimited right of discovery given by Rule 26(b). Wright & Miller, §2036 at 267.

Upon good cause shown, the person from whom discovery is sought may, by way of motion, seek protection from the Court. Wright & Miller, §2035 at 261.  The party seeking the protective order has the burden of establishing an adequate reason for the Court to protect it.  Wright & Miller, §2035 at 264-65; see also, Essex Wire Corp. v. Eastern Elec. Sales Co., 48 F.R.D. 308, 310 (E.D. Pa. 1969); Davis v. Romney, 55 F.R.D. 337, 340 (E.D. Pa. 1972).

Regarding the authorization by the United States Department of Justice, Civil Division, to represent defendants in this matter, the Code of Federal Regulations provides, in pertinent part, that

> a federal employee . . . may be provided representation in civil, criminal, and Congressional proceedings in which he is sued, subpoenaed, or charged in his individual capacity, . . . when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing

3

> representation would otherwise be in the
> interest of the United States. . . .

28 C.F.R. §50.15(a).

Section 50.15(b) sets forth the procedures of obtaining representation by a Department of Justice attorney such as the undersigned. In the instant case, each of the defendants is required to submit a written request to legal staff at the employee's institution. The legal department will process the paperwork and send it to the Regional Office in Philadelphia who will then forward it to the Bureau of Prisons' Central Office in Washington, DC. Finally, the Central Office will notify the appropriate litigating division of the Department of Justice which, in this case, would be the Civil Division. 28 C.F.R. §50.15(b). If and when representation is authorized by the Civil Division, Justice Department attorneys undertake a full and traditional attorney-client relationship with the employee.

Agency counsel with the Bureau of Prisons has informed the undersigned that defendants' requests for representation in this case have not yet reached their final destination with the Civil Division for consideration. Discovery at this time is premature as without the Civil Division's approval to represent defendants, the undersigned is unable to act on behalf of defendants.

Undersigned counsel is in the process of gathering information regarding Gordon's claims against defendants from legal

4

counsel at USP Lewisburg.  A report from legal counsel is not expected to be received until May 22, 2001.  Upon receipt of authorization from the Department of Justice to represent defendants, and upon receipt of information regarding Gordon's claims against defendants from legal counsel at USP Lewisburg, undersigned counsel expects defendants to file a dispositive motion in this case.

Discovery at this time is premature and unduly burdensome in that, following the anticipated filing of defendants' dispositive motion, Gordon's complaint may be subject to dismissal without a merits analysis.  Thus, Gordon's discovery may not be required, in whole or in part, following resolution of defendants' anticipated dispositive motion.  When a dispositive motion is pending, discovery can be stayed until the motion is resolved. Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689 (1932); United Presbyterian Church in the U.S.A. v. Reagan, 738 F.2d 1375, 1382-83 (D.C. Cir. 1984); Ingram Corp. v. J. Ray McDermott & Co., 698 F.2d 1295, 1302, n. 13 (5th Cir. 1983); Wyatt v. Kaplan, 686 F.2d 276, 284 (5th Cir. 1982); Tamari v. Bache Halsey Stuart, Inc., 619 F.2d 1196, 1203 (7th Cir. 1980); 4 Moore's Federal Practice, §26.69.  The purpose is to avoid discovery, and its attendant burdens, until it has been established that the plaintiff has a viable cause of action.

In <u>Hilton v. W.T. Grant Co.</u>, 212 F. Supp. 126, 130 (W.D. Pa. 1962), the district court stayed the answering of interrogatories filed by the plaintiff pending disposition of the defendants' motion to dismiss. The court noted that while the necessity of defending unmeritorious litigation is an inescapable burden of life, like taxation, with no method yet devised for escaping this burden, "the burdens incident to the status of a defendant ought not to be augmented until it is certain that the party involved really is properly a defendant." <u>Id.</u>

Here, the undersigned anticipates filing a dispositive motion which may make Gordon's complaint subject to dismissal without a merits analysis and without the need for discovery. The discovery propounded by Gordon relates to the merits of the case. None of his discovery requests would assist him in opposing defendants' dispositive motion.

Because Gordon's complaint on the merits in the instant case is not likely to succeed, fairness dictates that any discovery Gordon has served or will serve regarding his complaint be stayed until resolution of defendants' anticipated dispositive motion. <u>See</u>, <u>e.g.</u>, <u>Defensive Instruments, Inc. v. RCA Corp.</u>, 385 F. Supp. 1053, 1054 (W.D. Pa. 1974) (discovery should be deferred or limited when defense, if established, would eliminate scrutiny of merits of case).

6

Accordingly, as a matter of fairness and to avoid the potentially unnecessary burden and expense of responding to discovery that may not be required, in whole or in part, following resolution of its anticipated dispositive motion, the undersigned requests that this Court stay discovery and not require a response, if one is necessary, until thirty days after the Court resolves the dispositive motion that the undersigned expects to be filed in this matter.

### IV.  Conclusion

For the reasons stated above, undersigned counsel requests that this Court stay discovery until thirty days after resolution of the anticipated dispositive motion.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

ANNE K. FIORENZA
Assistant U.S. Attorney
ANITA L. LIGHTNER
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA 17108-1754

Dated:    May 10, 2001

7

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,          :
                    Plaintiff     :
                                  :    CIVIL NO. 1:CV-01-0331
            v.                    :
                                  :    (Judge Rambo)
N. GONZALEZ, et al.,              :
                    Defendants    :

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 8th day of April, 2001, she served a copy of the attached

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

Juken Washington Gordon
Reg. No. 05373-088
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

ANITA L. LIGHTNER
Paralegal Specialist