MCC:AKF:all/2001V00334

ORIGINAL

FILED
HARRISBURG

JUN 15 2001

MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,        :
                   Plaintiff    :
                                :        Civil No. 1:CV-01-0331
              v.                :
                                :        (Judge Rambo)
N. GONZALEZ, et al.,            :
                   Defendants   :

**EXHIBITS TO BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

MARTIN C. CARLSON
United States Attorney
ANNE K. FIORENZA
United States Attorney
ANITA L. LIGHTNER
Paralegal Specialist
228 Walnut Street, 2nd Floor
Harrisburg, PA 17108
(717)221-4482

Dated:      June 15, 2001

## TABLE OF EXHIBITS

Declaration of N. Gonzalez . . . . . . . . . . . . . . . . . Exh. 1

Declaration of S. Puckey . . . . . . . . . . . . . . . . . Exh. 2

Declaration of M. Peoria . . . . . . . . . . . . . . . . . Exh. 3

Declaration of G. Shuck . . . . . . . . . . . . . . . . . Exh. 4

Declaration of J. Candelora . . . . . . . . . . . . . . . Exh. 5

Declaration of B. Shuman . . . . . . . . . . . . . . . . . Exh. 6

# EXHIBIT  - 1

GOVERNMENT
EXHIBIT
1

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

Juken Washington Gordon,               )
   Plaintiff                        )          1:CV-01-0331
                                     )
v.                                     )
                                     )
N. Gonzalez, etal                      )
   Defendant                        )
                                     )

## DECLARATION OF N. GONZALEZ

I, N. Gonzalez, hereby state:

1.    I am currently employed by the Bureau of Prisons as a Lieutentant at theUnited States
Penitentiary (USP) at Lewisburg, Pennsylvania. I am aware that I have been named as a
defendant in the above referenced civil action in which inmate Gordon, Reg. No. 05373-
088, alleges he was injured in a use of force incident.

1.    On Saturday, September 9, 2000, at approximately 11:20 am, myself, and several USP
Lewisburg staff members were monitoring inmates departing the main dining hall upon
completion of the weekend brunch meal. The "last call" announcement had been made
approximately 15 minutes before, and the serving lines were closed.

2.    Inmate Washington approached staff and demanded to enter the dining hall to eat. He
was informed that the dining hall was closed. Contrary to his allegation, no inmates,
except those assigned to work in the food service area at that time, were permitted to
enter. Inmate Washington became agitated and left the area. However, soon after, the
plaintiff returned and began to argue with me. I ordered defendant Gordon to return to
his housing unit, however the inmate continued to argue, demanding that he be fed his
lunch. I directed inmate Gordon to come with me to the Lieutenant's Office and asked
defendant Puckey to accompany me.

3.    Once inside the Lieutenant's Office, inmate Gordon became increasingly loud and
agitated. He was ordered to place his hands on the wall of the office and submit to hand
restraints. Inmate Gordon complied with the order to put his hands on the wall. As
defendant Puckey put a hand restraint on plaintiff's left hand, the plaintiff began to resist
& shouted "Fuck you...fuck you, you are not locking me up". The plaintiff attempted to
pull away from defendant Puckey, clenched his fist and lunged towards me in an apparent
attempt to strike me with his fist.. Defendant Puckey still had control of plaintiff's left
hand and used a leg sweep maneuver to take the inmate to the floor and regain control of
him. Once inmate Gordon was on the floor, he continued to resist, and I called for

1

additional assistance.

4.     Responding staff arrived, and inmate Gordon, on the floor, continued to kick and resist staff efforts to place leg irons on him and regain control. Once inmate Gordon was restrained, due to his efforts to assault staff and his continuing to be combative, he was carried to the Special Housing Unit, where he was placed in ambulatory restraints. I was examined by Health Services staff and treated for knee strain.

I hereby declare under penalty of perjury pursuant to the provisions of 28 U.S.C.§1746 that the above is accurate to the best of my knowledge.

N. Gonzalez, Lieutenant
USP Lewisburg

MAY 18 2001
Date

2

# EXHIBIT - 2

GOVERNMENT
EXHIBIT
2

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Juken Washington Gordon, | ) | |
|    Plaintiff | ) | 1:CV-01-0331 |
| | ) | |
| v. | ) | |
| | ) | |
| N. Gonzalez, etal | ) | |
|    Defendant | ) | |
| | ) | |

## DECLARATION OF S. PUCKEY

I, S. Puckey, hereby state:

1.    I understand that I have been named as a defendant in the above referenced case in which inmate Juken Gordon, Reg. No. 05373-088, alleges that I, along with other staff, were involved in an inappropriate use of force against him, in which he was injured.

2.    On September 9, 2001, I was assigned as the Main Corridor Officer.  At approximately 11:20 am, I was with several staff monitoring inmates leaving the dining hall after the brunch meal.  Last call had been called approximately 15 minutes prior, & I was notified by radio by a Lieutenant to allow only one-way outgoing traffic from the dining hall.  Inmate Gordon approached us and demanded to enter the dining hall.  He was informed that the dining hall was closed and argued that he still wanted to go in.   A Lieutenant intervened and told Gordon that he could not go in, and he departed the area.  Soon after, I was called by the Lieutenant to assist him with escorting inmate Gonzalez to the Lieutenant's Office.

