IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUKEN WASHINGTON GORDON,** | CIVIL ACTION NO. 1:CV-01-0331 |
| Plaintiff | |
| v. | |
| N. GONZALEZ, et al., | (Judge Rambo) |
| Defendants | |

FILED
HARRISBURG, PA
JUN 2 8 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## MEMORANDUM AND ORDER

Juken Washington Gordon, an inmate currently incarcerated at the Allenwood United States Penitentiary at White Deer, Pennsylvania, filed a Bivens[1] complaint on February 22, 2001 against Bureau of Prisons (BOP) employees at the United States Penitentiary at Lewisburg, Pennsylvania. Currently pending before this Court is: (1) plaintiff's motion for production of evidence or "to stop the defendants" from destroying a surveillance tape (Doc. 8); (2) defendants' motion for protective order (Doc. 13); (3) plaintiff's motion for appointment of counsel (Doc. 17); and (4) a motion by plaintiff seeking an enlargement of time to respond to defendants' motion to dismiss or for summary judgment (Doc. 26).

For the reasons that follow, plaintiff's motion for production of evidence will be deemed withdrawn. Plaintiff's motion of appointment for counsel will be denied. Defendants' motion for protective order will be granted, as will plaintiff's motion for enlargement of time.

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

**Discovery**

Plaintiff filed a motion for production of evidence or to stop the destruction of evidence on April 17, 2001. Pursuant to Local Rule 7.5, plaintiff had ten days to file a brief in support of his motion. Because Gordon failed to file a supporting brief, it will be deemed to be withdrawn pursuant to Local Rule 7.5.

On May 8, 2001, defendants filed a motion for protective order with supporting brief. Plaintiff did not file an opposing brief. Defendants have filed a motion for dismissal and/or summary judgment. When a dispositive motion is pending, discovery can be stayed until the motion is resolved. Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689 (1932); United Presbyterian Church in the U.S.A. v. Reagan, 738 F.2d 1375, 1382-83 (D.C. Cir. 1984). The purpose is to avoid discovery, and its attendant burdens, until it has been established that the plaintiff has a viable cause of action. The motion for protective order will be granted and discovery will be stayed until thirty days after the Court resolves the dispositive motion.

**Counsel**

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the Court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

2

Plaintiff's motion fails to set forth sufficient special circumstances or factors that would warrant appointment of counsel. Tabron, supra, at 155-56. In the pleadings submitted by plaintiff to date, he has demonstrated that he is capable of presenting comprehensible arguments. Furthermore, this Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with plaintiff's apparent ability to litigate this action pro se, mitigate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, and the court can not say, at least at this point, that Gordon will suffer substantial prejudice if he is forced to prosecute this case on his own.

Therefore, Gordon's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by plaintiff.

Lastly, plaintiff has requested an enlargement of time to respond to defendants' motion to dismiss and/or summary judgment. Plaintiff's motion will be granted and he will have an additional fifteen days from the date of this order to file his opposing brief.

**AND NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's motion for production of evidence (Doc. 8) is **DEEMED WITHDRAWN**.

2. Defendants' motion for protective order (Doc. 13) is **GRANTED**. Discovery is stayed until thirty (30) days after this Court resolves the dispositive motion (Doc. 19).

3. Plaintiff's motion for appointment of counsel is **DENIED** (Doc. 17). In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the plaintiff.

4.  Plaintiff's motion for enlargement of time (Doc. 26) is **GRANTED**. Plaintiff is granted an enlargement of time of fifteen (15) days from the date of this order in which to file his opposing brief.

/s/ Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: June 28, 2001.

```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA

                  * * MAILING CERTIFICATE OF CLERK * *

                           June 28, 2001


Re:  1:01-cv-00331    Gordon v. Gonzalez



True and correct copies of the attached were mailed by the clerk
to the following:


     Juken Washington Gordon
     USP-ALLENWOOD
     Maximum Security Correct. Inst.
     05373-088
     P.O. Box 3000
     White Deer, PA  17887

     Anne K. Fiorenza, Esq.
     Assistant U.S. Attorney
     U.S. Attorney's Office
     228 Walnut Street
     Suite 217
     Harrisburg, PA  17108
```

```
cc:
Judge                         (X )         (X ) Pro Se Law Clerk
Magistrate Judge              (  )         (  ) INS
U.S. Marshal                  (  )         (  ) Jury Clerk
Probation                     (  )
U.S. Attorney                 (  )
Atty. for Deft.               (  )
Defendant                     (  )
Warden                        (  )
Bureau of Prisons             (  )
Ct Reporter                   (  )
Ctroom Deputy                 (  )
Orig-Security                 (  )
Federal Public Defender       (  )
Summons Issued                (  )  with N/C attached to complt. and served by:
                                    U.S. Marshal (  )    Pltf's Attorney (  )
Standard Order 93-5           (  )
Order to Show Cause           (  )  with Petition attached & mailed certified mail
                                    to: US Atty Gen (  )   PA Atty Gen (  )
                                        DA of County (  )  Respondents (  )
Bankruptcy Court              (  )
Other_____  (  )
                                                     MARY E. D'ANDREA, Clerk
```

DATE: June 28th, 2001                                    BY: _____
                                                                                                             Deputy Clerk