ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,
    Plaintiff

Vs.,

CIVIL NO. 1:CV-01-0331

(Judge Rambo)

N. GONZALEZ, el al.,
    Defendants

FILED
HARRISBURG, PA

JUN 2 9 2001

MARY E. D'ANDREA, CL[ERK]
Deputy Clerk

### PLAINTIFF'S MOTION OPPOSING TO THE DEFENDANTS MOTION TO DISMISS OR IN THE ALTERNATIVE SUMMARY JUDGMENT.

**COMES NOW,** Juken Washington Gordon (Plaintiff's) proceeding pro-se and states for the record that he is a lay individual without formal training, now prusuant to constitution law and order, plaintiff continues to move this Honorable Court, and respectfully request this court to contrue this litigation liberal pursuant to **Haines v. Kerner**, 404 U.S. 519 (1972).

For plaintiff's to survive a motion to dismiss challege, the complaint must state a prima facie case that avers sufficient facts, that if proven, would entitle plaintiff to relief.

The Court is required to review the alleged facts in plaintiff complaint "in light most favorable", to the claimant (Plaintiff) and only dismiss the action if it appears inconceivable that Plaintiff could produce reliable evidence justifying relief under any legal theory. Also the court's recognizes that "Summary Judgment" is a drastic remedy and must be exercised with extreme care to

provent taking genuine issues of fact away from juries. See **Evans v. Hennessy, 934 F. Supp. 127 (D. Del. 1996).** Plaintiff's survive "Summary Judgment" when his Eighth Amendment Right were violated.

## STATEMENT OF FACTS.

Plaintiff was incarcerated at USP Lewisburg since february 4, 1999. On September 9, 2000 Plaintiff leave his unit (J. Black) going to the mess hall, upon arrival at the mess hall door Plaintiff saw Lt. Gonzalez and officer Puckey. Plaintiff then asked Lt. Gonzalez if I could go in the mess hall to get something to eat, to which he stated no. Plaintiff then turn to officer puckey and ask the same question? to which both officers stated no "Fuck you Nigga".

Plaintiff then look inside the mess hall to see if line was close, lines was still open and about 25 to 30 inmates standing in line waiting to be served food.

Plaintiff then turn and walk towards an open iron grill gate, plaintiff notice a spanish inmate walk pass plaintiff going towards mess hall, Plaintiff stop and look behind in the direction where the spanish inmate was heading, the spanish went to Lt. Gonzalez and said something to Lt. Gonzalez, the spanish inmate went into the mess hall, Plaintiff asked Lt. Gonzalez why plaintiff was denied from go into the mess hall to eat, because plaintiff asked you to allowed plaintiff to go get something to eat.

Lt. Gonzalez and officer Puckey again stated "Fuck you Nigga" you think you some tuff ass "Nigga".

Lt. Gonzalez ordered officer Puckey to take plaintiff to Lts. office, while inside the Lts. office, officer Puckey "Leg Sweep" plaintiff to the floor and Lt. Gonzalez and officer Puckey started kicking and punching plaintiff, while plaintiff was on the floor,

When plaintiff was unable to get up one the called for back-up B. Shuman, J.A. Candelora, G. Shuck, and other unknown officers ran into Lts. office and jump on plaintiff back while he was on the floor, which cause damages to plaintiff back, plaintiff suffering this pain. Plaintiff was then lift out of the Lts. office, holding him in air and carried to SHU and placed into a dehumanize "Dry Cell" for 4 to 5 hours without toilet or water".

Plaintiff was there for about 45 minutes to an hour before P.A. Peoria visit plaintiff. Plaintiff inform P.A. Peoria that Plaintiff was feeling pain in his back, neck, and head from the physical assault in the Lts. office P.A. Peoria refused to provide pain medication for plaintiff. Plaintiff was left to suffered his pain for two (2) days without no "Medical Care". P.A. Peoria had full knowledge that plaintiff had been physical assault by (BOP Officials) P.A. Peoria provide no pain medication, after plaintiff repeated cop-out request.

Plaintiff only received pain medication after two (2) days from P.A. (Factora) in SHU on september 12, 2000. Plaintiff suffering from back pain, arrived directly from "Leg Sweep" and "Officers jump on plaintiff back in Lts. Office". P.A. Peoria medical report clearly state, plaintiff informed P.A. Peoria of back pain, neck pain, and head pain on the same day of september 9, 2000.

