**ORIGINAL**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


32
7/2/01
SC

JUKEN WASHINGTON GORDON,
   Plaintiff

Vs.,

N. GONZALEZ, el al.,
   Defendants

: CIVIL NO. 1:CV-01-0331
: (Judge Rambo)

FILED
HARRISBURG, PA

JUN 2 9 2001

Exhibits To Brief In Support Of Plaintiff's Motion
Opposing To The Defendants Motion To Dismiss Or In
The Alternative Summary Judgment.

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

Respectfully Submitted

By _____
Juken Washington Gordon
Pro-se. Reg No. 05373-088
USP Allenwood
Post Office Box 3000
White Deer, PA. 17887.

Dated June 27th 2001

## Table Of Exhibits.

Sondra J. Pfeffer M.D. Diplomate In Radiology ............. Exhibit (1)

Harrell Watts, Administrative National Inmate Appeals......Exhibit(2)

David M. Rardin Regional Director Inmates Appeals..........Exhibit(3)

D. Emory D.H.O. Report ....................................Exhibit(4)

Whitecavage Unite Counselor Notice Alleged Violation.......Exhibit(5)

Juken Washington Gordon Tort Claim For Damages.............Exhibit(6)

**EMPIRE STAT MED REVIEW, P.C.**

19 West 34th Street, Suite 423, New York, NY 10001-8199
(212) 947-6767 • (516) 933-8831 • (914) 332-4288
Offices: Manhattan, Queens, Brooklyn, Staten Island, Nassau, Suffolk, Westchester, Rockland, Dutchess, Orange & Sullivan Counties

1451 West Cypress Creek Road, Ft. Lauderdale, FL 33309 • (954) 928-2884

SPECIALTIES
▲ Orthopedics ▲ Neurology ▲ Chiropractic ▲ Dentistry ▲ General Surgery ▲ Hematology ▲ Industrial Medicine ▲ Internal Medicine
▲ Oncology ▲ Radiology ▲ Otolaryngology ▲ Ophthalmology ▲ Plastic Reconstructive Surgery ▲ Cardiology ▲ Psychiatry
▲ Rehabilitation & Physical Medicine ▲ Pulmonology ▲ Urology ▲ Dermatology ▲ Vascular Surgery

July 31, 1998

GEICO
P.O. Box 177
Woodbury, NY  11797

Attn:   Bob Winthrop

```
                              RE :   Guken Gordon
                              D/A:   2/17/97
                              F/N:   009664340 0101 012
                              INS:   David Hanuman
                              REF:   140341
```

Dear Mr. Winthrop:

At your request, I have reviewed the cervical and lumbar MRI studies performed on the above-named person.

Both examinations were conducted by Omega Diagnostic Imaging, Brooklyn, New York.

## I: CERVICAL MRI:

Examination date is 3/4/97, 2 weeks following trauma.

Imaging sequences performed include T1 sagittal, T2 gradient sagittal, and T1 axial.

Normal cervical lordosis is maintained. No fractures, malalignments, or contusions of the cervical vertebrae are noted.

There are no cervical disc herniations or pathologic disc bulges.

Exhibit (1)

RE: Guken Gordon
July 31, 1998
Page 2                                                              Dr. Pfeffer


The cervical spinal cord is of normal diameter and signal intensity. There are no cord contusions or intrinsic cord lesions.

Normal facet joint alignment is maintained. There is no neuroforaminal or exiting cervical nerve root encroachment.

The paraspinal soft tissues are unremarkable.

## II: LUMBAR MRI:

Examination date is 3/20/97, just over 4 weeks following trauma.

Imaging sequences performed are T1 sagittal, T2 gradient sagittal, and T1 axial.

Normal lumbar lordosis is maintained. No fractures, subluxations, or contusions of the lumbar vertebrae are demonstrated.

There are no lumbar disc herniations or pathologic disc bulges.

A normal conus medullaris is visualized. There is no spinal stenosis or intraspinal neoplasm.

Normal facet joint alignment is maintained. There is no neuroforaminal or exiting lumbar nerve root encroachment.

The paraspinal soft tissues are intact.

SUMMARY: These are normal cervical and lumbar MRI examinations. No disc injuries are confirmed.

"I, Sondra J. Pfeffer, M.D., a physician authorized by law to practice in the state of New York, am not a party to the above entitled action, and hereby affirm that the foregoing statement is true, under the penalty of perjury.

Dated, thirty-first day of July, 1998."

Sincerely yours,

Sondra J. Pfeffer, M.D.
Diplomate in Radiology
SP/b


Exhibit (1)

**Administrative Remedy No. 223389-A3**
**Part B - Response**

You appeal the Discipline Hearing Officer's (DHO) decision of September 20, 2000, for the prohibited act of Attempted Minor Assault (Code 224A). You claim you were assaulted by staff and you did nothing wrong. You state all the evidence used was not disclosed to you and you believe the videotape of the incident will support your contention.

