MCC:AKF:all:2001V00334

**ORIGINAL**

37
7/31/01

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,      :
    Plaintiff                  :
                                 :
    v.                           : Civil No. 1:CV-01-0331
                                 : (Rambo, J.)
N. GONZALEZ, et al.,          :
    Defendants                 :

FILED
HARRISBURG, PA
JUL 30 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGEMENT

### Introduction

Plaintiff is Juken Washington Gordon, filed a <u>Bivens</u> complaint against the following Bureau of Prisons ("BOP") employees at the United States Penitentiary at Lewisburg, Pennsylvania ("USP Lewisburg"): N. Gonzalez, Lieutenant; S. Puckey, Senior Officer Specialist; B. Shuman, ; J.A. Candelora, Senior Officer Specialist; G. Shuck, Senior Officer Specialist; M. Peoria, Physician's Assistant ("P.A.");[1] and the United States. Gordon's complaint alleges that he was assaulted by BOP employees and that BOP medical personnel failed to provide medical care for his injuries after the alleged assault.

---

[1] M. Peoria is a P.A. employed at USP Lewisburg who treated Gordon after the use of force incident of September 9, 2000. In Gordon's complaint, he refers to P.A. Peoria as "Dr. Poeria."

On June 5, 2001, defendants filed a motion to dismiss or, in the alternative, for summary judgment. Defendants' brief in support of their motion was filed on June 15, 2001. On June 27, 2001, Gordon filed an opposition brief. Defendants now file this reply.

### Argument

In his opposition brief, Gordon asserts that Lt. Gonzalez and Officer Puckey, as well as Officers Shuman, Candelora, Shuck and other unknown officers, used excessive force in violation of Gordon's constitutional rights, injuring Gordon's back in the process. Gordon further claims that his constitutional rights were violated when he was placed in a dry cell in ambulatory restraints and that he was denied appropriate medical care.

In their Brief in Support of this Motion (hereinafter "Def. Br."), defendants clearly established that staff utilized force only to the extent necessary to regain control of Gordon when he became disruptive and attempted to strike a staff member (Def. Br. at 2-3; Exhs. 1,2,4,5,6); that Gordon has been inconsistent in stating that his back pain was a result of the use of force or from a pre-incarceration injury (Def. Br. 6-7; Exh. 3); that it was reasonable for staff to have left Gordon in ambulatory restraints for a short period of time after he had been disruptive and attempted to assault staff (Def. Br. at 3,8; Exhs. 1,2,4,5,6); and that Gordon received appropriate medical care (Def. Br. at 3,8-10;

2

Exh. 3). In that brief, defendants established that Gordon could not meet any element of a <u>Bivens</u> excessive use of force or deliberate indifference claim.[2]  <u>See</u> Def. Br., at 5-10.

Defendants note that Gordon's opposition brief includes an allegation not raised in his complaint: that his disciplinary hearing held on September 20, 2000 was improper in that the DHO allegedly refused to review a surveillance video tape, and that Gordon did not waive his right to have a staff member present at the DHO hearing. Gordon's opposition brief (hereinafter "Pl. Br.") at 3-4. Gordon, however, is limited to the claims raised in his complaint. If he wishes to raise this new claim, he should petition the Court to amend his complaint.

Moreover, the DHO record clearly reflects that Gordon had no documents for the DHO to consider, nor is there any indication in the record that Gordon requested that the DHO review a videotape. The finding of the DHO was based upon the reporting officer's eyewitness account and numerous memoranda which supported and corroborated the reporting officer's account of the incident. The DHO found that the greater weight of the evidence supported the finding that the inmate attempted to assault staff. Def. Br., Exh. 2, pp.3-5.

---

[2] The facts and arguments presented in defendants' principal brief will not be repeated here except to the extent necessary.

3

The DHO report reflects that Gordon was advised of his rights by Officer Whitecavage on September 12, 2000. Gordon indicated that he understood his rights. Gordon waived his right to staff representation. Def. Br., Exh. 2, p.3.

As to his pre-existing injury, Gordon's opposition brief states that an audio tape recording was made of his December 19, 2000, orthopedic consultation with Dr. Reish. Pl. Br. at 4. Dr. Reish' notes, made contemporaneously, do not indicate that any audio tape recording was made. In fact, Dr. Reish' records state, "Inmate seen/examined by Dr. Reish (Orthopedics) and full note dictated." Def. Br., Exh. 2, pp. 3-5.

Gordon's opposition brief states he "informed Dr. Reish that prior to September 9, 2000, plaintiff felt no pain in his back. Plaintiff injuries cause directly form (sic) physical assault by BOP officers at USP Lewisburg." Pl. Br. at 4. That statement is contradicted by Dr. Reish' notes, which state that Gordon's back pain first started in January or February of 1997, when Gordon was involved in an automobile accident in New York. Def. Br., Exh. 2, p.4.

Dr. Reish' notes also indicate, after reviewing two x-rays, that Gordon had "some hypertrophic formation at the superior endplate of L3, suggestive of an old fracture or osteoarthritic change." Def. Br., Exh. 2, p.4. This contradicts Gordon's opposition brief, which states, "x-ray clearly shows that plaintiff

4

suffered injuries to his back cause by BOP officials at lewisburg (*sic*)." Pl. Br. at 12.

In addition to these arguments, Gordon has submitted an MRI review dated July 31, 1998. Plaintiff's Exh. 1. Apparently Gordon intends this exhibit to be proof that his back pain was a result of the use of force and not a pre-incarceration injury. However, the MRI review notes that the "examination date is 3/20/97, just over 4 weeks following trauma." Plaintiff's Exh. 1, p.2. This would indicate that Gordon did have a pre-incarceration injury, as reported in the December 19, 2000, report of Dr. Reish. Def. Br., Exh. 3, p.4.

Gordon's opposition brief states that defendants' attorney misrepresented the facts about Gordon being disruptive in the main corridor. Pl. Br. at 10. Defendants' have not claimed that Gordon was disruptive in the main corridor. Defendants' brief states that Gordon's disruptive behavior and attempted assault of staff occurred in the Lieutenant's Office. See Def. Br. at 2-3.

In sum, Gordon has failed to offer any evidence to establish the requisite elements of his Bivens claim and no genuine issue of material fact exists for trial. Accordingly, defendants' motion to dismiss or, in the alternative, for summary judgment should be granted.

## Conclusion

For the reasons stated above, the complaint should be dismissed or, in the alternative, summary judgment granted in favor of defendants with a certification that any appeal would be deemed frivolous, lacking in probable cause, and not taken in good faith.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

ANNE K. FIORENZA
Assistant U.S. Attorney

ANITA L. LIGHTNER
Paralegal Specialist
217 Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108-1754
717-221-4482

Dated:   July 30, 2001

6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,      :
    Plaintiff             :
                              :
    v.                        : Civil No. 1:CV-01-0331
                              : (Rambo, J.)
N. GONZALEZ, et al.,          :
    Defendants            :

### CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on July 30, 2001, she served a copy of the attached

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGEMENT**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Juken Washington Gordon
Reg. No. 05373-088
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

ANITA L. LIGHTNER
Paralegal Specialist