# ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,
    Plaintiff

Vs.,

N. GONZALEZ, el al.,
    Defendants

CIVIL NO. 1:CV-01-0331

(JUDGE RAMBO)

FILED
HARRISBURG, PA

MAY 3 0 2002

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## PLAINTIFF'S CHALLENGE TO THE MATERIAL FACT'S SUBMITTED BY DEFENDANTS.

Plaintiff's (Juken Washington Gordon) have been incarcerated at (USP Lewisburg) since February 4, 1999 and had no prior problem with (BOP Staff) of attempting to assault, since incarcerated April of 1997, in plaintiff history of incarcerated at all other institution.

On September 9, 2000 while incarcerated at USP Lewisburg Plaintiff leave his unit (J. Black) going to the mess hall, upon arrival at the mess hall door plaintiff saw Lt. Gonzalez and officer Puckey. Plaintiff then asked Lt. Gonzalez if I could go in the mess hall to get something to eat, Lt. Gonzalez stated no, Plaintiff then turn to officer puckey and asked the same question? to officer Puckey, to which both officers stated no. "Fuck you Nigga".

Plaintiff then look inside the mess hall to see if lines was close, and line was still open. plaintiff see about 25 to 30 inmates standing in lines waiting to be served food.

Plaintiff then turn and walk towards an open iron grill gate,

Plaintiff then notice a spanish inmate walk pass plaintiff going towards mess hall, plaintiff stop and look behind in the direction where the spanish inmate was heading, the spanish inmate went to Lt. Gonzalez and said something to Lt. Gonzalez, the spanish inmate went into the mess hall.

Plaintiff then asked Lt. Gonzalez why Plaintiff was denied from go into the mess hall to eat, because plaintiff asked you Lt. Gonzalez to allowed plaintiff to go and get something to eat. at no time during plaintiff asking Lt. Gonzalez and officer Puckey to go inside mess hall to eat, did plaintiff demand to go in.

Plaintiff asked to go eat and Lt. Gonzalez and officer Puckey stated "fuck you Nigga you think you some tuff ass nigga". Lt. Gonzalez ordered officer Puckey to take plaintiff to Lts. Office While out side the Lts. Office officer puckey order plaintiff to put his hands on the wall and plaintiff complied with order.

officer puckey conducted his search on plaintiff, officer puckey again order plaintiff to go inside Lts. office, once inside the Lts. office plaintiff was then order again to placed his hands on the wall, officer puckey "Leg Sweep" plaintiff to the floor and Lt. Gonzalez and officer puckey started kicking and punching plaintiff while plaintiff was on the floor.

Plaintiff was unable to get up one of the officers called for back-up. B. Shuman, J.A. Candelora, G Shuck, and other unknown officers ran into the Lts. office and jump on plaintiff back while he was on the floor, which cause damages to plaintiff back directly from this incident.

Plaintiff was then lift out of Lts. office, by officers holding plaintiff in air and carried to SHU and into dehumanize "Dry Cell"

1.

for 4 to 5 hours without water or toilet. Plaintiff was there for about 45 minutes to an hour before was seen by P.A. Peoria, and plaintiff informed P.A. Peoria that plaintiff was hurt and feeling pain to his back, neck and head from the physical assault in Lts. office.

P.A. Peoria refused to provide pain medication to plaintiff, and plaintiff was left to suffered his pain for two (2) days without no medical Care.

Also it was two weeks after physical assault by BOP officials before plaintiff had an back X-Ray done to his back by BOP officials at USP Lewisburg, in same institution. After plaintiff repeated cop-out request to BOP medical staff.

Plaintiff only received pain medication after two (2) days from P.A. (Factora) in SHU on September 12, 2000 while plaintiff was suffering from back pain, cause directly from "Leg Sweep" and BOP officers jump on plaintiff back in Lts. office.

Plaintiff was subsequently transfer by D.H.O. after a hearing was held. The D.H.O. dismiss two (2) of the charges against plaintiff D.H.O. findings that plaintiff did not "Threatening other with harm" nor did the D.H.O. find that plaintiff "Refusing an Order". but then the D.H.O. find plaintiff guilty of "Attempt to Assault".

Plaintiff asked D.H.O. to review the "Servalance Video Tape". at the hearing held by D.H.O. but he refused to review the video tape. plaintiff have a right protected by BOP own policy to had staff member present at the D.H.O. hearing, Plaintiff did not waive those rights protected by BOP own policy, nor did plaintiff singed any documents to waive those rights. The D.H.O. refused to review the video tape at plaintiff request during the D.H.O. hearing.

plaintiff was transfer to USP Allenwood on November 8, 2000. On December 19, 2000 plaintiff was placed on institution call-out to see (Dr. Reish) who was present with an "Audio Tape Recorder". at the meeting and examination interview.

(Dr. Reish) specifically informed plaintiff of the tape stating that he was using it for the interview to record statement given by plaintiff. (Dr. Reish) further stated it is for later evidence if necessary.

(Dr. Reish) also presented two (2) "X-Ray Flims" of plaintiff back x-ray taking two (2) weeks after the physical assault by BOP officials at USP Lewisburg.

Plaintiff specifically told Dr. Reish that the physical assault at (USP Lewisburg) by BOP Officials cause the damages to plaintiff back on september 9, 2000. Plaintiff also specifically informed Dr. Reish that while plaintiff was incarcerated at USP Lewisburg "Police Officers" took plaintiff into the Lts. office and my legs was sweep away from under plaintiff, and (BOP Officers) jump on plaintiff back which cause further damages and pain.

Plaintiff further informed Dr. Reish that prior to "September 9, 2000" plaintiff felt no pain in his back, plaintiff injuries cause directly from physical assault by BOP officials at USP Lewisburg.

After Dr. Reish review and examination of plaintiff back x-ray he recommended double mattress lower bunk and for plaintiff to continued taking pain medication, P.A. Pernell at "USP Allenwood" three (3) weeks later ordered back brace for plaintiff to give support to plaintiff back.

Respectfully Submitted
By *Juken Gord*
Juken Washington Gordon
Pro-se. Reg No. 05373-088.

3.

## CERTIFICATE OF SERVICE

I, Juken Washington Gordon hereby being duly sworn prusuant to U.S.C. § 1746 and according to law hereby depose and say:

1. I am a prisoner at USP Allenwood, White Deer, Pennsylvania.

2. On 10th day of July 2001 I placed two (2) copies of the pleading(s) in an envelope addressed to the following party/parties: Clerk's Office United States District Court 228 Walnut Street P.O. Box 983 Harrisburg, Pennsylvania 17108. And Martin C. Carlson U.S. Attorney 228 Walnut Street, 2nd Floor Harrisburg, Pennsylvania 17108.

3. I then affixed sufficient postage to cover first-class U.S. Mail delivery, and then give the peckage to prison officials at USP Allenwood to placed in Legal Mial Box sent to the parties addressed stated herein obove.

Sign under the penalty and pain of perjury on this 10th day of July 2001.

ss _[signature]_
Pro-se. Reg No. 05373-088
USP Allenwood
Post Office Box 3000
White Deer, PA. 17887.

cc: J.W.Gordon Filed
Clerk's, M.D.C. Pa.