## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT



| | |
|---|---|
| **JUKEN WASHINGTON GORDON,** | : |
| Appellant, | : |
| v. | : Civil No. 1: CV 01-0331 |
| | : Court of Appeals No. 01-3676 |
| **N. GONZALEZ, et al.,** | : |
| Appellee. | : |

### APPELLEES' RESPONSE TO MOTION
### TO PRODUCE VIDEOTAPE

Appellees Gonzalez, et al., hereby respond to the Motion to Produce Videotape as follows:

1. Appellant Juken Washington Gordon sent a letter to this Court dated June 19, 2002, which has been construed as a motion to produce a videotape.

2. Gordon sought production of this tape during the proceedings in the District Court. (Doc #8)

3. The Court deemed the request for production to be withdrawn as moot because Gordon failed to file a brief in support of his request as required under the local rules. (Doc #27)[1]

4. The Court also granted the defendants' motion for a protective order. (Doc #13, 27)

5. Gordon also filed a motion for leave to amend the complaint to add a claim regarding the use of the videotape during his disciplinary hearing. (Doc #38)

6. The District Court denied the motion for leave to amend because the Court determined that amendment would be futile. (Doc #39)

---

[1]The government agreed to preserve the tape. (Doc #10, paragraph 11)

7. Gordon now makes this request, which is essentially a request for discovery, in the context of his appeal.

8. The Rules of Appellate Procedure make no provision for discovery; in contrast, the Rules of Civil Procedure make extensive provision for discovery in the District Court. Fed. R. Civ. Pro., Rule 26-37.

9. Moreover, the disposition of an appeal relies solely on the record created in the District Court. Fed. R. App. Pro. 10.

10. Gordon is not entitled to discovery in his appeal.

11. The access to the videotape is an issue to be resolved if and when this Court reaches the merits of the appeal.

12. If this Court determines that the record is incomplete, it would be appropriate to remand the matter to the District Court to provide for discovery.[2]

WHEREFORE, the appellees request that the motion be denied.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

Anne K. Fiorenza
Assistant United States Attorney
Federal Building, 2nd Floor
228 Walnut Street, PO Box 11754
Harrisburg, PA 17108-1754
Phone: 717-221-4482
Fax: 717-221-2246

---

[2] The government routinely objects to the wholesale production of surveillance video tapes in the prison context because of the potential breach of security. Any production of the tape would have to provide for limited viewing of relevant portions of the tape in a controlled setting. Unrestricted access to the tape might provide information to the inmate which could jeopardize the security of the institution.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 10th day of July, 2002 she served a copy of the attached

**RESPONSE TO APPELLANT'S MOTION TO PRODUCE VIDEOTAPE**

by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania to:

> Juken Washington Gordon
> #05373-088
> USP Allenwood
> P.O. Box 3000
> White Deer, PA 17887

*Chyenna Gowdy*
Chyenna Gowdy
Legal Secretary

Dated: July 10, 2002