ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,
        Plaintiff,

Vs.,

CIVIL NO. 1:CV-01-0331
(JUDGE RAMBO)

N. GONZALEZ, el al.,
        Defendants.
_____/

FILED
HARRISBURG, PA

JAN 1 5 2004

MARY E. D'ANDREA, CLERK
Per _____

MOTION FOR APPOINTMENT OF COUNSEL PRUSUANT TO 28 U.S,C. § 1915(e)(1) CIVIL LITIGANT AND FEDERAL STATUTE.

    **COMES NOW,** (Juken Washington Gordon), respectfully request on move's this honorable court to appoint counsel for indigent, prusuant to civil litigants and federal statute 28 U.S.C. § 1915 § (e)(1).

  1. Reasons for appointment of counsel, is to investigate facts surrounding an indigent case, critical peices of evidence in which the indigent ability to investigate, for cross-examination will be major proof presented to fact finder.

  2. The indigent's ability to present his own case, and the complexity of legal issues of the indigent case, to call expert witness. Plaintiff is unschool in the law, pursuant to federal rule of civil procedure.

  3. On January 7, 2003 the Third Circuit Court of Appeals appointed counsel **(Mark L. Tambarri, Esq.)** as Pro Bono attorney prusuant to 28 U.S.C. § 1915 (e)(1). <u>See order attached as exhibit (A).</u> Counsel

Tambarri informed plaintiff that his representation of plaintiff was limited to handling the case just for the appeal process. See letter dated December 16, 2003 attached as exhibit (B).

4. The district court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915 (e)(1). **Tabran v Grace** 6 F. 3d 147 (3rd Cir.), cert denied 501 U.S. 1196 (1994) ; **Ray v. Robinson**, 640 F. 2d 474, 477 (3rd Cir. 1981). The Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.

5. In the instant matter plaintiff presented his claim's for violation's of his eighth amendment violation, where the defendants used physical excessive force against plaintiff.

6. Plaintiff respectfully request that this honorable court to grant his motion for appointment of counsel, to file pretrial memorandum motion, request discovery, and selection of jury process if this case go to trial.

7. WHEREFORE, for the reasons stated above, Plaintiff (Juken Washington Gordon) respectfully request that this honorable court's to grant plaintiff motion for appointment of counsel.

                                          Respectfully Submitted

                                      By *Juken Gordon*
                                      Juken Washington Gordon
                                      Pro-se #05373-088

Dated: January 14, 2004.

## Certificate Of Service.

I, Juken Washington Gordon, being duly sworn under the penalty of perjury and according to law, hereby depose and say:

1. I am the prisoner at USP Allenwood, White Deer, Pennsylvania.

2. On this 14th day of January 2004 I placed two copies of the plaeding(s) in an envelope addressed to:

> Clerk's Office
> U.S. District Court
> U.S. Courthouse
> 228 Walnut Street
> Post Office Box 983
> Harrisburg, Pennsylvania 17108.

3. I then affixed sufficient postage to cover first-class U.S. Mail delivery, and then give the package to prison officials here at USP Allenwood, to placed in box reserved for inmate Legal Mail on this 14th day of January 2004.

ss *Juken Gordon*
Juken Washington Gordon, Pro-se
Reg. No. 05373-088
U.S.P. Allenwood
Post Office Box 3000
White Deer, Pennsylvania 17887.

cc: File J.W.Gordon.

-2-