NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 01-3676

JUKEN WASHINGTON GORDON,
  Appellant

v.

N. GONZALEZ, Lieutenant - FCI Lewisburg;
S. PUCKEY; B. SHUMAN, SOS Officer;
J.A. CANDELORA, S.O. Officer;
G. SHUCK, SOS Officer;
PEORIA, Dr.; UNITED STATES OF AMERICA

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 01-cv-00331)
District Judge: Hon. Sylvia H. Rambo

Submitted Under Third Circuit LAR 34.1(a)
December 5, 2003

Before: SLOVITER, ALITO Circuit Judges and OBERDORFER, District Judge*

(Filed: December 12, 2003)

OPINION OF THE COURT

---

\*   Hon. Louis F. Oberdorfer, United States District Court for the District of Columbia, sitting by designation.

SLOVITER, Circuit Judge.

Appellant Juken Washington Gordon filed a Bivens claim pursuant to 28 U.S.C. § 1331 alleging that while he was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, a physician's assistant was deliberately indifferent to his serious medical needs, and five named correctional officers used excessive force against him in violation of his Eighth Amendment right to be free from cruel and unusual punishment. The District Court dismissed his claim against the physician's assistant for failure to exhaust his administrative remedies and granted summary judgment on Gordon's excessive force claim. The court also denied Gordon's motion for leave to amend his complaint to add a due process claim. On the excessive force claim, the District Court found that Gordon had not suffered physical injury and thus could not state a claim. Gordon appeals.

Following the District Court's order granting summary judgment, this court, in its opinion in Smith v. Mensinger, 293 F.3d 641 (3d Cir. 2002), reversed the grant of summary judgment in favor of defendant prison officials on a prisoner's claim that defendants had violated his Eighth Amendment right by the use of excessive force. In Smith, the District Court had focused exclusively on the severity of the prisoner's injuries in denying the claim. Our opinion relied upon the Supreme Court's decision in Hudson v. McMillian, 503 U.S. 1 (1992), holding that "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer

2

serious injury." Id. at 4.  We applied Hudson in our decision in Brooks v. Kyler, 204 F.3d 102 (3d Cir. 2000), where we stated that accepting the prisoner's allegations as true, "a jury could find that the defendants acted not merely in good faith to maintain or restore discipline, but rather out of malice for the very purpose of causing harm." Id. at 109 (citation omitted).

In Smith, our most recent decision concerning the issue before us in this case, we reiterated that the "Eighth Amendment does not protect an inmate against an objectively *de minimis* use of force." Smith, 293 F.3d at 648 (citing Hudson).  After considering our decision in Brooks and the Supreme Court's decision in Hudson, we concluded that "*de minimis* injuries do not necessarily establish *de minimis* force." Id. at 649.

In Gordon's case before us, the Government candidly "confesses error." Gov't Br. at 5.  The Government continues, "the Smith decision, as well as Gordon's sworn affidavit filed in response to the summary judgment motion claiming that he told Dr. Reish that he had no back problems prior to September 9, 2000, and that his back problems were as a result of the beating by the officers [ ], suggest that there are genuine issues of material fact concerning the extent of Gordon's injuries, and as such, summary judgment was improper." Gov't Br. at 5.  The Government concludes that "Smith requires the issue to [be] submitted to a jury." Id.

In Gordon's opening brief on appeal, he raised two arguments: one, that the District Court abused its discretion by denying him leave to amend his complaint, and

two, that the District Court erred in granting summary judgment on the excessive force claim because there were issues of material fact. In his reply brief, Gordon withdraws his appeal of the District Court's order denying his motion to amend his complaint. Therefore, only the excessive force claim is before us. In light of our precedent and the Government's concession that summary judgment was improper, we will remand that claim to the District Court for its reconsideration.[1]

For the reasons set forth above, we will vacate the District Court's order granting summary judgment and remand to the District Court for further proceedings in accordance with this opinion.

_____

TO THE CLERK:

    Please file the foregoing opinion.

            \s\ Dolores K. Sloviter
                Circuit Judge

---

[1] In a separate order, we will refer to the District Court the letter from Gordon dated 6/19/02, which this court has treated as a motion to preserve evidence and provide appellant with copy of a surveillance videotape.