IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUKEN W. GORDON, | : | |
| Plaintiff, | : | No. 1: CV 01-0331 |
| v. | : | (Judge Rambo) |
| N. GONZALEZ, *et al.*, | : | Electronically Filed |
| Defendants. | : | |

BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION FOR TRIAL BY JURY

I.   PROCEDURAL HISTORY

On February 22, 2001, plaintiff Juken W. Gordon filed his *pro se Bivens* complaint (Doc. 1).  In his complaint, the plaintiff demanded a trial by jury.  Id. at 5.  On September 13, 2001, this Honorable Court granted summary judgment for the defendants concerning the allegation by the plaintiff that they had used excessive force upon him (Doc. 39-41).  On December 13, 2003, the United States Court of Appeals for the Third Circuit vacated the District Court's order granting summary judgment and remanded this case to the District Court for further proceedings in accordance with their opinion (Doc. 65).  On January 8, 2004, the District Court placed this case on the July 2004 trial list (Doc. 67).

On March 4, 2004, undersigned counsel entered his appearance for the plaintiff in response to a request by the court for a merit assessment of the claim of excessive use of force. On June 1, 2004, plaintiff filed a motion for continuance due to the lack of cooperation by the retired contract physician of the Federal Bureau of Prisons with the investigation by counsel. On June 2, 2004, the District Court granted the motion and continued trial until October 12, 2004. However, the Court noted that "this case is listed **nonjury.**" (Emphasis in the original.)

On July 29, 2004, undersigned counsel requested an enlargement of the discovery deadline due to the unavailability of defense counsel to attend the deposition of Doctor Reish in July 2004. The Court granted the motion but also continued the trial *sua sponte* until November 1, 2004. Again, the Court listed the case as non-jury.

II.   STATEMENT OF FACTS

On February 17, 1997, the plaintiff was involved in an automobile accident in Brooklyn, New York. On February 24, 1997, Dr. Joseph A. Raia of Brooklyn diagnosed the plaintiff with post-traumatic headache, back sprain with left radiculopathy, and a chest wall contusion. In March 1997, Dr. Harold S. Parnes of Brooklyn performed two MRI exams on the plaintiff's back and merely found a straightening of the spinal curvature and bulging discs. In July 1998, Dr. Sondra

Pfeffer examined the same MRI films and found neither disc injuries nor fractures.

On April 18, 1997, law enforcement authorities committed the plaintiff to jail in West Virginia. In the fall of 1997, a U.S. District Court in West Virginia sentenced the plaintiff into the custody of the Federal Bureau of Prisons.

On September 9, 2000, defendant C.O. Stacey L. Puckey charged the plaintiff with threatening and attempting to assault defendant Lt. Nelson Gonzalez and refusing to obey an order following an incident in the office of Lieutenant Gonzalez at U.S.P. - Lewisburg. The defendants carried the plaintiff to the Special Housing Unit. The plaintiff reported to Mark Peoria, a Physician's Assistant, that approximately fifteen officers had jumped on the plaintiff, causing pain to the back and neck of the plaintiff. However, Mr. Peoria only noted one contusion on the plaintiff.

On September 12, 2000, the plaintiff complained to Vicarthur Factora, a Physician's Assistant, of continuing back pain. Therefore, the medical staff took x-rays of the back of the plaintiff on September 14. On September 19, Dr. Thomas Payne found no evidence of an acute fracture following review of the x-rays.

On December 19, 2000, Dr. William G. Reish, an outside orthopedic consultant, examined the plaintiff and the September 14 x-rays. Dr. Reish surmised that the plaintiff had a residual compression fracture and degenerative

disc disease.

III. <u>STATEMENT OF QUESTIONS INVOLVED</u>

    SHOULD THE COURT RE-LIST THIS CASE FOR A JURY TRIAL TO PRESERVE THE SEVENTH AMENDMENT RIGHT OF THE PLAINTIFF AS DEMANDED IN HIS COMPLAINT WHERE THE DEFENDANTS PREVIOUSLY CONCEDED THAT THE CASE MUST BE SUBMITTED TO A JURY?

Suggested Answer:    yes.

IV. <u>ARGUMENT</u>

    THE COURT SHOULD RE-LIST THIS CASE FOR A JURY TRIAL TO PRESERVE THE SEVENTH AMENDMENT RIGHT OF THE PLAINTIFF AS DEMANDED IN HIS COMPLAINT AND AS CONCEDED ON APPEAL BY THE DEFENDANTS.

The Seventh Amendment of the United States Constitution provides that, "where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved[.]" This right "shall be preserved to the parties inviolate." F.R.C.P. 38(a). The district court must designate an action upon the docket as a jury action when trial by jury has been demanded as provided in Rule 38. F.R.C.P. 39(a). Of its own initiative, the court can list an action for a non-jury trial if the court finds that a right of trial by jury of the issue at bar exists under neither the Constitution nor federal statutes. F.R.C.P. 39(a)(2).

