IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN W. GORDON,                    :

      Plaintiff,            :        No. 1: CV 01-0331

  v.                                 :        (Judge Rambo)

N. GONZALEZ, *et al.,*               :

      Defendants.           :

## NOTICE OF DEPOSITION

TO:  William G. Reish, M.D.
     353 Salem Church Road
     Lewisburg, PA 17837

    **NOTICE** is hereby given that, pursuant to Rule 30 of the Federal Rules of

Civil Procedure, your oral deposition will be taken before a court reporter (or

other person authorized by law to administer oaths) on **September 14, 2004 at**

**2:00 p.m.** and proceeding thereafter until adjournment, at the law offices of

Shapiro and Becker, 114 Market Street in Lewisburg, Pennsylvania.

                  LEWISBURG PRISON PROJECT, INC.
                  BY:  *David L. Glassman*
                  David L. Glassman, Staff Attorney
                  PA ID #51200
                  P.O. Box 128
                  Lewisburg, PA 17837
                  Phone: (570)523-1104
                  Fax:   (570)523-3944
                  Email: david_glassman@hotmail.com

Date: September 7, 2004

CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing Notice of Deposition upon

the following person and in the following manner:

SENT VIA FIRST-CLASS MAIL:
Michael Butler, Assistant U.S. Attorney
Office of the United States Attorney - Civil Division
U.S. Department of Justice
Harrisburg Federal Building
P.O. Box 11754
Harrisburg, PA 17108-1754

_____
David L. Glassman, Staff Attorney
Lewisburg Prison Project, Inc.
Attorney for Plaintiff Juken Gordon

Date: September 7, 2004

# Issued by the
## UNITED STATES DISTRICT COURT

MIDDLE ___ **DISTRICT OF** PENNSYLVANIA

JUKEN W. GORDON

**V.**

N. GONZALEZ, et al.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]   1:CV-01-0331

**TO:** William Reish
353 Salem Church Road, Lewisburg, PA 17837

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Shapiro & Becker Law Offices, 114 Market st. Lewisburg, PA | Sept. 14, 2004  2:00 p.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| David L. Glassman   Attorney for Plaintiff | september 7, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David L. Glassman, Esq., 434 Market Street, Ste. 307, Lewisburg, PA; 523-1104

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | September 7, 2004 | | 353 Salem Church Road<br>Lewisburg, Pennsylvania |

SERVED ON (PRINT NAME)      MANNER OF SERVICE

Mrs. Reish             Hand Delivery

SERVED BY (PRINT NAME)      TITLE

Emily Rietz             Legal Intern

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    sept. 7, 2004
DATE

SIGNATURE OF SERVER

POB 128
ADDRESS OF SERVER

Lewisburg, PA 17837

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.