TAM:MJB:all

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUKEN WASHINGTON GORDON, | : | CIVIL ACTION NO. 1:CV-01-0331 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Rambo, J.) |
| | : | |
| N. GONZALEZ, et al., | : | |
| Defendants. | : | Filed Electronically |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION IN LIMINE**
**TO EXCLUDE TESTIMONY OF STANLEY ASKIN, M.D., ESQUIRE**

Defendants N. Gonzalez, S. Puckey, B. Shuman, J.A. Candelora, and G. Shuck, respectfully submit this brief in support of their motion to exclude the testimony of Stanley Askin, M.D., Esquire. The testimony of Dr. Askin should be excluded because Defendants are prejudiced by Plaintiff Juken Washington Gordon's failure to provide them with an expert report providing a complete statement of all opinions to be expressed and the basis and reasons therefor, etc.

**I. PROCEDURAL HISTORY**

On February 22, 2001, Plaintiff Juken Washington Gordon (hereafter "Gordon") initiated this action by filing a Complaint, pro se, alleging that Defendants N. Gonzalez, S. Puckey, B.

Shuman, J.A. Candelora, and G. Shuck used excessive force when they kicked and punched him in the back and neck.  Gordon also alleged that he was denied appropriate medical care.

On September 13, 2001, this Court ordered that Gordon's denial of medical care and "dry cell" claims be dismissed for failure to exhaust his administrative remedies; and the Court dismissed Gordon's excessive force claims because Gordon presented no evidence that he suffered any injuries as a result of Defendants' alleged conduct.

Plaintiff appealed the court's decision regarding his excessive force claim to the Third circuit.  Thereafter the Third Circuit ruled in Smith v. Mensinger, 293 F.3d 641 (3d Cir. 2002) that "de minimis injuries do not necessarily establish de minimis force."  Counsel for Defendants conceded during the appeal that in light of Smith, genuine issues of material fact existed as to Gordon's excessive force claim.  The Third Circuit vacated this Court's decision regarding the excessive force claim and remanded it back for further proceedings.

On March 4, 2004, David L. Glassman, Esquire entered his appearance on behalf of Gordon.

After several motions for continuances filed by Gordon, this Court ordered (Doc. 89) that the discovery deadline would close on August 27, 2004, motions in limine and supporting briefs shall be filed on or before September 17, 2004, and this case is placed

on the November trial list.  The Order also provided that Pretrial Memoranda must be filed by Friday, October 8, 2004.

This brief is in support of the Motion in Limine to exclude the tesimony of Stanley Askin, M.D., Esquire.

## II. **Factual Background**

Gordon alleges that on September 9, 2000, N. Gonzalez and S. Puckey refused to allow him into the prison mess-hall.  N. Gonzalez then told S. Puckey to take Gordon to the Lieutenant's office.  Puckey then told Gordon to put his hands on the wall, and then Puckey swept Gordon's legs and Gordon fell to the ground.  Thereafter, Gonzalez and Puckey allegedly began kicking and punching Gordon and, while doing this, shouted racial slurs and profanity.  After a call for back-up was made, B. Shuman, J.A. Candelora, and G. Shuck are alleged to have come into the office and punched and kicked Gordon as well.

The witnesses to this incident have a different version of the events than Gordon.  N. Gonzlez told S. Puckey to take Gordon to the office because Gordon attempted to get into the mess hall, which was a portion of the prison that had been closed at that time, and Gordon refused an order to go back to his cell.  While they were in the office, Gordon became belligerent and apparently attempted to strike Gonzalez.  Puckey brought Gordon to the ground to handcuff him and Gordon resisted.  Other officers were called to assist in restraining Gordon, who at that time was on the ground flailing his arms and legs in a violent manner.

After the incident, Physician Assistant M. Peoria examined Gordon, who complained of back and neck pain.  M. Peoria found no deformities, tenderness, or recent traumatic lesions.  Gordon was prescribed ibuprofen for the pain.  On September 14, 2000, his lower back was x-rayed and no fractures were found.  The x-rays did reveal an old fracture and a deteriorating disc.  William G. Reish, M.D., an outside orthopedics specialist, noted that Plaintiff was in a car accident in or around January or February 1997; and Gordon was receiving therapy for that injury prior to Gordon's incarceration.  Dr. Reish recommended exercise and a anti-inflammatory program to treat Gordon's pain.

