TAM:MJB:all

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUKEN WASHINGTON GORDON, | : | CIVIL ACTION NO. 1:CV-01-0331 |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | (Rambo, J.) |
| | : | |
| N. GONZALEZ, <u>et</u> <u>al.</u>, | : | |
| **Defendants.** | : | **Filed Electronically** |

**DEFENDANTS' BRIEF IN SUPPORT OF  MOTION IN LIMINE**
**TO EXCLUDE EVIDENCE OF "SURVEILLANCE" VIDEOTAPE**

Defendants N. Gonzalez, S. Puckey, B. Shuman, J.A. Candelora, and G. Shuck, respectfully submit this brief in support of their motion to exclude evidence of a non-existent "surveillance" videotape.  In Plaintiff's answers to interrogatories, he claims that he will call as witnesses two government attorneys, Anne K. Fiorenza, Esquire and Lori C. Cunningham, Esquire, who will testify about a "surveillance" videotape that Defendants have consistently and frequently told Plaintiff does not exist.  This Court should exclude evidence of this non-existent "surveillance" videotape because it is irrelevant to this excessive force action.

## I. Procedural History

On February 22, 2001, Plaintiff Juken Washington Gordon (hereafter "Gordon") initiated this action by filing a Complaint, pro se, alleging that Defendants N. Gonzalez, S. Puckey, B. Shuman, J.A. Candelora, and G. Shuck used excessive force when they kicked and punched him in the back and neck.  Gordon also alleged that he was denied appropriate medical care and placed in a "dry cell" without water or a toilet for four to five hours.

On September 13, 2001, this Court ordered that Gordon's denial of medical care and "dry cell" claims be dismissed for failure to exhaust his administrative remedies; and the Court dismissed Gordon's excessive force claims because Gordon presented no evidence that he suffered any injuries as a result of Defendants' alleged conduct.

Gordon appealed the Court's decision regarding his excessive force claim to the Third Circuit.  Thereafter, the Third Circuit ruled in Smith v. Mensinger, 293 F.3d 641 (3d Cir. 2002) that "de minimis injuries do not necessarily establish de minimis force." Counsel for Defendants conceded during the appeal that in light of Smith, genuine issues of material fact existed as to Gordon's excessive force claim.  The Third Circuit vacated this Court's decision regarding the excessive force claim and remanded it back for further proceedings.

2

On March 4, 2004, David L. Glassman, Esquire entered his
appearance on behalf of Gordon.

After several motions for continuances filed by Gordon, this
Court ordered (Doc. 89) that the discovery deadline would close
on August 27, 2004, motions in limine and supporting briefs shall
be filed on or before September 17, 2004, and this case is placed
on the November trial list.  The Order also provided that Pre-
trial Memoranda must be filed by Friday, October 8, 2004.

This brief is in support of the motion in limine to exclude
evidence of the non-existent "surveillance" videotape.

## II. Factual Background

Gordon alleges that on September 9, 2000, N. Gonzalez and S.
Puckey refused to allow him into the prison mess-hall.  N.
Gonzalez then told S. Puckey to take Gordon to the Lieutenant's
office.  Puckey then told Gordon to put his hands on the wall,
and then Puckey swept Gordon's legs and Gordon fell to the
ground.  Thereafter, Gonzalez and Puckey allegedly began kicking
and punching Gordon and, while doing this, shouted racial slurs
and profanity.  After a call for back-up was made, B. Shuman,
J.A. Candelora, and G. Shuck are alleged to have come into the
office and punched and kicked Gordon as well.

The witnesses to this incident have a different version of
the events than Gordon.  N. Gonzlez told S. Puckey to take Gordon
to the office because Gordon attempted to get into the mess hall,

3

which was a portion of the prison that had been closed at that time, and Gordon refused an order to go back to his cell.  While they were in the office, Gordon became belligerent and apparently attempted to strike Gonzalez.  Puckey brought Gordon to the ground to handcuff him and Gordon resisted.  Other officers were called to assist in restraining Gordon, who at that time was on the ground flailing his arms and legs in a violent manner.

After the incident, Physician Assistant M. Peoria examined Gordon, who complained of back and neck pain.  M. Peoria found no deformities, tenderness, or recent traumatic lesions.  Gordon was prescribed ibuprofen for the pain.  On September 14, 2000, his lower back was x-rayed and no fractures were found.  The x-rays did reveal an old fracture and a deteriorating disc.  William G. Reish, M.D., an outside orthopedics specialist, noted that Plaintiff was in a car accident in or around January or February 1997; and Gordon was receiving therapy for that injury prior to Gordon's incarceration.  Dr. Reish recommended exercise and a anti-inflammatory program to treat Gordon's pain.

In his April 17, 2001 "Motion for Production of Evidence" and his renewed motion to the Third Circuit, Gordon requested a "surveillance" videotape taken in front of the mess hall on September 9, 2000.  In Defendants' responses to Plaintiff's motions and consistently throughout this litigation, Defendants

noted that there is one video tape in existence and they would preserve it.

