EXHIBIT A

# LEWISBURG PRISON PROJECT

P.O. Box 128
LEWISBURG, PA 17837-0128

Phone (570)-523-1104
Fax (570)-523-3944

June 19, 2004

Lori C. Cunningham, Supervisory Attorney
U.S.P. – Lewisburg
Legal Department
R.D. #5
Lewisburg, PA  17837

RE:    Retention of videotape
       Gordon v. Gonzalez, et al., 1:CV-01-0331

Dear Lori:

Thank you for your letter of May 25 concerning the above-referenced issue. I am satisfied with the first and third paragraphs of your response. However, I am troubled by your averment in the second paragraph that the surveillance camera system at USP Lewisburg maintains material only for fourteen days.

On April 17, 2001, Mr. Gordon *pro se* filed a "Motion for Production of Evidence." I am enclosing a courtesy copy although I believe that a copy had been sent to you by Anne Fiorenza or Anita Lightner. I refer you to my yellow highlighted clause. Mr. Gordon defined the surveillance tape at issue as being that taken **in front of the mess hall and along the hallway.**

On April 30, 2001, Ms. Fiorenza filed for an enlargement of time. I refer you to the third page at paragraphs ten and eleven of the enclosed copy. Ms. Fiorenza averred that she "contacted legal counsel at USP Lewisburg" to inquire about the existence of "the tape referred to in Gordon's ... motion." I assume that "legal counsel at USP Lewisburg" referred to you. In his motion, Gordon had referred to a tape of the area "in front of the mess hall and along the hallway" (i.e. outside, not inside, of the lieutenant's office). Ms. Fiorenza went onto aver that "the tape" was still in existence. Therefore, Ms. Fiorenza led Mr. Gordon to believe that "the tape referred to" in his motion of the area "in front of the mess hall and along the hallway" was "still in existence" based upon representation by you to that effect.

In the Third Circuit, Mr. Gordon renewed his motion. In her response, Ms. Fiorenza referred back to her April 30, 2001 response in the first footnote to inform the Third Circuit that Lewisburg staff had agreed to preserve "the tape." In her second footnote, Ms. Fiorenza specifically noted her understanding that Gordon was referring to surveillance, not hand-held, videocamera tapes. She specifically expressed concern that any production order arrange for "limited viewing of relevant portions." Why would she delineate such parameters if the entire five minute tape pertained to Mr. Gordon anyway?

In this manner, Ms. Fiorenza reinforced the information to Mr. Gordon that you still preserved "surveillance" videotape "in front of the mess hall and along the hallway" but that she had no obligation yet to produce it.

Now, Mr. Gordon wishes to know why Ms. Fiorenza informed the Court that you had told her that SIS had preserved surveillance videotape requested by Mr. Gordon. You might ask why such tape was relevant even if SIS had preserved it. I believe that such tape would have been relevant towards the background alleged by Mr. Gordon prior to the incident in the Lieutenant's office. That is, Mr. Gordon testified that the Lieutenant showed bias in favor of a Latino inmate in front of the dining hall and against Mr. Gordon, a black inmate. Such videotape would corroborate the credibility of the parties as to whether Lieutenant Gonzalez subsequently wrote up and assaulted Mr. Gordon in retaliation for Mr. Gordon intimating that Gonzalez had shown unprofessional racial bias in the performance of his job while in the presence of the surveillance videocamera.

Mr. Gordon may want me to call you and Ms. Fiorenza as witnesses unless we can clear up this matter before trial. Thank you for your continued cooperation.

Sincerely,

David L. Glassman
Staff Attorney

P.S. I also am enclosing a courtesy copy of our request for x-rays and medical records. I assume that Allenwood staff will be able to assist me directly with that request.

cc:    ✓ Michael Butler, AUSA
       Anita Lightner, Paralegal Specialist
       Juken Gordon

IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FILED**
**HARRISBURG**

APR 1 7 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

JUKEN WASHINGTON GORDON
          Plaintiff,

Vs.,

N.T.GONZALEZ, Set al.,
          Defendants,

CIVIL NO, 1:cv-01-0331

(JUDGE RAMBO)

## MOTION FOR PRODUCTION OF EVIDENCE.

**I** Juken Wsahington Gordon hereby respectfully asking this
Honorable Court, to **ordered** the defendants to produce the serva-
lance vedio tape of the september 9, 2000, tape at the institu-
tion at USP Lewisburg, which was taken on that day infrount the
messhall and along the hall way, This servalance vedio tape is
to plaintiff defense and is very important to plaintiff civil
complaint in this action, of this incident at USP lewisburg in-
stitution. Thank you in advance for your time effort and atten-
tion.

                    Respectfully Submitted

                By_____
                  Juken Washington Gordon

cc: J.W.Gordon Filed

CERTIFICATE OF SERVICE AND PRISONER MAILING

I. Juken Washington Gordon          ,being duly sworn
according to law, hereby depose and say:

1.  I am a prisoner at USP Allenwood, White Deer, PA.

2.  On the  10th  day of  April          , 2001, I
    placed four(4)copies of the attached pleading(s)
    in an envelope addressed to the following party/
    parties: U.S. District Court 228 Walnut Street
    P.O. Box 983 Harrisburg, PA. 17108. and James J.
    West U.S. Attorney P.O. Box 309 Scranton, PA.
    18501.

