UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUKEN W. GORDON, | : | Civil Action No. 1:CV-01-0331 |
| Plaintiff, | : | |
| v. | : | (Rambo, J.) |
| | : | |
| N. GONZALEZ, *et al.*, | : | Filed Electronically |
| Defendants. | : | |

<u>EXHIBITS IN SUPPORT OF
PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF "SURVEILLANCE" VIDEOTAPE</u>

Respectfully Submitted,
LEWISBURG PRISON PROJECT
BY:  s/David L. Glassman, Staff Attorney
P.O. Box 128
Lewisburg, PA 17837
Phone:  (570)523-1104
Fax:     (570)523-3944
Email:  david_glassman@hotmail.com
PA Bar 51200
Attorney for Plaintiff Juken W. Gordon

Date: September 23, 2004

# *Table of Contents*

| Exhibit | Description |
|---------|-------------|
| A | Letter dated May 25th, 2004 from Attorney Cunningham to Attorney Glassman |
| B | Defendant's response to Plaintiff's request for discovery of documents |
| C | Letter dated April 5th, 2004 from Attorney Butler to Attorney Glassman |
| D | Deposition of Juken W. Gordon (Excerpt) |
| E | Letter dated May 17th, 2004 from Attorney Glassman to Attorney Butler |

**A**

U.S. Department of Justice

Federal Bureau of Prisons

*U.S. Penitentiary*

RECEIVED JUN 0 1 2004

*Lewisburg, PA  17837*

May 25, 2004

David Glassman, Esq.
Lewisburg Prison Project
434 Market Street
Lewisburg, PA 17837

Re:   Retention of videotape
      <u>Gordon v. Gonzalez, etal,</u>  1:CV-01-0331

Dear David:

Bureau of Prisons Program Statement 5566.05, <u>Use of Force and Application of Restraints on Inmates</u>, provides that staff should "record with a video camera any use of force incident" as quickly as the situation reasonable allows.    This Program Statement also provides that the videotape be maintained for a minimum of two and one-half years.    The videotape you were provided with was such a tape and is the only videotape existing concerning inmate Gordon's case.

While USP Lewisburg has many surveillance cameras with recording capability mounted at various areas throughout the institution, there is no national policy on the retention of that material.   The use of surveillance cameras varies from institution to institution.   The technology used in these systems also varies, as do the time frames after which the different systems "tape over" existing material.    This time period is governed by specific camera system technology, not Bureau policy.   The system at USP Lewisburg maintains material for fourteen days.

Contrary to inmate Gordon's allegation, there was not a surveillance camera in the Lieutenant's Office during the time period relevant to his complaint.

I trust this answers your questions.

Sincerely,

Lori Cunningham
Supervisory Attorney

                    cc: Michael Butler, AUSA

                    EXHIBIT "A"

TAM:GMT:all

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,           :
                                   :
              Plaintiff,           :    Civil No. 1:CV-01-0331
                                   :
              v.                   :    (Judge Rambo)
                                   :
N. Gonzalez, et al.,               :
                                   :
              Defendants.          :

### Defendant's Response to "Plaintiff's Request for Discovery of Documents Pursuant to Federal Rule of Civil Procedure 34"

NOW COME Defendants, by and through undersigned counsel, to respond to "Plaintiff's Request for Discovery of Documents Pursuant to Federal Rule of Civil Procedure 34" as follows:

**Request No.1:**

Any documents, statement or reports submitted by any person, witness or official relative to this matter.