3.    I pat-searched inmate Gordon outside the Lieutenant's Office and then we went in.  Once inside the Lieutenant's Office, inmate Gordon again became disruptive and was ordered to place his hands on the wall in order to submit to hand restraints.  I was able to place a hand restraint on inmate Gordon's left hand, at which point inmate Gordon resisted and tried to strike the Lieutenant with his right hand.  I still had control of inmate Gordon's left hand and I grabbed his right hand, and swept his feet out from under him with my right foot, taking him to the floor to prevent him from assaulting staff and so we could restrain him.

4.    Once inmate Gordon was on the floor, he continued to resist.  The Lieutenant called for more staff assistance. When responding staff arrived, it still took a few minutes to gain control of inmate Gordon and place hand restraints and leg irons on him, as he continued to kick and resist staff.  Inmate Gordon was then carried out of the Lieutenant's Office and taken to the Special Housing Unit where he was placed in ambulatory restraints.  The

1

force utilized on inmate Gordon was appropriate & the minimum amount of force required to regain control of the situation and prevent inmate Gordon from harming staff.

5.  When the situation was under control, I wrote an incident report on inmate Gordon for for Threatening, Attempted Assault, and Refusing an Order (Codes 203, 224a, and 307). Inmate Gordon had a disciplinary hearing on September 12, 2000. The Disciplinary Hearing Officer concluded that inmate Gordon had committed the prohibited act of Attempted Assault and sanctioned him to 27 days loss of Good Conduct Time, 30 days disciplinary segregation, a disciplinary transfer, and 180 days loss of commissary and telephone privileges. A true and correct copy of the Disciplinary Hearing Officer's Report is attached.

I hereby state under penalty of perjury pursuant to the provisions of U.S.C. § 1746 that the above is true and correct to the best of my knowledge and belief.

_Stacey L. Puckey_                          _May 18, 2001_
S. Puckey, Senior Officer Specialist                        Date
USP Lewisburg

2

**DISCIPLINE HEARING OFFICER REPORT**
**U.S. DEPARTMENT OF JUSTICE**

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

| INSTITUTION | USP, Lewisburg | | INCIDENT REPORT NUMBER | | | 814074 |
|---|---|---|---|---|---|---|
| INMATE NAME | GORDON, Juken | | REG NO | 05373-088 | UNIT | 3 |
| DATE OF INCIDENT | 9-9-00 | | DATE OF INCIDENT REPORT | | | 9-9-00 |
| OFFENSE CODE(S) | | 203, 224A, 307 | | | | |
| SUMMARY OF CHARGES | | Threatening; Attempted Assault; Refusing an Order | | | | |

**I.  NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on

(date) _9-9-00_ at (time) _1755_ (by staff member) _T. Preisch_

B. The DHO Hearing was held on (date) _9-20-00_ at (time) _0945_

C. The inmate was advised of his/her rights before the DHO by (staff member):

A. Whitecavage on (date) _9-12-00_ and a copy

of the advisement of rights form is attached.

**II.  STAFF REPRESENTATIVE**

| A. Inmate waived right to staff representative. | Yes: | X | No: | |
|---|---|---|---|---|

B. Inmate requested staff representative and _N/A_ appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result

that: _N/A_

| D. Staff representative | N/A | | was appointed. |
|---|---|---|---|

E. Staff representative statement:

N/A

**III.  PRESENTATION OF EVIDENCE**

| A. Inmate admits | | denies | X | the charge(s). |
|---|---|---|---|---|

B. Summary of inmate statement:

The inmate indicated he understood his rights and was ready to proceed with the hearing. He had no documents for the DHO to consider.  The inmate testified the report is false. He went from his cell to the mess hall.  He wanted to go inside, but the officer would not let him in.  He then let some Spanish guy in.  He asked Officer Puckey about it and he was taken to the Lieutenants' Office.  He was told to place his hands on the wall and he complied.  His feet were simply swept out from underneath him.  He did nothing.  He said nothing.  He attempted to assault no one.  The officers just jumped on him and started hurting him.  The inmate made no complaints of procedural errors during the hearing.

C. Witness(es):

| 1. The inmate requested witness(es). | Yes: | | No: | X |
|---|---|---|---|---|

Page 1 of 3

DISCIPLINE HEARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

| 2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.) | | | | | |
|---|---|---|---|---|---|
| N/A | | | | | |
| 3. The following persons requested were not called for the reason(s) given. | | | | | |
| N/A | | | | | |
| 4. Unavailable witnesses were requested to submit written | Yes | | No | | N/A | X |

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Memoranda of Gonzalez, Shuman, Shuck and Candelora; Injury assessment form

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

| IV. FINDINGS OF THE DHO | | |
|---|---|---|
| | A. The act was committed as charged. | |
| X | B. The following act was committed: | 224A |
| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. | |