Plaintiff was subsequently transfer by D.H.O. after a hearing. The D.H.O. dismiss two of the charges against plaintiff, finding that plaintiff did not "Threatening other with harm" or "Refusing an Order", but then find plaintiff of "Attempt Assault". Plaintiff asked D.H.O. to review the "Survalance Video Tape", at plaintiff D.H.O. hearing but the D.H.O. refused to review the tape.

3.

Furthermore plaintiff did not waive any right provide by (BOP) of not wanted a staff member persent at D.H.O. hearing. Plaintiff's did not signed any documents to waived those rights, protected by by (BOP) own policy to have at least a staff member present at the D.H.O. hearing.

The D.H.O. refused to review the tape at plaintiff's request at D.H.O. hearing.

Plaintiff arrived at USP Allenwood on November 8, 2000. On december 19, 2000, plaintiff was placed on institution call-out to see (Dr. Reish) who was present with an "Audio Tape Recorded" at the meeting and examination interview, Dr. Reish informed plaintiff of the tape, stating that he was using it for the interview to record statement given by plaintiff. Dr. reish stated it is for later evidence if necessary.

Dr. Reish also presented two (2) "X-Ray Flims" of plaintiff back x-ray, taking about two weeks after the physical assault. The audio tape was use to record plaintiff interview. Plaintiff specifically told Dr. Reish that the physical assault at USP Lewisburg cause the damages to plaintiff back. Plaintiff also specifically told Dr. Reish that while plaintiff was incarcerated at USP Lewisburg "Police Officers" took plaintiff into the Lts. office and my legs was sweep away out from under plaintiff and (BOP Officers) jump on my back, which cause this back pain.

Plaintiff also informed Dr. Reish that prior to september 9, 2000 plaintiff felt no pain in his back. Plaintiff injuries cause directly form physical assault by BOP officers at USP Lewisburg.

Dr. Reish review plaintiff back x-ray and recommended double

mattress and lower bunk for plaintiff and told plaintiff to continued taking pain medication, then the ordered of back brace for plaintiff at USP Allenwood, for support.

## Question Presented.

1. Was Plaintiff Constitutional Eighth Amendment Rights Were Violated When Officer Puckey "Leg Sweep" Plaintiff, And Lt. Gonzelez And Puckey Kicks And Punches And B. Shuman, J.A. Candelora, G. Shuck, Jump On Plaintiff Back, Rise Level Of Violations, Of Cruel And Unusual Punishment?

2. Was Plaintiff Constitutional Eighth Amendment Rights Were Violated When The Defendants Placed Plaintiff In Dehumanize "Dry Cell" In Ambulatory Restrains For 4 To 5 Hours Rise level Of Violations Of Cruel And Unusual Punishment?

3. Was Plaintiff Constitutional Eighth Amendment Rights Were Violated When P.A. Peoria Potentrial Delay Of Or Denial In Access To Medical Care, Rise Of Violation To Deliberate Indifference To Plaintiff Medical Needs?

4. Should Plaintiff Tort Action Dismiss Because He Did Not Submit Tort Claim Evidence For The Court Review Plaintiff Filed Tort Action With Northeast Regional Office In Philadelphia, Claim No. TRT-NER-2001-04499?

5. Was Plaintiff Constitutional First Amendment Rights Were Violated Of Free Speech, By Lt. Gonzalez And Officer Puckey When Plaintiff Asked Why He Was Deneid From go into The Mess Hall To Eat, Plaintiff Plaintiff Was Taking To Lts. Office And Physical Assault. Rise Level Of Violation, Of Free Speech?

6. Whether Summary Judgment For The Plaintiff Should Be Granted, Or Survive Because Plaintiff Present Genuine Issues Of Material Facts Exists For Trial?

Arguments.

1. Plaintiff's Use Of Physical Force Claim Does Rise To The Level Of A constitutional Violation Of Eighth Amendment Of Cruel And Unusual Punishment.

The United States Supreme Court has held that whenever prison officials are accused of using excessive force in violation of an inmate's Eighth Amendment rights, the core judicial inquiry is "Whether the force was applied in a good-faith effort to maintian or restore discipline, or maliciously and sadistically to cause harm". Hudson v. McMillian, 503 U.S. 1, 6-7, S.Ct. 995, 117 L.Ed.2d 156 (1992) citing Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078 L.Ed.2d 251 (1986). The Supreme Court has further held that use of excessive physical force against inmate may constitute an Eighth Amendment violation even though the inmate does not suffer serious injury. McMillian, 503 U.S. at 4, 112 S.Ct. at 997.