A thorough review of this disciplinary action reveals substantial compliance with Program Statement 5270.07, <u>Inmate Discipline and Special Housing Units</u>. The reporting staff documented that on September 9, 2000, you were resisting staff's attempts to restrain you. At one point, you pulled away and attempted to strike one staff member with a closed fist. You denied the charge when you appeared before the DHO and alleged the staff members jumped on you for no reason. The DHO examined the evidence and outlined why he found you responsible for the prohibited act. Specifically, the DHO gave greater weight to the statements from staff. You were provided adequate notice of the charge in section 11 of the incident report and you were not entitled to copies of the documentary evidence in advance of the hearing. Likewise the DHO did not consider any videotape evidence in making his decision, nor is there any indication you requested he review the videotape. We find no basis for your claim that your due process was violated. Instead, we find the required disciplinary procedures were substantially followed; the evidence supports the DHO's finding; and the sanctions are appropriate for the offense. Your allegations of staff misconduct have been forwarded to the appropriate office for review. Your appeal is denied.

_Feb. 20, 2001_
Date

_Harrell Watts_, Administrator
National Inmate Appeals

Exhibit (2)

GORDON, Juken
Reg. No. 05373-088
Appeal No. 223389-R1
Page One

## Part B - Response

You appeal the September 20, 2000 decision of the Discipline Hearing Officer (DHO) at USP Lewisburg, finding that you attempted to commit the prohibited act of Assault, Code 224A, Incident Report No. 814074. You contend staff assaulted you. You seek to have the disciplinary action expunged.

The record reveals the DHO determined you attempted to assault a staff member based upon the following. The reporting staff member stated that you were being escorted to the Lieutenants Office on September 9, 2000, when you were told to place you hands on the wall. You complied with the order then stated, "F-k you, you're not lockin' me up." The reporting staff member then documented that he directed you to place your hands behind your back, and as he attempted to hand cuff you, you pulled away and attempted to strike a Lieutenant with your fist. The reporting staff member stated that he leg swept you to the floor and applied hand cuffs as the Lieutenant called for assistance. You resisted the attempts of responding staff to control you by kicking at them until leg irons could be applied and you were carried to the Special Housing Unit. You told the DHO that you were not allowed to enter the dining room. When the officer let a Spanish inmate to go in, you asked about it and you were taken to the Lieutenants Office, where your legs were swept from under you while your hands were on the wall. You denied attempting to assault anyone or doing or saying anything. It was reasonable for the DHO to find that you attempted to assault a staff member.

You contend the DHO made no finding regarding your claim that the officer discriminated against you by letting a Spanish inmate into the dining room. Although you made the allegation that a Spanish inmate was allowed into the dining room and you were not, it was not necessary for the DHO to address it since it had no relevance to the incident that occurred in the Lieutenants Office.

The record in this case reflects substantial compliance with Program Statement 5270.07, Inmate Discipline. The decision of the DHO was based upon the greater weight of evidence and the sanctions imposed were consistent with the severity level of the

(Continued on Page Two)

Exhibit (3)

GORDON, Juken
Reg. No. 05373-088
Appeal No. 223389-R1
Page Two

prohibited act. The sanctions imposed, to wit: a disallowance of 27 days good conduct time, 30 days disciplinary segregation, a disciplinary transfer, and restrictions of your commissary and telephone privileges for 180 days each were within the maximum authorized for your offense and were not disproportionate to your misconduct. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: November 1, 2000

DAVID M. RARDIN
Regional Director

Exhibit (3)

# DISCIPLINE HEARING OFFICER REPORT
## U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

| INSTITUTION | USP, Lewisburg | INCIDENT REPORT NUMBER | | 814074 |
|---|---|---|---|---|
| INMATE NAME | GORDON, Juken | REG NO | 05373-088 | UNIT | 3 |
| DATE OF INCIDENT | 9-9-00 | DATE OF INCIDENT REPORT | | 9-9-00 |
| OFFENSE CODE(S) | 203, 224A, 307 | | | |
| SUMMARY OF CHARGES | Threatening; Attempted Assault; Refusing an Order | | | |

### I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) 9-9-00 at (time) 1755 (by staff member) T. Preisch

B. The DHO Hearing was held on (date) 9-20-00 at (time) 0945

C. The inmate was advised of his/her rights before the DHO by (staff member):
A. Whitecavage on (date) 9-12-00 and a copy of the advisement of rights form is attached.