For a long time, the United States Supreme Court has emphasized the importance of the jury trial. *See Parsons v. Bedford,* 3 Pet. 433, 446 (1830). The Supreme Court has stated that "any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care" because maintenance "of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence[.]" *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935). *See also Jacob v. New York*, 315 U.S. 752 (1942). Courts should preserve the right to jury trial wherever possible since the right is a constitutional one while no similar requirement protects trial by the court. *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S. Ct. 948, 956, 3 L.Ed.2d 988 (1959).

It is well settled that jury trials are available in actions for damages. *Kennedy v. Lakso Company*, 414 F.2d 1249, 1252-54, 1969 U.S. App. *LEXIS* 11075 (3rd Cir. 1969). Plaintiffs maintain their right to jury trial on damages claims even when also seeking equitable relief. *Id*. at 1253.

The plaintiff requested both legal and equitable relief in paragraph one of the prayer for relief in his *pro se* complaint. Specifically, the plaintiff requested the court "to award Medical relief, declaratory and injunction relief, as well as $5,000,000.00 dollars in compensatory and punitive damages." (Doc. 1, at 5(1)). The district court dismissed the requests for medical, declaratory, and injunctive

relief and the plaintiff dropped those issues on appeal. Therefore, the sole trial issues are the requests for damages for alleged excessive use of force.

In granting the defense motion for summary judgment, the district court completely rejected the version of events to which the plaintiff still intends to testify at the trial for which the Third Circuit remanded this matter. Specifically, the court stated that "Gordon's total lack of visible injuries is completely inconsistent with the events he describes." (Doc. 39, at 21). In a footnote, the court seemingly expressed disdain for the averments of the plaintiff by putting quotation marks around the word "evidence" in referring to the affidavit of the plaintiff as such. Id. at 21n.7. The district court adopted the theory of the defendants that the plaintiff experienced back pain due to his 1997 accident rather than the 2000 incident at bar. Id. at 22-23.

In its appellate brief, the Government candidly confessed error before the Third Circuit by admitting that genuine issues of material fact exist concerning the extent of the plaintiff's injuries. (Doc. 65, Opinion of the Court, at 3). Most notably, the <u>Government</u> concluded that "<u>Smith</u>[1] requires the issue to [be] submitted to a **jury**." Id. (quoting from page five of the Government's Brief)(emphasis supplied).

---

[1] *Smith v. Mensinger*, 293 F.3d 641 (3rd Cir. 2002).

The plaintiff does not understand why the court re-listed his case as non-jury. *See* F.R.C.P. 39(a)(2). He believes that the court will be inclined to maintain consistency in its summary judgment opinion at any non-jury trial with respect to the remaining issue of excessive use of force in spite of his successful and unopposed appeal to the Third Circuit for a fair trial on this matter. At minimum, plaintiff submits that compulsion of him to proceed non-jury has the appearance of impropriety in view of the previously expressed opinion of this court concerning the merit of his claim.

Finally, it is disingenuous for the Government to concede on appeal to the Third Circuit to a remand of this issue for submission to a jury and now to oppose the instant motion which requests the very constitutional right which the Government already conceded to him on appeal. The court should deem the defendants to be estopped from arguing against their own prior position on this issue.

V.	CONCLUSION

    Plaintiff Juken W. Gordon requests that the Court modify its trial listing of this matter from non-jury to jury based upon the Seventh Amendment to the U.S. Constitution, case law, Federal Rules 38(a) and 39(a), his jury demand in his complaint, and the concession by the defendants before the Third Circuit.

                                            Respectfully Submitted,
                                            s/<u>David L. Glassman</u>, Staff Attorney
                                            Lewisburg Prison Project, Inc.
                                            P.O. Box 128
                                            Lewisburg, PA 17837
                                            Phone: (570)523-1104
                                            Fax:    (570)523-3944
                                            Email: <u>david_glassman@hotmail.com</u>
                                            PA ID #51200
                                            Attorney for Plaintiff Juken W. Gordon

Date:  September 3, 2004

CERTIFICATE OF SERVICE

_____I certify that I served today the foregoing "Brief in Support of Plaintiff's Motion for Trial by Jury" upon the following individual and in the following manner:

VIA ECF EMAIL NOTICE
_____Michael J. Butler, Assistant U.S. Attorney
U.S. Attorney's Office
Harrisburg, PA
Email: Michael.J.Butler@usdoj.gov

                                        s/David L. Glassman, Staff Attorney
Lewisburg Prison Project, Inc.
P.O. Box 128
Lewisburg, PA 17837

Date:  September 3, 2004