On or about July 23, 2004, Gordon responded to Defendants' First Set of Interrogatories, and in that response, Gordon stated that Dr. Askin, an alleged expert in orthopedics and radiology (and now practicing attorney in Philadelphia), will opine as to x-rays and MRIs conducted on Gordon after his car accident and on the x-rays and report of Dr. Reish after the incident subject of this Complaint.

### III. Question Presented

Whether Stanley Askin, M.D., Esquire should be excluded from testifying about his opinion that is unknown to Defendants?

**Suggested Answer**: Yes.

## IV. Argument

The testimony of Dr. Askin should be excluded because Gordon has failed to provide Defendants with an expert report pursuant to Rule 26 of the Federal Rules of Civil Procedure. Under Rule 26, the disclosure of an expert must be accompanied by an expert report. See Fed. R. Civ. P. 26. Rule 26(a)(2)(B) provides for the contents of such a report:

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Id. If not otherwise ordered by the Court, a party must provide an expert report at least 90 days prior to trial. See id.

Gordon has disclosed that he will present the expert testimony of Dr. Askin to testify about x-ray reports and Dr. Reish's report. Gordon has not disclosed what that opinion will be or what relevance it has to this case. That notwithstanding, Gordon has failed to provide the exhibits Dr. Askin will use, the publications he authored, and a list of cases in which he has testified. The trial is scheduled for November 2004, which is less than sixty days away.

Rule 37(c)(1) provides that a party who fails to disclose the information required by Rule 26(a) may not, unless the failure to disclose is harmless, call a witness or use that information at trial. See Fed. R. Civ. P. 37(c)(1). This Court has previously noted that courts should not exclude testimony "unless a party has (1) revealed previously undisclosed evidence when trial was either imminent or in progress, or (2) acted in bad faith.'" In re TMI Litig. Cases Consol.II, 922 F.Supp. 997, 1003-04 (M.D. Pa. 1996) (quoting **Diflorio v. Nabisco Biscuit Co.**, 1995 WL 710592, at *2 (E.D. Pa. Nov. 13, 1995)).

Factors which this Court may consider are:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order.

Id. (quoting In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 791 (3d Cir. 1994) (internal citation omitted)).

Here, the fact that Gordon did not provide Dr. Askin's report prejudices Defendants because they will be subject to unfair surprise at trial as they do not know the opinion of Dr. Askin and do not know whether or not he is qualified to make such an opinion. To date, Gordon has not cured this prejudice by providing Dr. Askin's report.

Accordingly, this Court should exclude the testimony of Stanley Askin, M.D., Esquire because Defendants would be prejudiced by Gordon's lack of disclosures.

## V. Conclusion

For the reasons noted above, this Court should exclude from trial the testimony of Stanley Askin, M.D., Esquire.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

Dated: September 17, 2004

/s Michael J. Butler
Michael J. Butler
Assistant U.S. Attorney
PA Attorney I.D. No. 81799
Anita L. Lightner
Paralegal Specialist
U.S. Attorney's Office
228 Walnut Street, 2nd Floor
Harrisburg, PA 17108-1754
Phone: 717-221-4482
Fax: 717-221-2246

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUKEN WASHINGTON GORDON,** | : | CIVIL ACTION NO. 1:CV-01-0331 |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | (Rambo, J.) |
| | : | |
| **N. Gonzalez, et al.,** | : | |
| **Defendants.** | : | **Filed Electronically** |

### CERTIFICATE OF SERVICE BY MAIL

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on September 17, 2004, she served the attached

### DEFENDANTS' BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE TESTIMONY OF STANLEY ASKIN, M.D., ESQUIRE

by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

David L. Glassman, Staff Attorney
Lewisburg Prison Project, Inc.
P.O. Box 128
Lewisburg, PA 17837


                                    /s Anita L. Lightner
                                    Anita L. Lightner
                                    Paralegal Specialist