On or about April 5, 2004, Defendants provided Gordon with a videotape that was taken by a hand-held camera of Gordon right after the incident and while Gordon was in the Special Housing Unit.

In response to a letter from Mr. Glassman dated June 19, 2004 inquiring about a video outside the mess hall during the date of this incident, see 06/19/04 Letter (Ex. A), on or about June 24, 2004, counsel for Defendants wrote to Mr. Glassman informing him that the videotape sent on April 5, 2004 is the only videotape that Defendants ever possessed regarding the incident.  See 06/24/04 Letter (Ex. B).

On or about July 23, 2004, Gordon responded to Defendants' First Set of Interrogatories, and in that response, Gordon stated:

    a.   Anne K. Fiorenza, Esquire is expected to testify that she represented to the Third Circuit in 2001-02 on behalf of the defendants that they possessed the September 9, 2000 USP-Lewisburg surveillance videotape in front of the mess hall and along the hallway outside the lieutenant's office as late as 2002 and would be preserving same as evidence per the request of the plaintiff.

    b.   Lori C. Cunningham, Esquire is expected to testify that she spoke with Ms. Fiorenza or paralegal specialist Anita Lightner in 2001 and confirmed that Lewisburg staff possessed the surveillance videotape requested by the

plaintiff and would be preserving same for
trial evidence.

Despite these representations in the Interrogatory
Responses, Ms. Fiorenza, former counsel for Defendants, and Ms.
Cunningham, agency counsel for the Bureau of Prisons, have
informed the undersigned that they are not aware of any video of
Gordon outside the mess hall on September 9, 2000, and the only
video that they are aware of is the video that was provided to
Gordon on April 5, 2000.

### III. __Question Presented__

Whether evidence of a non-existent
"surveillance" videotape should be excluded
because it is not relevant to the facts of
this case?

**Suggested Answer:** Yes.

### IV. __Argument__

Evidence of a non-existent "surveillance" videotape, which
was allegedly taken outside the prison mess hall is irrelevant to
the facts of this case.

Gordon believes that there is a surveillance video outside
the mess hall because Ms. Fiorenza, former counsel for
Defendants, responded that Defendants will preserve a videotape
that they possess.  See 06/19/04 Letter (Ex. A).  Contrary to
Plaintiff's mistaken belief, the video in Defendants' possession
was not taken from a camera outside the mess hall but from a
hand-held camera taken while Gordon was in the Special Housing

6

Unit.  This video was provided to Gordon, and no other video exists.

Counsel for Defendant informed Gordon that other than the video sent to him on April 5, 2004, there is no other videotape of Gordon.  <u>See</u>, <u>e.g.</u>, 06/24/04 Letter (Ex. B).  If Ms. Fiorenza or Ms. Cunningham are required to testify, they will testify that there is no other videotape.  There is no evidence to refute this, thus the testimony of Ms. Fiorenza and Ms. Cunningham is irrelevant.

Accordingly, any evidence that there is or was a "surveillance" video of Gordon outside the mess hall on September 9, 2000 is irrelevant under Rule 402 of the Federal Rules of Evidence, and therefore, all testimony and evidence should be excluded at trial.

Moreover, the evidence or lack thereof of a videotape outside the mess hall is irrelevant because the alleged incident took place in N. Gonzalez's office.  Even if a video existed of Gordon outside the mess hall, "it would not have the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

Accordingly, any testimony or evidence of a non-existent "surveillance" video is not relevant to the facts of this case and does not support Gordon's claims.

**V. <u>Conclusion</u>**

For the reasons noted above, this Court should exclude from trial any evidence of a non-existent "surveillance video" outside the mess hall on September 9, 2000.


                                    Respectfully submitted,

                                    THOMAS A. MARINO
                                    United States Attorney

Dated: <u>September 17, 2004</u>        <u>/s Michael J. Butler</u>
                                    Michael J. Butler
                                    Assistant U.S. Attorney
                                    PA Attorney I.D. No. 81799
                                    Anita L. Lightner
                                    Paralegal Specialist
                                    U.S. Attorney's Office
                                    228 Walnut Street, 2nd Floor
                                    Harrisburg, PA 17108-1754
                                    Phone: 717-221-4482
                                    Fax: 717-221-2246

8

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUKEN WASHINGTON GORDON, | : | CIVIL ACTION NO. 1:CV-01-0331 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Rambo, J.) |
| | : | |
| N. Gonzalez, et al., | : | |
| Defendants. | : | Filed Electronically |

### CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.  That on September 17, 2004, she served the attached

**DEFENDANTS' BRIEF IN SUPPORT OF  MOTION IN LIMINE**
**TO EXCLUDE EVIDENCE OF "SURVEILLANCE" VIDEOTAPE**

by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

David L. Glassman, Staff Attorney
Lewisburg Prison Project, Inc.
P.O. Box 128
Lewisburg, PA 17837

/s Anita L. Lightner
Anita L. Lightner
Paralegal Specialist