3.  I then affixed sufficient postage to cover first-
    class U.S. Mail delivery, and placed the package
    in the box reserved for inmate Legal Mail here at
    USP Allenwood on April 10th    , 2001.

SIGN UNDER THE PAIN OF PERJURY ON THIS 10th   DAY
OF     April          ,2001.

ss/ _Luke Gord_

Reg. No. 05373-088
USP Allenwood
P.O. Box 3000
White Deer,PA 17887

1

IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FILED**
**HARRISBURG**

APR 1 7 2001

MARY E. D'ANDREA, CLERK

Per_____

DEPUTY CLERK

JUKEN WASHINGTON GORDON
        Plaintiff,

Vs.,

CIVIL NO, 1:cv-01-0331

(JUDGE RAMBO)

NUYGONZALEZSet al.,
        Defendants,

## MOTION FOR PRODUCTION OF EVIDENCE.

I Juken Wsahington Gordon hereby respectfully asking this
Honorable Court, to ordered the defendants to produce the serva-
lance vedio tape of the september 9, 2000, tape at the institu-
tion at USP Lewisburg, which was taken on that day infrount the
messhall and along the hall way, This servalance vedio tape is
to plaintiff defense and is very important to plaintiff civil
complaint in this action, of this incident at USP lewisburg in-
stitution. Thank you in advance for your time effort and atten-
tion.

Respectfully Submitted

By _____
        Juken Washington Gordon

cc: J.W.Gordon Filed

CERTIFICATE OF SERVICE AND PRISONER MAILING

I. Juken Washington Gordon          ,being duly sworn
according to law, hereby depose and say:

1. I am a prisoner at USP Allenwood, White Deer, PA.

2. On the 10th day of  April         , 2001, I
   placed four(4)copies of the attached pleading(s)
   in an envelope addressed to the following party/
   parties: U.S. District Court 228 Walnut Street
   P.O. Box 983 Harrisburg, PA. 17108. and James J.
   West U.S. Attorney.P.O. Box 309 Scranton, PA.
   18501.

3. I then affixed sufficient postage to cover first-
   class U.S. Mail delivery, and placed the package
   in the box reserved for inmate Legal Mail here at
   USP Allenwood on April 10th    , 2001.

SIGN UNDER THE PAIN OF PERJURY ON THIS 10th   DAY
OF    April          ,2001.

ss/ _Juken Gord_

Reg. No. 05373-088
USP Allenwood
P.O. Box 3000
White Deer,PA 17887



UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

JUKEN WASHINGTON GORDON,          :
                                  :
            Appellant,            :
                                  :
                                  :    Civil No. 1: CV 01-0331
    v.                            :    Court of Appeals No. 01-3676
                                  :
N. GONZALEZ, et al.,              :
                                  :
            Appellee.             :

## APPELLEES' RESPONSE TO MOTION TO PRODUCE VIDEOTAPE

Appellees Gonzalez, et al., hereby respond to the Motion to Produce Videotape as follows:

1. Appellant Juken Washington Gordon sent a letter to this Court dated June 19, 2002, which has been construed as a motion to produce a videotape.

2. Gordon sought production of this tape during the proceedings in the District Court. (Doc #8)

3. The Court deemed the request for production to be withdrawn as moot because Gordon failed to file a brief in support of his request as required under the local rules. (Doc #27)[1]

4. The Court also granted the defendants' motion for a protective order. (Doc #13, 27)

5. Gordon also filed a motion for leave to amend the complaint to add a claim regarding the use of the videotape during his disciplinary hearing. (Doc #38)

6. The District Court denied the motion for leave to amend because the Court determined that amendment would be futile. (Doc #39)

---

[1]The government agreed to preserve the tape. (Doc #10, paragraph 11)

7. Gordon now makes this request, which is essentially a request for discovery, in the context of his appeal.

8. The Rules of Appellate Procedure make no provision for discovery; in contrast, the Rules of Civil Procedure make extensive provision for discovery in the District Court. Fed. R. Civ. Pro., Rule 26-37.

9. Moreover, the disposition of an appeal relies solely on the record created in the District Court. Fed. R. App. Pro. 10.

10. Gordon is not entitled to discovery in his appeal.

11. The access to the videotape is an issue to be resolved if and when this Court reaches the merits of the appeal.

12. If this Court determines that the record is incomplete, it would be appropriate to remand the matter to the District Court to provide for discovery.[2]

WHEREFORE, the appellees request that the motion be denied.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

Anne K. Fiorenza
Assistant United States Attorney
Federal Building, 2nd Floor
228 Walnut Street, PO Box 11754
Harrisburg, PA 17108-1754
Phone: 717-221-4482
Fax: 717-221-2246

---

[2]The government routinely objects to the wholesale production of surveillance video tapes in the prison context because of the potential breach of security. Any production of the tape would have to provide for limited viewing of relevant portions of the tape in a controlled setting. Unrestricted access to the tape might provide information to the inmate which could jeopardize the security of the institution.