**Response:**

Defendants object to this request as being overly broad. Without waiving their objection, to the extent a response can be provided, on June 15, 2001, Plaintiff was provided with copies of

EXHIBIT "B"

the following documents as exhibits in support of Defendants'
motion to dismiss the complaint or, in the alternative, for
summary judgment:

1. Disciplinary Incident Report received by Plaintiff on September 9, 2000, for Threatening, Attempted Assault, and Refusing an Order;

2. Disciplinary Hearing Officer's Report from Plaintiff's September 20, 2000, DHO hearing on this matter;

3. Injury Assessment form;

4. Memorandum of J.A. Candelora;

5. Memorandum of G. Shuck;

6. Memorandum of B. Shuman;

7. Memorandum of N. Gonzalez;

8. Inmate Rights at Disciplinary Hearing form;

9. Orthopedic consult notes, dated December 19, 2000;

10. Declaration of N. Gonzalez;

11. Declaration of S. Puckey;

12. Declaration of M. Peoria;

13. Declaration of G. Shuck;

14. Declaration of J. Candelora; and

15. Declaration of B. Shuman.

**Request No.2:**

Any document which would show identify (*sic*) of potential
witnesses in the instant matter.

2

**Response:**

Defendants object to this request as being vague. Without waiving their objection, to the extent a response can be provided, Plaintiff has been provided with copies of the documents described in the response to Request No.1. A defense witness list has not yet been established. Should this case proceed to trial, a trial witness list will be provided to Plaintiff.

**Request No.3:**

Documentation relied upon to support claims and denials.

**Response:**

Defendants object to this request as being vague. Defendants are uncertain as to the specific information Plaintiff is seeking through this interrogatory. It is not clear what "claims and denials" Plaintiff is referencing. Without waiving their objection, to the extent a response can be provided, Plaintiff has been provided with copies of the documents described in the response to Request No.1.

**Request No.4:**

Copies of all memorandum, reports, all back x-ray reports and film results. All documents request are maintained in the possession of the defendant.

3

**Response:**

Defendants respectfully object to this request as being vague and overly broad.  Without waiving their objection, to the extent a response can be provided, Plaintiff has been provided with copies of the documents listed in Response No.1.  With regard to his medical records, Plaintiff has access to his medical file at USP Allenwood and may request copies of specific documents or of his complete medical file directly from the Health Services Department.  Defendants note that Plaintiff's medical file indicates that in August, 2003, Plaintiff requested and received copies of his medical records from June, 2002 to August, 2003.

**Unnumbered Request:**

Copy of surveillance video tape of September 9, 2000 at Lewisburg.  Audio tape recording of December 19, 2000, between Dr. Reish and plaintiff meeting and interviewed (sic) at Allenwood.

**Response:**

The relevant September 9, 2000 surveillance videotape from USP Lewisburg will be made available for Plaintiff to review. Defendants have no knowledge of the existence of the "audio tape" Plaintiff requests, and have no such audio tapes in their possession.

4

**Request No.5:**

Copies of all federal institution, Lewisburg electronic,
data print out and logging relating to the instant matter.  All
request are made pursuant to federal rules of civil procedure 34
and 35(a)(b).

**Response:**

Defendants respectfully object to this request as being
vague, unclear, and overly broad.  Defendants are uncertain as
to what specific "electronic, data print out and logging" records
Plaintiff is referencing.  Without waiving their objection, to
the extent a response can be provided, Plaintiff has been
provided with copies of the documents listed in Response No.1.
Plaintiff is also directed to Defendant's responses to Request
No. 4 and the unnumbered Request noted above.

**Request No.6:**

All copies of plaintiff Medical reports of the September 9,
2000, back injuries at USP Lewisburg.  Any material bearing on
the nature and extend (*sic*) of the plaintiff injuries suffered.

**Response:**

Plaintiff has access to his medical file at USP Allenwood
and may request copies of specific documents or of his complete
medical file directly from the Health Services Department.
Defendants note that Plaintiff's medical file indicates that in

5

August, 2003, Plaintiff requested and received copies of his
medical records from June, 2002 to August, 2003.