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)**

The DHO finds Gordon guilty of the offense of Attempted Assault. This decision is based upon the eyewitness account of the reporting officer which indicates at 11:20 a.m. on 9-9-00, Lt. Gonzalez and the reporting officer were escorting Gordon into the Lieutenants' Office. Gordon was told to place his hands on the wall and he complied. Gordon then stated, "Fuck you. You're not lockin' me up". The reporting officer told Gordon to put his hands behind his back. As the reporting officer attempted to handcuff Gordon, he pulled away and attempted to strike Lt. Gonzalez with a closed fist. At this time, the reporting officer leg swept Gordon to the floor and applied handcuffs. Lt. Gonzalez called for assistance. Gordon continued stating, "Fuck you, bitch boy. You're nothing' but a cracker". Meanwhile, the inmate kept kicking at responding staff, trying to break free. Leg irons were applied by extra staff. Due to the inmate's aggressive and combative nature, Gordon had to be carried to the SHU holding cell. Also relied upon by the DHO are the numerous memoranda listed in the Documentary Evidence Section which support and corroborate the reporting officer's account of the incident. Memoranda of Messrs. Shuman and Gonzalez clearly indicate that the inmate attempted to assault staff. This is further corroborated by Officer Candelora who indicates the inmate was kicking and throwing his arms about. After reviewing the evidence in its entirety, the greater weight of the evidence supports the finding the inmate attempted to assault staff.

**VI. SANCTION OR ACTION TAKEN**

CODE: 224A

Disallowance of Good Conduct Time: 27 days
Disciplinary Segregation: 30 days
Disciplinary Transfer
Loss of Commissary Privilege: 180 days
Loss of Telephone Privilege: 180 days

**DISCIPLINE HEARING OFFICER REPORT**
**U.S. DEPARTMENT OF JUSTICE**

BP-S305.052 MAY 94
**FEDERAL BUREAU OF PRISONS**

| VII. REASON FOR SANCTION OR ACTION TAKEN |
| --- |
| The rationale for the sanctions imposed in this case is to punish the inmate for his misconduct which is viewed as having an adverse affect on the security and good order of the institution.  I believe that stringent sanctions, to include the loss of privilege, are the only viable sanctions which are significant enough to curb the inmate's future misconduct.  No other sanctions are seen to be effective enough to facilitate this task. |

**VIII. APPEAL RIGHTS:** The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action.  The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

| | | Yes | X | No | | |
| --- | --- | --- | --- | --- | --- | --- |

| IX. DISCIPLINE HEARING OFFICER | | |
| --- | --- | --- |
| Printed Name of DHO | Signature of DHO | Date |
| D. Emory, DHO | | 9-22-00 |

| Report delivered to inmate by: | DATE | TIME |
| --- | --- | --- |
| M. Inch | 9/26/00 | |

(This form may be replicated in WP)          Replaces BP-304(52) of JAN 88

**U.S. Department of Justice**

Federal Bureau of Prisons

**Incident Report**

## PART I – INCIDENT REPORT

| 1. NAME OF INSTITUTION | | |
|---|---|---|
| U.S.P. LEWISBURG     1 OF 2 | | 814074 |

| 2. NAME OF INMATE | 3. REGISTER NUMBER | 4. DATE OF INCIDENT | 5. TIME |
|---|---|---|---|
| GORDON | 05373-088 | 9-9-00 | 11:20 AM |

| 6. PLACE OF INCIDENT | 7. ASSIGNMENT | 8. UNIT |
|---|---|---|
| LIEUTENANTS OFFICE | PM DINE | 3 |

| 9. INCIDENT -THREATENING ANOTHER WITH HARM <br> -ATTEMPTED ASSAULT ON ANY PERSON <br> -REFUSING TO OBEY AN ORDER OF ANY STAFF MEMBER | 10. CODE <br> 203 <br> 224-A <br> 307 |
|---|---|

**11. DESCRIPTION OF INCIDENT (Date: 9-9-00 Time: 11:20 AM Staff became aware of incident)**

ON THE ABOVE DATE AND TIME LT GONZALEZ AND I ESCORTED I/M GORDON INTO THE LIEUTENANTS OFFICE. I TOLD I/M GORDON TO PLACE HIS HANDS ON THE WALL. HE COMPLIED, THEN HE STATED "FUCK YOU, YOUR NOT LOCKIN ME UP." I TOLD I/M GORDON TO PUT HIS HANDS BEHIND HIS BACK. AS I ATTEMPTED TO HANDCUFF I/M GORDON, HE PULLED AWAY AND ATTEMPTED TO STRIKE LT GONZALEZ WITH A CLOSED FIST. AT THIS TIME I LEG SWEPT I/M GORDON TO THE FLOOR AND APPLIED

| 12. SIGNATURE OF REPORTING EMPLOYEE <br> Stacey L. Puckey | DATE AND TIME <br> 9-9-00  12:59 pm | 13. NAME AND TITLE (Printed) <br> STACEY L. PUCKEY  S.O.S. |
|---|---|---|

| 14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY | 15. DATE INCIDENT REPORT DELIVERED <br> 9-9-00 | 16. TIME INCIDENT REPORT DELIVERED <br> 5:55pm |
|---|---|---|

## PART II – COMMITTEE ACTION

**17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT**

the Report is not True. I wanted To go into F/S, they would let me, then they let A Spanish guy in. I asked them why I couldn't go in. They took me to the LT office And then they beat me up

| 18. A. IT IS THE FINDING OF THE COMMITTEE THAT YOU: <br> _____ COMMITTED THE FOLLOWING PROHIBITED ACT. <br><br> _____ DID NOT COMMIT A PROHIBITED ACT. | B. ✗ THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING. <br> C. _____ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDER DAYS. |
|---|---|

**19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION**

This Report is being forwarded to the Dho for sanctions beyond the UDC level.