The Eighth Amendment of the United States Constitution prohibits excessive bail, excessive fines and "cruel and unusual punishment". U.S. Const. Amend. VIII. The Eighth Amendment's prohibition on "cruel and unusual punishment" has been interpeated to prohibit any punishment which violates civilized standards and the concepts of humanity and decency.

Estelle v. Gamble, 429 U.S. 97, 102-03, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). See Also McGrath v. Johnson, 67 F. Supp. 499 (E.D.Pa 1999).

The physical force at issue because planitiff suffered injuries as a result of physical excessive force. Furthermore the force was use in retaliation because plaintiff asked why he was denied form

going into mess hall to eat. Clearly Lt. Gonzalez and Officer Puckey deprivation of basic human need such as "Food". Futher the force was more then de minimis, while <u>leg sweep</u> was use to cause damages to plaintiff back, Plaintiff was on the floor and Lt. Gonzalez and officer Puckey started kick and punch plaintiff, then called for back-up and B. Shuman J.A. Candelora G. Shuck and other unknown officers jump on plaintiff back. <u>Leg Sweep</u> by 6ft 5" tall 260 pound officer Puckey intentionally maliciously and sadistically use of excessive physical force.

The government's attorney is misrepresenting the fact's and failed to present argument about the facts " In light most favorable" to plaintiff required by law, in every single instance that it applies in his brief.

As it is clear from officer Puckey incident report that he applied restrain on plaintiff, that was before back-up called and plaintiff was on the floor in restrain when officers ran into the Lts. Office and jump on plaintiff back cause futher injuries to plaintiff back.

Plaintiff was then lift out of the Lts. office and taking to SHU and Placed in "dehumanize cell condition for 4 to 5 hours without tiolet or water". Plaintiff was seen by P.A. Peoria and Plaintiff informed P.A. Peoria of "back pain, neck pain, head pain, cause directly from this incident by (BOP) officials, P.A. Peoria provide no pain reléif for plaintiff. In an attempt to potentrial delay of or denial of medical care.

Plaintiff was in pain for two (2) days without any attention after plaintiff repeated cop-out request for medical attention,

7-

Plaintiff did not received medical treatment for his pain an till september 12, 2000, when P.A. (Factora) came to SHU unit. Plaintiff was subject to cruel and unusual punishment, which violates the Eighth Amendment to be free from cruel and unusual punishment

Only those deprivation that deny the minimal civilize measure of life's necessities are sufficiently grave to form the basis of Eighth Amendment violation. **Hudson v. McMillian**, 503 U.S. 1, 8-9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) **Wilson v. Seiter**, 501 U.S. 249, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

A prison official may be held liable for violating a prisoner's Eighth Amendment Rights against cruel and unusual punishment.

Clearly the government's attorney is misrepresenting the fact's about plaintiff injuries, about plaintiff cannot relate to the episode that cause his injuries.

Plaintiff specifically told (Dr. Reish) about the incident of september 9, 2000 at Lewisburg that Police officers in Lewisburg Leg Sweep plaintiff and BOP officers jump on my back, from which I suffered pain to my back. X-Ray also confirmed this statement to be true that Dr. Reish presented at the december 19,2000 meeting and interview

Plaintiff prove subjective and objective component necessary to prevail an excessive use of physical force claim, as set in more detail obove, Eighth Amendment violation of cruel and unusual punishment.

**Plaintiff is hereby respectfully submiting and/or produce evidence of expert see [Dr. Pfeffer] exhibit (1) is attached hereto two page, dated July 31, 1998 contradict [Dr. Reish] examination.**

2.  **Plaintiff Constitutional Eighth Amendment Rights Were Violated When The Defendants Placed Plaintiff In De-Humanize "Dry Cell" In Ambulatory Restrains For 4 to 5 Hours Rise Level of Violations Cruel And Unusual Punishment.**

What is necessary for plaintiff to establish an unnecessary and "Wanton" infliction of pain.