### II. STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | Yes: | X | No: | |
|---|---|---|---|---|

B. Inmate requested staff representative and N/A appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: N/A

| D. Staff representative | N/A | was appointed. |
|---|---|---|

E. Staff representative statement:

N/A

### III. PRESENTATION OF EVIDENCE

| A. Inmate admits | | denies | X | the charge(s). |
|---|---|---|---|---|

B. Summary of inmate statement:

The inmate indicated he understood his rights and was ready to proceed with the hearing. He had no documents for the DHO to consider. The inmate testified the report is false. He went from his cell to the mess hall. He wanted to go inside, but the officer would not let him in. He then let some Spanish guy in. He asked Officer Puckey about it and he was taken to the Lieutenants' Office. He was told to place his hands on the wall and he complied. His feet were simply swept out from underneath him. He did nothing. He said nothing. He attempted to assault no one. The officers just jumped on him and started hurting him. The inmate made no complaints of procedural errors during the hearing.

C. Witness(es):

| 1. The inmate requested witness(es). | Yes: | | No: | X |
|---|---|---|---|---|

Page 1 of 3

| DISCIPLINE HEARING OFFICER REPORT | BP-S305.052 MAY 94 |
|---|---|
| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.)

N/A

3. The following persons requested were not called for the reason(s) given.

N/A

| 4. Unavailable witnesses were requested to submit written | Yes | | No | | N/A | X |

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Memoranda of Gonzalez, Shuman, Shuck and Candelora; Injury assessment form

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

IV. FINDINGS OF THE DHO

|   | A. The act was committed as charged. |   |
|---|---|---|
| X | B. The following act was committed: | 224A |
|   | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. |   |

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

The DHO finds Gordon guilty of the offense of Attempted Assault. This decision is based upon the eyewitness account of the reporting officer which indicates at 11:20 a.m. on 9-9-00, Lt. Gonzalez and the reporting officer were escorting Gordon into the Lieutenants' Office. Gordon was told to place his hands on the wall and he complied. Gordon then stated, "Fuck you. You're not lockin' me up". The reporting officer told Gordon to put his hands behind his back. As the reporting officer attempted to handcuff Gordon, he pulled away and attempted to strike Lt. Gonzalez with a closed fist. At this time, the reporting officer leg swept Gordon to the floor and applied handcuffs. Lt. Gonzalez called for assistance. Gordon continued stating, "Fuck you, bitch boy. You're nothing' but a cracker". Meanwhile, the inmate kept kicking at responding staff, trying to break free. Leg irons were applied by extra staff. Due to the inmate's aggressive and combative nature, Gordon had to be carried to the SHU holding cell. Also relied upon by the DHO are the numerous memoranda listed in the Documentary Evidence Section which support and corroborate the reporting officer's account of the incident. Memoranda of Messrs. Shuman and Gonzalez clearly indicate that the inmate attempted to assault staff. This is further corroborated by Officer Candelora who indicates the inmate was kicking and throwing his arms about. After reviewing the evidence in its entirety, the greater weight of the evidence supports the finding the inmate attempted to assault staff.

VI. SANCTION OR ACTION TAKEN

CODE: 224A

Disallowance of Good Conduct Time: 27 days
Disciplinary Segregation: 30 days
Disciplinary Transfer
Loss of Commissary Privilege: 180 days
Loss of Telephone Privilege: 180 days

| DISCIPLINE HEARING OFFICER REPORT | BP-S305.052 MAY 94 |
| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |

### VII. REASON FOR SANCTION OR ACTION TAKEN

The rationale for the sanctions imposed in this case is to punish the inmate for his misconduct which is viewed as having an adverse affect on the security and good order of the institution. I believe that stringent sanctions, to include the loss of privilege, are the only viable sanctions which are significant enough to curb the inmate's future misconduct. No other sanctions are seen to be effective enough to facilitate this task.

### VIII. APPEAL RIGHTS:
The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

| | Yes | | X | No | |

### IX. DISCIPLINE HEARING OFFICER

| Printed Name of DHO | Signature of DHO | Date |
|---|---|---|
| D. Emory, DHO | [signature] | 9-22-00 |

| Report delivered to inmate by: | DATE | TIME |
|---|---|---|
| M. Lnch [signature] | 9/26/00 | |

(This form may be replicated in WP)    Replaces BP-304(52) of JAN 88

BP-S293.052 **INMATE RIGHTS AT DISCIPLINE HEARING** CDFRM
MAY 94
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

Institution:

USP ~~~~

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Signed: _Jm cuffed_     Reg. No.: 05373-088     Date: 9-12-00
        Inmate Signature

Notice of rights given to inmate (Date/time): 9-12-00 1340

by: _A) Whitehouse/ g wiley_
    Staff Printed Name/Signature

(This form may be replicated via WP)                Replaces BP-293(52) of JAN 88.