# LEWISBURG PRISON PROJECT

P.O. Box 128
LEWISBURG, PA 17837-0128

Phone (570)-523-1104
Fax (570)-523-3944

June 19, 2004

Health Services Department
U.S.P. – Allenwood
P.O. Box 3500
White Deer, PA  17887

RE:    Juken W. Gordon, #05373-088
       *Gordon v. Gonzalez, et al.*, No. 1:CV-01-0331 (Judge Rambo)

To Whom It May Concern:

The U.S. District Court for the Middle District of Pennsylvania has appointed me to represent U.S.P. – Allenwood inmate Juken W. Gordon in the above-referenced lawsuit concerning injuries allegedly sustained by Mr. Gordon on September 9, 2000 while at U.S.P. – Lewisburg.

Before the Court appointed me, Mr. Gordon requested from counsel for the Government a copy of his complete medical file.  In March 2004, Lewisburg Supervisory Attorney Lori Cunningham and the Assistant U.S. Attorney responded that Gordon could obtain medical records by addressing a request to you.

I am enclosing for you an original Certification of Identity signed for me by Mr. Gordon on June 1, 2004.  Could you please mail to me copies of his following medical records:

1)    **AP and Lateral x-ray films** of the back/ torso of Mr. Gordon. See, e.g., reference to such films in the 12-19-00 orthopedic report of outside specialist Dr. William Reish, as approved by Dr. Devan Chanmugam.  I am uncertain as to the date when the x-rays actually were performed.  I need originals or copies of the actual films themselves for analysis by an expert witness.

2)    **Medical records from 1997 through 12-19-00** (excluding dental and optical records).  I wish to review whether Mr. Gordon had any pre-existing chronic back problems prior to 2000.

The Court continued trial in this matter at my request so that I could ask you for these records. I am agreeable to returning any or all of the above films and records to you upon the completion of our case if you desire. Please call me as soon as possible if you require anything additional from me to comply with this request. Thank you for your anticipated cooperation.

Sincerely,

David L. Glassman
Staff Attorney

cc:    Michael J. Butler, AUSA
       Lori C. Cunningham, Supervisory Attorney
       Michael Sullivan, Staff Attorney
       Anita Lightner, Paralegal Specialist
       Juken W. Gordon, #05373-088

EXHIBIT B



**U.S. Department of Justice**

*Thomas A. Marino*
*United States Attorney*
*Middle District of Pennsylvania*

---

*William J. Nealon Federal Building*
*Suite 311*
*235 N. Washington Avenue*
*P.O. Box 309*
*Scranton, PA 18501-0309*
*(570) 348-2800*
*FAX (570) 348-2816/348-2830*

*Harrisburg Federal Building and*
*Courthouse, Suite 220*
*228 Walnut Street*
*P.O. Box 11754*
*Harrisburg, PA 17108-1754*
*(717) 221-4482*
*FAX (717) 221-4582/221-2246*

*Herman T. Schneebeli Federal Building*
*Suite 316*
*240 West Third Street*
*Williamsport, PA 17701-6465*
*(570) 326-1935*
*FAX (570) 326-7916*

*Please respond to:* _____ *Harrisburg, PA* ___

June 24, 2004

David L. Glassman, Esquire
Lewisburg Prison Project
P.O. Box 128
Lewisburg, PA 17837-0128

    Re:   Gordon v. Gonzalez, M.D. Pa. 1:CV-01-0331 (Rambo, J)

Dear David:

    I am in receipt of your June 19, 2004 letter to Lori C.
Cunningham, Supervisory Attorney to U.S.P. Lewisburg, and I write
to respond to your concerns over Ms. Cunningham's May 25, 2004
letter to you.

    In your June 19 letter, you make reference to an April 17,
2001 "Motion for Production of Evidence" filed by Plaintiff and
his renewed motion to the Third Circuit.  In Defendants'
responses to Plaintiff's motions and consistently throughout this
litigation, Defendants noted that there is one video tape in
existence.  We provided that one video tape to you on April 5,
2004.

    You make reference to a footnote by Defendants (Appellees)
in their Response to Motion to Produce Videotape.  In that
footnote, Defendants stated that the Government routinely objects
to wholesale production of "surveillance video tapes."  This was
a general notation.  Contrary to your June 19 letter, the
footnote, nowhere, references the videotape at issue in this
case.  In addition, Defendants do not mean to parse words, but a
"hand-held" video camera can be a "surveillance" camera.

    We understand that no other tape exists or has existed since

the filing of your client's law suit. Defendants did not intend to confuse Plaintiff or you into believing that another tape has existed. To the contrary, we have reiterated to your client on several occasions that no other tape exists.

I hope this addresses your concerns. If you have any questions, please call me.

Sincerely,

THOMAS A. MARINO
United States Attorney

Michael J. Butler
Assistant United States Attorney

cc:  Lori C. Cunningham, Supervisory Attorney
     Anita Lightner, Paralegal Specialist