Responses submitted by,

LORI C. CUNNINGHAM
Supervisory Attorney
United States Penitentiary
Lewisburg, Pennsylvania


Objections by,

THOMAS A. MARINO
United States Attorney

MICHAEL J. BUTLER
Assistant U.S. Attorney
Attorney I.D. No. 81799
ANITA L. LIGHTNER
Paralegal Specialist
U.S. Attorney's Office
228 Walnut Street, 2nd Floor
Harrisburg, PA 17108-1754
Phone: 717-221-4482
Fax: 717-221-2246


Dated: March 10, 2004

6

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Juken Washington Gordon,<br>  Plaintiff | )<br>)<br>) | |
| v. | )<br>) | No. 1:CV-01-0331 |
| N. Gonzalez,  etal<br>  Defendant | )<br>)<br>)<br>) | |

## VERIFICATION

I, L. Cunningham, hereby state pursuant to the penalties of perjury at 28 U.S.C. § 1746, that responses presented in <u>Defendant's Response to Plaintiff's Request for Discovery of Documents Pursuant to Federal Rule of Civil Procedure 34</u> are true and correct.


L. Cunningham
Supervisory Attorney
United States Penitentiary
Lewisburg, PA


Executed _March 5, 2004_ .

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,       :
                               :
          Plaintiff,           :   Civil No. 1:CV-01-0331
                               :
          v.                   :   (Judge Rambo)
                               :
N. Gonzalez, et al.,           :
                               :
          Defendants.          :

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on March 10, 2004, she served a copy of the attached

### Defendant's Response to "Plaintiff's Request for Discovery of Documents Pursuant to Federal Rule of Civil Procedure 34"

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

Juken Washington Gordon
Reg. No. 05373-088
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

David L. Glassman, Staff Attorney
Lewisburg Prison Project, Inc.
P.O. Box 128
Lewisburg, PA 17837

DAWN L. MAYKO
Paralegal Specialist



**U.S. Department of Justice**

*Thomas A. Marino*
United States Attorney
Middle District of Pennsylvania

---

*William J. Nealon Federal Building*
*Suite 311*
*235 N. Washington Avenue*
*P.O. Box 309*
*Scranton, PA 18501-0309*
*(570) 348-2800*
*FAX (570) 348-2816/348-2830*

*Harrisburg Federal Building and*
*Courthouse, Suite 220*
*228 Walnut Street*
*P.O. Box 11754*
*Harrisburg, PA 17108-1754*
*(717) 221-4482*
*FAX (717) 221-4582/221-2246*

*Herman T. Schneebeli Federal Building*
*Suite 316*
*240 West Third Street*
*Williamsport, PA 17701-6465*
*(570) 326-1935*
*FAX (570) 326-7916*

*Please respond to:* _____Harrisburg, PA_____

April 5, 2004

David L. Glassman, Esquire
Lewisburg Prison Project
P.O. Box 128
Lewisburg, PA 17837-0128

    Re:  <u>Gordon v. Gonzalez, M.D. Pa. 1:CV-01-0331 (Rambo, J)</u>

Dear David:

    As we discussed on Thursday, April 1, 2004, I enclose a copy
of a video tape that relates to allegations in the above
captioned matter.  I have also signed the Stipulation that you
provided to me and enclose a copy of it too.

    If you have any questions, please call me.

                    Sincerely,

                    THOMAS A. MARINO
                    United States Attorney

                    Michael J. Butler
                    Assistant United States Attorney

Enclosures


                    EXHIBIT "C"



1    UNITED STATES DISTRICT COURT
     MIDDLE DISTRICT OF PENNSYLVANIA
2

JUKEN WASHINGTON GORDON,        :
3                   Plaintiff
                                :
4
          vs.                   :   NO. 1:CV-01-0331
5
                                :
6    N. GONZALEZ, et al.,
                    Defendants :
7
                                        COPY
8

9

10         Deposition of:   JUKEN WASHINGTON GORDON

11         Taken by     :   Defendants

12         Before       :   Faith A. Culp
                            Reporter-Notary Public
13
           Beginning    :   May 3, 2004; 10:00 a.m.
14
           Place        :   Allenwood Federal Penitentiary
15                          White Deer, Pennsylvania

16

17

18
COUNSEL PRESENT:
19
      DAVID L. GLASSMAN, ESQUIRE
20    Lewisburg Prison Project, Inc.
      P.O. Box 128
21    Lewisburg, Pennsylvania  17837
           For - Plaintiff
22
      MICHAEL J. BUTLER, ESQUIRE
23    United States Attorney's Office
      228 Walnut Street
24    P.O. Box 11754
      Harrisburg, Pennsylvania  17101
25         For - Defendants


              ERVIN BLANK ASSOCIATES


                  EXHIBIT "D"

GORDON - DIRECT                                      34

1    unit?