**20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON PROHIBITED ACT)**

Rec: 30 D/S  Lose 30 Days Comm  Transfer.

**21. DATE AND TIME OF ACTION** 9-12-00  1340  (THE UDC CHAIRMAN'S SIGN... ...AME CERTIFIES

WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEE...

Chairman (Typed Name/Signature)                 Member (Typed Name)

U.S. Department of Justice

**Incident Report**

Federal Bureau of Prisons

| 1. NAME OF INSTITUTION | | | |
|---|---|---|---|
| USP LEWISBURG | 2 OF 2 | | 814074 |

**PART I – INCIDENT REPORT**

| 2. NAME OF INMATE | 3. REGISTER NUMBER | 4. DATE OF INCIDENT | 5. TIME |
|---|---|---|---|
| GORDON | 05373-088 | 9-9-00 | 11:20AM |

| 6. PLACE OF INCIDENT | 7. ASSIGNMENT | 8. UNIT |
|---|---|---|
| LIEUTENANTS OFFICE | PM DINE | 3 |

| 9. INCIDENT - THREATENING ANOTHER WITH BODILY HARM <br> - ATTEMPTED ASSAULT ON ANY PERSON <br> - REFUSING TO OBEY AN ORDER OF ANY STAFF MEMBER | 10. CODE <br> 203 <br> 224-A <br> 307 |
|---|---|

11. DESCRIPTION OF INCIDENT (Date 9-9-00  Time 11:20AM Staff became aware of incident)

HANDCUFFS. LT GONZALEZ CALLED FOR ASSISTANCE. I/m GORDON CONTINUED STATING "FUCK YOU, BITCH BOY, YOUR NOTHIN BUT A CRACKER." MEANWHILE, HE KEPT KICKING AT RESPONDING STAFF TRYING TO BREAK FREE. LEG IRONS WERE APPLIED BY EXTRA STAFF. DUE TO I/m GORDON'S AGGRESSIVE AND COMBATIVE NATURE I/m GORDON HAD TO BE CARRIED TO S.H.U.'S HOLDING CELL.

| 12. SIGNATURE OF REPORTING EMPLOYEE | DATE AND TIME | 13. NAME AND TITLE (Printed) |
|---|---|---|
| Stacey L Puckey | 9-9-00 12:50pm | STACEY L. PUCKEY  S.O.S. |

| 14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY | 15. DATE INCIDENT REPORT DELIVERED | 16. TIME INCIDENT REPORT DELIVERED |
|---|---|---|
| | 9-9-00 | 5:55p |

**PART II – COMMITTEE ACTION**

17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT

See  page 1

| 18. A. IT IS THE FINDING OF THE COMMITTEE THAT YOU: <br> _____ COMMITTED THE FOLLOWING PROHIBITED ACT. <br><br> _____ DID NOT COMMIT A PROHIBITED ACT. | B. ✓ THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING. <br> C. _____ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDER DAYS. |
|---|---|

19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION

See  page 1

20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT)

Rec: 30 D/S  lose Commissary  30 Days  lost sct 41 Days  Transfer

21. DATE AND TIME OF ACTION 9-13-01  1340  (THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)

A.G. Whitecarve _____  T West _____
Chairman (Typed Name/Signature)          Member (Typed Name)

U.S. Department of Justice 

Federal Bureau of Prisons

**Notice of Discipline** ___ r ___ **Before**
**the Discipline Hearing Officer (DHO)**

_USP LEWISBURG_
Institution

DATE: _____

TO: _GORDON, JUKEN_                    Reg. No.: _05373-088_

ALLEGED VIOLATION(S): _† REFUSING TO OBEY AN ORDER OF ANY STAFF MEMBER._ THREATENING ANOTHER WITH BODILY HARM, ATTEMPTED ASSAULTING ANY PER

DATE OF OFFENSE: _09-09-2000_                    Code No.: _203, 224A † 307_

You are being referred to the DHO for the above charge(s).

The hearing will be held on: _____ _ASAP_ _____ , at _____ (A.M./P.M.) at the following location:

_____

You are entitled to have a full–time staff member represent you at the hearing. Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) ____ (do not) _✓_ wish to have a staff representative.

If so, the staff representative's name is: ___ _N/A_ _____

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety. Names of witnesses you wish to call should be listed below. Briefly state to what each proposed witness would be able to testify.

I (do) ____ (do not) _✓_ wish to have witnesses.

NAME: _____ , Can Testify to: _____ ____

_____

NAME: _____ , Can Testify _N/A_ ____

_____

NAME: _____ , Can Testify to: ____

_____

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s). Repetitive witnesses and repetitive character references need not be called. Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form. Date, sign, and return this form to the DHO.