Clearly Plaintiff have been Physical assault by (BOP Officials) in Lts. office, and was seen by P.A. Peoria working with BOP who provide no medical care for plaintiff, after the physical assault plaintiff informed P.A. Peoria of his pain, P.A. Peoria provide no medical care, and plaintiff was left to suffered from pain.

The appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited "deliberate indifference". See **Estelle v. Gamble**, 429 U.S. 97, 104 50 L.Ed.2d 251 97, S.Ct. 285 (1986).

This standard is appropriate because the government responsibilty to provide inmates with medical care does not conflict with compeling administrative concerns. **Hetzel v. Swartz**, 909 F.Supp. (M.D.Pa. 1995). Whitley Supra, at 320, 89 L.Ed.2d 251, 106 S.Ct. 1078. **Parham v. Johnson**, 126 F.3d (3rd Cir. 1997). **Estelle** 429 U.S. at 102, 97 S.Ct. at 290 (quoting) **Jackson v. Bishop**, 404 F.2d 571, 579 (8th Cir. 1968). The Court observed that punishments which are incompatible with society's evolving of decency or which involve the unnecessary and wanton infliction of pain violate the Eighth Amendment. **Estelle, at 102-03 97, S.Ct. at 290.** In the worst cases a failure to give adquate medical care may produce physical torture or a lingering death which clearly constitutes violations of the Eighth Amendment. Id.

9.

In less serious cases a denial of medical care may result in pain and suffering which the court concluded by holding that deliberate indifference to serious medical needs of prisoners constituted the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. **Id. at 104, 97 S.Ct. at 291.**

Mindful of the historical context of Eighth Amendment cruel and unusual punishment jurisprudence.

Here in this case given the fact that plaintiff have been physical assault by (BOP Officials) in Lts. Office and then was taking to a "dehumanize dry cell condition" and about 45 minutes to an hour later was seen by P.A. Peoria, plaintiff informed P.A. Peoria of the pain he felt in his back, neck, and head P.A. Peoria provide no medical relief for plaintiff pains and discomfort. Clearly by this action of P.A. Peoria not providing pain relief was deliberate indifference to plaintiff medical needs. Violation of the Eighth Amendment Rights, and plaintiff was subject to cruel and unusual punishment.

The court relied on these principles in establishing a constitutional obligation for the government to provide prisoners medical care.

Furthermore the government attorney misrepresenting the fact about plaintiff was disruptive in main corrior. this court will note from survalance video tape that this allegation is misrepresenting. Plaintiff was not disruptive in main corridor or Lts. office, plaintiff was subject to violation of due process, and imposition of an atpical and significant hardship at USP Lewisburg in september 9, 2000.

The government's attorney failed to present argument about the facts "in light most favorable" to plaintiff required by law, in every

10.

single instance that it applies in his brief. Clearly P.A. Peoria potentrial delay of or denial to medical care was in violation of the Eighth Amendment Righth, and plaintiff suffered cruel and unusual punishment, protected by U.S. Const.

3. **Plaintiff Constitutional Eighth Amendment Rights Were Violated, When P.A. Peoria Refused To Give pain Medication For Two (2) Days, After Physical Assault By BOP Officials Rise Level Of Violation, Cruel And Unusual Punishment.**

Plaintiff Can show Eighth Amendment Violation by BOP employee P.A. Peoria's actions plaintiff was assault by (BOP Officials) and was seen by P.A. Peoria, plaintiff informed PA. Peoria of his injuries and refused to give pain medication and/or relief to plaintiff pain.

Plaintiff medical need was serious because he was physical assault by Lt. Gonzalez and officer Puckey in the Lts. office and surfered injuries to his back as a result of physical assault by BOP officials.

The Eighth Amendment prohibits the imposition of unnecessary and wanton infliction of pain contrary to contemporary standard of decency. See **Helling v. McKinney**, 509 U.S. 25,32, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). In **Estelle v Gamble**, 429 U.S. 97, 97 S.Ct. 285 50 L.Ed.2d 251 (1976), The Supreme Court held that the Eighth Amendment's Prohibition against cruel and unusual punishment requierd prison officials to provide basic medical treatment to those whom it has incarcerated.

Clearly Plaintiff was in pain and P.A. Peoria had knowledge of plaintiff been physical assault by BOP officials. Plaintiff was subject to cruel and unusual punishment, at USP Lewisburg.

11.