Exh. 1 (E)

U.S. Department of Justice

Federal Bureau of Prisons

Notice of Discipline Hearing Before
the Discipline Hearing Officer (DHO)

_USP LEWISBURG_
Institution

DATE: _____

TO: __GORDON, JUKEN__ Reg. No.: __05373-088__

ALLEGED VIOLATION(S): __THREATENING ANOTHER WITH BODILY HARM. ATTEMPTED ASSAULTING ANY PER & REFUSING TO OBEY AN ORDER OF ANY STAFF MEMBER.__

DATE OF OFFENSE: __09-09-2000__   Code No.: __203, 224A + 307__

You are being referred to the DHO for the above charge(s).

The hearing will be held on: __ASAP__, at _____ (A.M./P.M.) at the following location:

_____

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) ____ (do not) __✓__ wish to have a staff representative.

If so, the staff representative's name is: __N/A__

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety. Names of witnesses you wish to call should be listed below. Briefly state to what each proposed witness would be able to testify.

I (do) ____ (do not) __✓__ wish to have witnesses.

NAME: _____, Can Testify to: _____

NAME: _____, Can Testify to: __N/A__

NAME: _____, Can Testify to: _____

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s). Repetitive witnesses and repetitive character references need not be called. Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form. Date, sign, and return this form to the DHO.

DATE: __9-12-00__   SIGNATURE: __Han Cuffed__

Notice of hearing before DHO given inmate __9-12-00 340__ by __Whitworth / Whitworth__
Date/Time   Employee Printed Name/Signature

USP LVN

BP-294(52)
JANUARY 1988

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008
EXPIRES 4-30-

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Regional Counsel federal bureau of prison, Northeast Regional Office Room 801 U.S. Customs House 7th Floor 2nd Chestnut St. Philadelphia, Pa 19106. | Juken Washington Gordon #05373-088 U.S.P.- Allenwood P.O. Box-3000 White Deer, PA. 17887 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☐ CIVILIAN | 1-21-68 | Married | 9-9-2000 | 11:20 A.M |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.) On september 9, 2000, at lewisburg U.S.P. Lt. Gonzalez and Office puckey refused to allow me to go eat in the inmate's messhall. Lt. Gonzalez and Office puckey discriminate against me by making clear distintion between me and the spanish inmate who they let in the inmate's messhall to eat. and both officers stated FUCK YOU NIGGA. Lt Gonzalez and Officer Puckey assault me in the Lt's. Office by kicking and punching me all over my body. Officer Messrs, Officer Shuman and others unknown officers ran into the Lt's. Office and jump on my back. They inflict pain to a human body. Lt. Gonzalez and Officer Puckey stated we are going to kill you Nigga. I was deprived of due process. I was discriminated against personal injury mental anguish emotion distress migrane headaches, liberty interest of medical ca and food.

**PROPERTY DAMAGE**

9. NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

10. BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.) I suffered personal injury mental anguish emotional distress as well as migrane headaches. Which imposed and a typical and significant change in my normal routine of prison life with pain.

**PERSONAL INJURY/WRONGFUL DEATH**

11. STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. I was subjected to suffered an atypical and significant change in the prison life during the two (2) months of wronful confinement and discrimination when the officers conspired with each others to deprived me of liberty interest. Medical care and food created by Federal Regulations without due process. I suffered mental anguish, emotional distress, migrane headaches and humilation.

**WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| | |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| | Personal injurys | Wrongful use of physical force. | $5,000,000.00 Dollars. |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| /s/ Juken Gordon | | 2-18-2000 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

Previous editions not usable.

## CERTIFICATE OF SERVICE

**I,** Juken Washington Gordon Hereby being duly sworn Pursuant to U.S.C. § 1746 and according to law, hereby depose and say:

1. I am a prisoner at USP Allenwood, White Deer, Pennsylvania.

2. On the 27th day of June 2001, I placed two (2) copies of the Pleading(s) in an envelope addressed to the following party/parties: Clerk's Office United States District Court 228 Walnut Street P.O. Box 983 Harrisburg, Pennsylvania 17108. And Martin C. Carlson U.S. Attorney 228 Walnut Street, 2nd Floor Harrisburg, Pennsylvania 17108.

3. I then affixed sufficient postage to cover first-class U.S. Mail delivery, and then give the package to prison officials at USP Allenwood to placed in Legal Mail Box sent to the parties addressed stated herein obvoe.

Sign under the penalty and pain of perjury on this 27th day of June 2001.

ss/ _Juken Gordon_
Pro-se Reg No. 05373-088
USP Allenwood
Post Office Box 3000
White Deer, PA. 17887.

J.W.Gordon
Clerk, M.D.C. Pa.