2        A      Um-hum.

3        Q      How many officers took you to -- correctional

4    officers took you there?

5        A      I can't even recall how many of them took me.

6    That's why if we had the surveillance videotape, then we

7    could know exactly the numbers of officers who took us down

8    there -- took me down there.

9        Q      You mentioned the surveillance tape.  Why do you

10   think there's a surveillance tape?

11       A      There is.  There is a surveillance tape.  Had I

12   did anything to any of those officers, that tape would have

13   been presented and further would have even bring maybe

14   charges against me if --

15       Q      I'm sorry.  Go on.

16       A      If there was -- if I did anything to them.  And

17   that is why they don't want to present that tape.

18       Q      Did you see a video recorder or anything like

19   that in the lieutenant's office while this was going on?

20       A      It's a camera in there, too.

21       Q      How do you know?

22       A      It's on the wall.

23       Q      Where is it at on the wall?

24       A      It's just like on the wall.  I can't say it's on

25   that wall or this wall or that wall.  But I know there's a

ERVIN BLANK ASSOCIATES

May 17, 2004

Michael J. Butler, Assistant U.S. Attorney
Office of the U.S. Attorney General - Civil Division
Department of Justice
Harrisburg Federal Building
P.O. Box 11754
Harrisburg, PA  17108-1754

RE:    *Gordon v. Gonzalez, et al.,* No. 1:CV-01-0331 (Rambo)

Dear Mr. Butler:

I wish for the Court to exclude from evidence the criminal record of Mr. Gordon as legally irrelevant.  Additionally, I wish for the Court to exclude the adjudication of guilt by the Disciplinary Hearing Officer against Mr. Gordon concerning the ultimate issue in this matter as to which party assaulted the other.  Do you concur with either of these requests?

Also, on April 12, I wrote you concerning additional videotapes.  On May 3, you told me that you were puzzled as to why Mr. Gordon believes that surveillance videotapes exist.  On March 10, your staff wrote to Mr. Gordon that the "relevant September 9, 2000 surveillance videotape from USP Lewisburg will be made available for Plaintiff to review."  I added the emphasis.  Specifically, this response is on page four of Defendants' Response to Plaintiff's Request for Production of Documents.  On May 3, Ms. Cunningham told me that she intended to respond to my April 12 letter on your behalf.  I still await a response.

Finally, Dr. Reish now is retired from Sun Orthopaedic Group.  Does your original of his medical report of December 19, 2000 cut off in mid-sentence at the end?  If not, could you please furnish me with a complete copy?  Thank you.

Sincerely,

David L. Glassman
Staff Attorney

EXHIBIT "E"

5/21/04   TC from Anita:
Mr. Butler is out of the office. D/K his position.
Telephone message from Mr. Butler:
Does not concur w/Motion in Limine.
Has no other videotapes (surveillance or otherwise).
In South Carolina for several weeks.

EXHIBIT "E"

## CERTIFICATE OF SERVICE

I certify that I served today the foregoing "Exhibits in Support of

Plaintiff's Brief in Opposition to Defendants' Motion in Limine to Exclude

Evidence of 'Surveillance' Videotape" in the following manner upon the

following person:

**SENT VIA ECF NOTICE TO**:
Michael J. Butler
Assistant U.S. Attorney
Michael.J.Butler@usdoj.gov

s/David L. Glassman, Staff Attorney
Attorney for Plaintiff Juken Gordon

Date:  September 23, 2004