DATE: _9-12-0_                    SIGNATURE: _Han Cuffed_
                                                          _1340_

Notice of hearing before DHO given inmate _9-12-0_ by _SJ Whitaverge / Whitaverge_
                                                          Date/Time          Employee Printed Name/Signature

USP LVN

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

● 9/00   STAFF   COPY   **INMATE INJURY ASSESSMENT AND FOLLOWUP** ●
(Medical)

SS #

| 1. Institution USP Lewisburg, PA. | 2. Name of Injured Lieutenant Nelson Gonzalez, LT. | 3. Register Number N/A   584   A-449 |
|---|---|---|
| 4. Injured's Duty Assignment Lieutenant | 5. Housing Assignment N/A | 6. Date and Time of Injury 9/9/00 11:30 Am |

| 7. Where Did Injury Happen (Be specific as to location) Lieutenant's office | Work Related? ☑ Yes ☐ No | 8. Date and Time Reported for Treatment 9/9/00 1:20PM |
|---|---|---|

**9. Subjective:** (Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)

I twisted my ankle

_N. Gen_
Signature of Patient

**10. Objective:** (Observations or Findings from Examination)

R. ankle no deformities

X-Rays Taken ____   Not Indicated X
**X-Ray Results**

Normal fullness no edema

**11. Assessment:** (Analysis of Facts Based on Subjective and Objective Data)

**12. Plan:** (Diagnostic Procedures with Results, Treatment and Recommended Follow-up)

**13. This Injury Required:**

☐ a. No Medical Attention

☐ b. Minor First Aid

☐ c. Hospitalization

☐ d. Other (explain)

_____

_____

☐ e. Medically Unassigned

☒ f. Civilian First Aid Only

☐ g. Civilian Referred to Community Physician

Signature of Physician or Physician Assistant

**Self Carboned Form – If ballpoint pen is used, PRESS HARD**

Original – Medical File
Canary – Safety
Pink – Work Supervisor (Work related only)
Goldenrod – Correctional Supervisor

9

COPY
NG 9/9/00



**UNITED STATES GOVERNMENT**
# MEMORANDUM
**UNITED STATES PENITENTIARY**
**LEWISBURG, PA**

**DATE: 9/9/00**
**REPLY TO**
**ATTN OF: J.A.Candelora S.O.**
**SUBJECT: Gordon #05373-088**
**TO: Lt.McKinney**

On 9/9/00 at approx. 11:30am during mainline there was an assistance call in the Lt's office. This officer responded from the B-BLK grill. When I got to the office I observed Lt Gonsalez and officer Puckey on top of an inmate. The inmate was kicking and throwing his arms. Officer Shuman held the inmates legs and I went to control center for leg irons. After applying the leg iron this officer secured the inmates right leg and assisted in carrying the inmate to Shu with no further incident. I receive no injuries.

COM
N6
9/9/00

UNITED STATES GOVERNMENT

# memorandum

DATE: 9-9-2000

REPLY TO
ATTN OF: G.Shuck, S.O.S.
G.Shuck, S.O.S.

SUBJECT: Inmate Gordon # 05373-088

TO: N.Gonzalez, Activities Lt.

On the above date at approximately 11:20 Am., I responded to an "Assistance call" in the Lieutenant's Office. Inmate Gordon # 05373-088 was placed on the floor of the Lt's office and restraints were applied. The inmate was then escorted to the Special Housing Unit. I assisted in taking the inmate to SHU.

11

OPTIONAL FORM NO. 10
(REV. 1-80)
GSA FPMR (41 CFR) 101-11.6
5010-114

COPY
NG 9/9/00



**UNITED STATES GOVERNMENT**
# MEMORANDUM
**UNITED STATES PENITENTIARY**
**LEWISBURG, PA**

**DATE: 9/9/00**
**REPLY TO**
**ATTN OF: B.Shuman S.O.S.**
**SUBJECT: Gordon #05373-088**
**TO: Lt.McKinney**

On 9/9/00 at approx. 11:30am during mainline there was an assistance call in the Lt's office. This officer responded from the D-BLK grill. When I got to the office I observed Lt Gonsalez and officer Puckey on top of an inmate. The inmate was kicking and throwing his arms. I held the inmates legs and officer Candelora went to control center for leg irons. After applying the leg iron this officer secured the inmates left leg and assisted in carrying the inmate to Shu with no further incident. I receive no injuries.

12



UNITED STATES GOVERNMENT
# MEMORANDUM
UNITED STATES PENITENTIARY
LEWISBURG, PA

**DATE:**   9/09/00

**REPLY TO**
**ATTN OF:**   N. Gonzalez, Lieutenant

**SUBJECT:**   Use Of Force (Immediate)
Ref. Inmate Gordon #05373-088

**TO:**   W. Ey, Captain

On 9/09/00, at 11:20PM, Officer Puckey and myself escorted inmate Gordon #05373-088, to the Lieutenant's Office. Inmate Gordon displayed signs of imminent violence towards Staff. Officer Puckey ordered inmate Gordon to place his hands on the wall, to which Gordon complied. He then stated to Officer Puckey; "Fuck You, your not locking me up". Officer Puckey once again ordered inmate Gordon to put his hands behind his back, as Officer Puckey attempted to place hand restraints, inmate Gordon pulled away and attempted to strike me with a closed fist. At this time Officer Puckey used a Leg Sweep to take inmate Gordon on the ground and I called for assistance. Inmate Gordon continued acting in an aggressive and combative manner and attempted to kick at responding Staff attempting to break away from Staff. Due to inmate Gordon's continued aggressive and combative behavior towards Staff, Leg restraints were applied by responding Staff and the inmate had to be carried to the Special Housing Unit. The inmate was examined by P.A. Peoria with no apparent injuries. I received a minor injury to my left knee and was also examined by Mr. Peoria.