Potentrial delay of or denial by BOP employee P.A. Peoria two (2) days without medical attention for back pain which will lead to serious and permanent injuries, if do not receiced the necessary medical care. Furthermore plaintiff did not received an "x-ray and till about two (2) weeks after the incident of physical assault by BOP officials. **Rouse v. Plantier, 182 F.3d 192 (3rd Cir 1999).**

P.A. Peoria was deliberate indifference, to plaintiff injuries which like in this case P.A. Peoria actions was recklessness to plaintiff medical needs. Clearly P.A. Peoria was informed of plaintiff injuries.

The government's attorney misrepresenting the facts about plaintiff back evidence, and tenderness, plaintiff could baily turn his neck and x-ray clearly shows that plaintiff suffered injuries to his back cause By BOP officials at lewisburg. Plaintiff expert evidence clearly support his allegations. see expert evidence by (Dr. Pfeffer) dated way back from july 31, 1998 (MRI X-Ray).

The government's attorney failed to present argument about the facts "in light most favorable" to plaintiff required by law, in every single instance that it applies in his brief.

4. **Plaintiff Tort Action Should Not Dismiss Plaintiff Filed Tort Claim's With Northeast Regional Office In Phliadelphia Administrative Tort Claim Dated February 18, 2001 Claim No. TRT-NER-2001-04499 Under Provisions Of FTCA 28 U.S.C. 2675.**

Plaintiff repeats all facts set forth above as if those facts were set forth here. Plaintiff (Juken Washington Gordon Presented claims seeking monetary gamages from the United States in an administrative tort claim dated february 18, 2001. Claim No. TRT-NER-2001-04499 by filing it with the U.S. Dept. of Justice Federal Bur-

reau of Prisons, Northeast Regional Office. Thereafter on march 9, 2001 I was told six months to consider and adjudicate claims.

The United States of America has waive it soverign immunity and allowed to be sue under **28 U.S.C § 2401 et seq.,** for violations of constitutional rights of any persons by their employees of the BOP while acting under color of federal laws to the extent any of the individual defendants are deemed to have been acting within the course and scope of their employment duty with the United States and to the extent they committed constitutional and/or common law tort violations, see **28 U.S.C. § 1346, 2671-2680 et seq., FTCA.**

Plaintiff herein is entitled to compensatory damages under Federal tort claim act for violation of Physical damages to his person denial or delay in access to medical care denial of "Food" and discriminotory action, stemming from (Defendants) Lt. Gonzalez, S. Puckey, B. Shuman, J.A. Candelora, G. Shuck, and P.A. Peoria.

Physical assault denial of "Food" denial or delay medical care and placed in dehumanize "Dry Cell" without water ot liolet for 4 to 5 hours violation was unwarranted by BOP regulations which created a liberty interest for plaintiff to remain free from cruel and unusual punishment **U.S.C.A. Const. Amend. 5; 28 C.F.R.§ 541.22; 28 U.S.C. § 1346(b). 1402(b), 2671-2680 et seq.,).**

Plaintiff avers that the defendants negligence is a direct result of plaintiff injuries. BOP has a duty to provide plaintiff with a safe envornment and appropriate medical care. BOP failed to met that duty. Plaintiff shows that he is entitled to recover damages cause BOP, negligence to provide safe environment and appropriate medical care. Furthermore plaintiff can recover for injury

regardless of whether there exists preexisting physical or mental condition as long as plaintiff can show that malpractice was substantial factor in brining about aggravative of condition. Here in this case plaintiff clearly shows that his injuries is not preexisting injury, by expert evidence from (Dr. Pfeffer) to support plaintiff claims (Exhibit 1.)

The legal duty of the United States Bureau of Prisons, has a duty to provide adquate medical care for Plaintiff. cf. **Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In McCandless v. McWha, 22 Pa. 261 (1883),** The Supreme Court of Pennsylvania stated that the duty of a physician to a patient is"... not to cure ... but to treat the case with dilligence and skill". Id. at 267.

The Bureau of Prisons owed plaintiff that duty to provide adquate medical care. Also State of Pennsylvania recognizes a physician has a duty to preform adquate and complete tests in order to secure a sufficient factual basis upon which to support diagnosis or judgment. Here in this case P.A. Peoria failed to preform test Two (2) weeks after physical assault by BOP officials before plaintiff was able to had an "x-ray" done in same institution, clearly negligent on the part of P.A. Peoria and BOP at lewisburg.