BP-S293.052 **INMATE RIGHTS AT DISCIPLINE HEARING** CDFRM
MAY 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

Institution:

USP Lew

As an inmate charged with a violation of Bureau of Prisons rules or
regulations referred to the Discipline Hearing Officer (DHO) for
disposition, you have the following rights:

    1. The right to have a written copy of the charge(s) against you at
least 24 hours prior to appearing before the Discipline Hearing
Officer;

    2. The right to have a full-time member of the staff who is reasonably
available to represent you before the Discipline Hearing Officer;

    3. The right to call witnesses (or present written statements of
unavailable witnesses) and to present documentary evidence in your
behalf, provided institutional safety would not be jeopardized;

    4. The right to present a statement or to remain silent. Your silence
may be used to draw an adverse inference against you. However, your
silence alone may not be used to support a finding that you committed
a prohibited act;

    5. The right to be present throughout the discipline hearing except
during a period of deliberation or when institutional safety would be
jeopardized. If you elect not to appear before the DHO, you may still
have witnesses and a staff representative appear on your behalf;

    6. The right to be advised of the DHO's decision, the facts supporting
that decision, except where institutional safety would be jeopardized,
and the DHO's disposition in writing; and,

    7. The right to appeal the decision of the DHO by means of the
Administrative Remedy Procedure to the Regional Director within 20
calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded
me at a hearing before the Discipline Hearing Officer. I have further been
advised that if I have previously received either a presumptive or
effective parole date from the Parole Commission, a finding by the DHO that
I committed the prohibited act(s) may result in a rescission or retardation
by the Parole Commission of the presumptive or effective parole date.

Signed: _Tim Cuffed_     Reg. No.: _05373-088_    Date: _9-12-00_
         Inmate Signature

Notice of rights given to inmate (Date/time): _9-12-00 1340_

by: _D) Whiteaurgel / g mlty_
    Staff Printed Name/Signature

                                                           14

(This form may be replicated via WP)                    Replaces BP-293 (52) of JAN 88.

# EXHIBIT - 3

GOVERNMENT
EXHIBIT
3

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

Juken Washington Gordon,                    )
    Plaintiff                           )        1:CV-01-0331
                                        )
v.                                          )
                                        )
N. Gonzalez, etal                           )
    Defendant                           )
                                        )

DECLARATION OF M. PEORIA

I, M. Peoria, hereby state:

1.    I am currently employed at the United States Penitentiary (USP) Lewisburg, as a
Physician's Assistant.  I understand that I have been named as a defendant in the above
referenced case in which inmate Juken Gordon, Reg. No. 05373-088, alleges that he was
injured during inappropriate use of force against him and that I didn't provided adequate
medical treatment.  Inmate Gordon claims he continues to suffer from back pain as a
result of the incident.

2.    On September 9, 2000, at approximately 11:53am, I was called to the Special Housing
Unit to evaluate an inmate who had been involved in a physical altercation with staff.
When I examined inmate Gordon, he was in no obvious distress and there was no
evidence of recent trauma on his body, face or hands.  I examined his back and found no
evidence of trauma, no deformity or tenderness to palpitation.  I examined inmates
Gordon's restraints and loosened his ankle restraints slightly.  Inmate Gordon had no
evidence of any condition for which medical attention was needed.  I advised inmate
Gordon of the procedure for obtaining a copy of the Inmate Injury Assessment form and
advised him to follow up through sick call procedures as needed.

3.    The plaintiff goes on in his complaint to discuss other treatment he subsequently
received for his complaints of chronic back pain, however, he makes no further
allegations concerning any involvement by me in any of those treatment decisions.  The
only allegation against me occurs on the day of the use of force

4.    In December 2000, only three months after the September 2000, use of force incident,
inmate Gordon was seen at USP Allenwood by an orthopedic specialist for complaints of
lower back pain and stated that before he was incarcerated, he was involved in a
automobile accident, and was subsequently treated for back pain.  The inmate reported
that "his pain never really went away since that time and kind of lingered, then it got
worse.".  He also reported that 'he can't relate it to any episode that made it worse".

1

While the inmate did mention the September 2000 incident at USP Lewisburg, the examining physician noted that as a result of the fall, he had "really no radicular symptoms, or in my estimation, no significant change."  A true and correct copy is attached.

I hereby state under penalty of perjury pursuant to the provisions of 28 U.S.C.§ 1746 that the above is true and correct to the best of my knowledge.