The United States is subject to tort liability where act or omission occurred. **28 § U.S.C. 2674 and 28 U.S.C. § 1346(b).**

The government's attorney failed to present argument about the facts "in light most favorable" to plaintiff required by law, in every single instance that it applies in his brief.

14.

5.  **Plaintif Respectfully Request That Summary Judgment For The Defendants Should Denied Because Plaintif Present Genuine Issues Of Material Facts Exists For Trial, Rise Level Of Constitutional Violation**

For plaintiff to privail an a motion for summary judgment, the moving party must establish "there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law". FED. R. CIV. P. 56(c).

The present task, therefore, is to determine whether disputed issues of fact exists. District Court, however, may not resolve factual disputes in a motion for summary judgment. <u>Anderson v. Liberty Bobby Inc</u>, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2510-11,91 L.Ed.2d 202 (1986) see also <u>Desvi Inc v. Continental Ins. Co.</u>, 968 F.2d 307, 308 (3rd Cir. 1992) ("threshold inquiry is whether there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party") (citation omitted.("Summary Judgment is inappropriate when a conflict of a material fact is present in the record"); <u>Nathanson v. Medical College Of Pennsylvania</u>, 926 F.2d 1368, 1380 (3rd Cir. 1991).

Under Rule 12(b), the district court is required to give the parties a reasonable opportunity to present all material made pertinent to such a motion by rule 56. Notice that the district court intended to conduct a hearing on the of state action provided notice to the parties that all pertinent evidence should be persented at that time. Thus, the parties should give a reasonble oppertunity to present all relevant evidence.

Plaintiff allegations must be taken as true and when assertion confilct with those of the defendants, the former must receive the

15.

benefit of the doubt. **Goodman v. Mead Johnson & Co.**, 534 F.2d 566, 573 (3rd Cir. 1976) cert denied, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). To treat these proceedings as a motion for summary judgment, the court can simply assume all of plaintiff allegations to be true and the evidence accordingly.

Plaintiff claim regarding Physical assult rise to the level of constitutional violation of Eighth Amendment violations cruel and unusual punishment, Plaintiff claim regarding denial of "Food" and "Discrimination" of equal protection, rise to the level of constitutional violation and federal law.

Plaintiff claim regarding Potentrial delay of or denial of medical care to plaintiff rise the level of constitutional violation of Eighth Amendment claim of cruel and unusual punishment, also Placement in ambulatory restraints in dehumanize "dry cell" condition without water or tiolet for 4 atou 5s hours hour rise the level of constitutional violation.

## CONCLUSION.

WHEREFORE, for reason stated herein Plaintiff's (Juken Washington Gordon) create sufficient disagreement to require submission of evidence to jury. The defendants motion to dismiss or in the alternative summary judgment should denied. Plaintiff pray this honorable Court to grant his motion, because plaintiff present genuine issues of material facts for trial.

Respectfully Submitted

By  *Juken Gordon*
Juken Washington Gordon
Pro-se. Reg No. )5373-088
USP Allenwood
Post Office Box 3000
White Deer, PA. 17887.

CC:Filed J.W.Gordon
Clerk, M.D.C. Pa.

16.

## CERTIFICATE OF SERVICE

I, Juken Washington Gordon Hereby being duly sworn Pursuant to U.S.C. § 1746 and according to law, hereby depose and say:

1. I am a prisoner at USP Allenwood, White Deer, Pennsylvania.

2. On the 27th day of June 2001, I placed two (2) copies of the Pleading(s) in an envelope addressed to the following party/parties: Clerk's Office United States District Court 228 Walnut Street P.O. Box 983 Harrisburg, Pennsylvania 17108. And Martin C. Carlson U.S. Attorney 228 Walnut Street, 2nd Floor Harrisburg, Pennsylvania 17108.

3. I then affixed sufficient postage to cover first-class U.S. Mail delivery, and then give the package to prison officials at USP Allenwood to placed in Legal Mail Box sent to the parties addressed stated herein obvoe.

Sign under the penalty and pain of perjury on this 27th day of June 2001.

ss/ [signature]
Pro-se Reg No. 05373-088
USP Allenwood
Post Office Box 3000
White Deer, PA. 17887.

J.W.Gordon
Clerk, M.D.C. Pa.