M. Peoria, Physician Assistant
USP Lewisburg

May 18, 2001
Date

USP Allenwood, PA

Brief ORTHOPEDIC CONSULT Note:

Inmate seen/examined by Dr Reish (Orthopedics)

and full note dictated; dictated note to follow

Date : 12/19/00    1000°

Inmate:   GORDON  #  05373-088

Interval note:

① OK FOR DOUBLE MATTRESS

② MAY USE NSAIDs PRN

③ F/U PRN    —

NO MRI, ETC.  @ THIS TIME

Deven Chanmugam, M.D.   HD 12/19

J. Pannell
USP Allen

ATT 1

GORDON - 05373-088
USP ALLENWOOD

12-19-00

Mr. Gordon is 32 and he comes because he has discomfort in his low back. His history first starts in 1997 before he got incarcerated. This would have been in January or February of 1997. He was involved in an automobile accident in New York. He was seen by a private physician and had back pain. He was started on therapy, started on medication, and before he could finish his treatment he was incarcerated. This would have been around April. He says his back was really sore and it hurt. He had an MRI at that time. He is not exactly sure what it showed, but he doesn't think it showed anything of significance. He thinks his doctor told him that he had a fracture. He said his pain never really went away since that time and kind of lingered. It then got worse. He can't really relate to an episode that made it worse. He says that his pain is more constant now than it was then, he has it a significant amount of time. It is not associated with any leg pain at all and he has no radicular symptoms. It is not made worse by coughing or sneezing.

Also of significance is that he says when he was in the Lewisburg Federal Penitentiary he was involved in a situation where he was taken to the office, had to put his hands up against the wall, and then had his feet taken out from underneath him. He fell at that time. He called the police. He had really no radicular symptoms or, in my estimation, significant change.

Physical examination reveals that his forward flexion is good. His lateral bending is good. Straight leg raising is negative. Deep tendon reflexes of the knee and ankle are normal. Sensory examination is okay. Extensor hallucis longus rates a 5. He has no sciatic notch tenderness.

He has two films, AP and lateral. He has some hypertrophic formation at the superior endplate of L3, suggestive of an old fracture or osteoarthritic change. There is also accompanying disc space narrowing between L2 and L3, with a small osteophyte maybe on the superior aspect of L4. There does not appear to be any spondylolysis or spondylolisthesis. I don't have any obliques, but I don't see it on the lateral.

I think his problem is residual compression fracture with a disc that is deteriorating in that level, not

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**INMATE INJURY SSESSMENT AND FOLLOWUP**
*(Medical)*

| 1. Institution USP LEW | 2. Name of Injured GORDON  JULKEN | 3. Register Number 05373-068 |
|---|---|---|
| 4. Injured's Duty Assignment UNASSIGNED | 5. Housing Assignment SHU  STRIP  CELL | 6. Date and Time of Injury 01SEP 2000   1125 |
| 7. Where Did Injury Happen (Be specific as to location) | Work Related? ☐ Yes  ☒ No | 8. Date and Time Reported for Treatment 01SEP 2000   1153 |

**9. Subjective:** *(Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)*

c/o KICKED IN HEAD. MY BACK HURTS. MY NECK HURTS. 15 OF THEM

JUMPED ON ME.

INMATE  IN WAIST RESTRAINTS BEHIND THE
BACK.                      Signature of Patient

**10. Objective:** *(Observations or Findings from Examination)*      X-Rays Taken ____     Not Indicated ☒
                                          X-Ray Results

ALERT AND AMBULATORY. WELL DEVELOPED,
WELL NOURISHED, WELL HYDRATED, IN NO OBVIOUS DISTRESS. NO RLS TREMORS,
COUGH, OR OBVIOUS ABNORMALITIES. NO EVIDENCE OF RECENT TRAUMATIC LESIONS.
BACK: NO DEFORMITY OR TENDERNESS TO PALPATION. FACE: NO DEFORMITIES OR
RECENT TRAUMATIC LESIONS. HANDS: NO DEFORMITIES OR EVIDENCE OF RECENT TRAUMA

**11. Assessment:** *(Analysis of Facts Based on Subjective and Objective Data)*

INVOLVED IN RECENT PHYSICAL ALTERCATION. MAY HAVE SUSTAINED BLUNT TRAUMA

C̄ CONTUSION.

**12. Plan:** *(Diagnostic Procedures with Results, Treatment and Recommended Follow-up)*

PATIENT EDUCATION ETIOLOGY AND TREATMENT UNDERSTOOD. ANKLE RESTRAINTS

LOOSENED. ADVISED ON HOW TO OBTAIN A COPY OF THIS REPORT.

FOLLOW UP ON SICK CALL AS NEEDED.

**13. This Injury Required:**

☒ a. No Medical Attention

☐ b. Minor First Aid

☐ c. Hospitalization

☐ d. Other *(explain)*

_____

☐ e. Medically Unassigned

☐ f. Civilian First Aid Only

☐ g. Civilian Referred to
     Community Physician

_____ DENTAL
Signature of Physician or Physician Assistant

*Self Carboned Form – If ballpoint pen is used,* **PRESS HARD**

Original – Medical File
Canary – Safety
Pink – Work Supervisor *(Work related only)*
Goldenrod – Correctional Supervisor

ATT 3

5

# EXHIBIT - 4

GOVERNMENT
EXHIBIT
4

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

Juken Washington Gordon,          )
     Plaintiff                    )        1:CV-01-0331
                                  )
v.                                )
                                  )
N. Gonzalez, etal                 )
     Defendant                    )
                                  )

DECLARATION OF G. SHUCK

I, G. Shuck, hereby state:

1.    I am currently employed by the Bureau of Prisons as a Senior Officer Specialist at the
      United States Penitentiary (USP) at Lewisburg, Pennsylvania.   I understand that I have
      been named as a defendant in the above referenced case in which inmate Juken Gordon,
      Reg. No. 05373-088, alleges that I, along with other staff, were involved in an
      inappropriate use of force against him, in which he was injured.

2.    On September 9, 2000, I responded to a call for assistance to the Lieutenant's Office.
      When I arrived, I found staff struggling to restrain an inmate who was on the floor.  I
      assisted other responding staff.   The inmate was kicking and attempting to resist staff
      efforts to apply restraints.  I assisted in attempted to hold the inmate still & in applying
      restraints.  The force utilized on inmate Gordon was appropriate & the minimum amount
      of force required to regain control of the situation and prevent inmate Gordon from
      harming staff.   When the inmate was restrained, he was removed from the Lieutenant's
      Office and carried to the Special Housing Unit where he was placed in ambulatory
      restraints.  I assisted in carrying the inmate to SHU.

I hereby state under penalty of perjury pursuant to the provisions of U.S.C. § 1746 that the above
is true and correct to the best of my knowledge and belief.

_D Shuck s.o.s._____          __5/17/2001___
G. Shuck, Senior Officer Specialist        Date
USP Lewisburg

# EXHIBIT - 4

# EXHIBIT - 5

GOVERNMENT
EXHIBIT
5

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

Juken Washington Gordon,           )
   Plaintiff                        )        1:CV-01-0331
                                    )
v.                                  )
                                    )
N. Gonzalez, etal                   )
   Defendant                        )
                                    )

## DECLARATION OF J. CANDELORA

I, J. Candelora, hereby state:

1.    I am currently employed by the Bureau of Prisons as a Senior Officer Specialist at the United States Penitentiary (USP) at Lewisburg, Pennsylvania.   I understand that I have been named as a defendant in the above referenced case in which inmate Juken Gordon, Reg. No. 05373-088, alleges that I, along with other staff, were involved in an inappropriate use of force against him, in which he was injured.

2.    On September 9, 2000, I responded to a call for assistance to the Lieutenant's Office. When I arrived, I found staff struggling to restrain an inmate who was on the floor.  I assisted other responding staff.   The inmate was kicking and attempting to resist staff efforts to apply restraints.  I assisted in attempted to hold the inmate still & in applying restraints.  The force utilized on inmate Gordon was appropriate & the minimum amount of force required to regain control of the situation and prevent inmate Gordon from harming staff.   When the inmate was restrained, he was removed from the Lieutenant's Office and carried to the Special Housing Unit where he was placed in ambulatory restraints.  I assisted in carrying the inmate to SHU.

I hereby state under penalty of perjury pursuant to the provisions of U.S.C. § 1746 that the above is true and correct to the best of my knowledge and belief.

_/s/ J. A. Candelora_

J. Candelora, Senior Officer Specialist
USP Lewisburg

_May 17, 01_
Date

# EXHIBIT - 6

GOVERNMENT
EXHIBIT
6

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

Juken Washington Gordon,                )
    Plaintiff                              )        1:CV-01-0331
                                        )
v.                                      )
                                        )
N. Gonzalez, etal                       )
    Defendant                             )
                                        )

## DECLARATION OF B. SHUMAN

I, B. Shuman, hereby state:

1.    I am currently employed by the Bureau of Prisons as a Senior Officer Specialist at the United States Penitentiary (USP) at Lewisburg, Pennsylvania.  I understand that I have been named as a defendant in the above referenced case in which inmate Juken Gordon, Reg. No. 05373-088, alleges that I, along with other staff, were involved in an inappropriate use of force against him, in which he was injured.

2.    On September 9, 2000, I responded to a call for assistance to the Lieutenant's Office. When I arrived, I found staff struggling to restrain an inmate who was on the floor.  I assisted other responding staff.   The inmate was kicking and attempting to resist staff efforts to apply restraints.  I assisted in attempted to hold the inmate still & in applying restraints.  The force utilized on inmate Gordon was appropriate & the minimum amount of force required to regain control of the situation and prevent inmate Gordon from harming staff.   When the inmate was restrained, he was removed from the Lieutenant's Office and carried to the Special Housing Unit where he was placed in ambulatory restraints.  I assisted in carrying the inmate to SHU.

I hereby state under penalty of perjury pursuant to the provisions of U.S.C. § 1746 that the above is true and correct to the best of my knowledge and belief.


_____                    _____
B. Shuman, Senior Officer Specialist                 MAY 17, 2001
USP Lewisburg                                        Date

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,      :
         **Plaintiff**      :
                :      Civil No. 1:CV-01-0331
        **v.**      :
                :      (Judge Rambo)
N. GONZALEZ, et al.,      :
         **Defendants**      :

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 15th day of June, 2001, she served a copy of the attached

### EXHIBITS TO BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

Juken Washington Gordon
Reg. No. 05373-088
USP Allenwod
P.O. Box 3000
White Deer, PA 17887


ANITA L. LIGHTNER
Paralegal Specialist