UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUKEN W. GORDON, | : | Civil Action No. 1:CV-01-0331 |
| Plaintiff, | : | |
| v. | : | (Rambo, J.) |
| | : | |
| N. GONZALEZ, *et al.*, | : | Filed Electronically |
| Defendants. | : | |

MOTION BY COUNSEL FOR PLAINTIFF
FOR LEAVE TO WITHDRAW

AND NOW comes David L. Glassman, attorney for plaintiff Juken Washington Gordon, to request leave to withdraw as counsel pursuant to Local Rule 83.15 for the following reasons:

1. In 2003, the defendants conceded to the U.S. Court of Appeals for the Third Circuit that Mr. Gordon had presented "genuine issues of material fact concerning the extent of Gordon's injuries" sustained on September 9, 2000. (Doc. No. 66, Government's Brief at 5).

2. On December 12, 2003, the Third Circuit reversed and remanded this case to this court for trial based upon the concession by the defendants.

3. On January 15, 2004, Mr. Gordon filed a motion for appointment of counsel pursuant to 28 U.S.C. §1915(e)(1). See also Local Rule 83.34.1 (Indigent Litigant Application for a Volunteer Attorney).

4.On January 15, 2004, the court presented a request for a volunteer attorney to the pro bono chair of the Middle District Chapter to the Federal Bar Association pursuant to Local Rule 83.34.3.

5.Specifically, the court sought to appoint counsel for performance of "a preliminary investigation into the facts surrounding this matter."

6.The court also stated that the court would withdraw the referral and terminate the appointment if the volunteer attorney feels after the preliminary investigation that the complaint is unwarranted.

7.On January 23, 2004, the FBA pro bono chair contacted undersigned counsel to refer Mr. Gordon for pro bono representation. Undersigned counsel agreed to consider representation.

8.Undersigned counsel proceeded to review the materials furnished by the court as well as a portion of the PACER docket. (Doc. 75).

9.On February 25, 2004, undersigned counsel wrote to inform the pro bono chair that undersigned counsel was willing to accept a provisional appointment as counsel for Mr. Gordon. Id.

10.On March 4, 2004, undersigned counsel entered his "provisional appearance" as counsel for Mr. Gordon in order to perform a "preliminary investigation into the facts surrounding this matter." (Doc. 76).

11. Undersigned counsel initially believed that the medical staff at the Federal Bureau of Prisons took x-rays of the back of Mr. Gordon several months after the September 2000 incident and shortly before his December 2000 visit with William Gale Reish, M.D., the outside orthopedic specialist.

12. In July 2004, the defense produced additional medical records which revealed that the BOP medical staff had taken the x-rays of the back of Mr. Gordon less than one week after the September 2000 incident.

13. In July 2004, the defense also produced to undersigned counsel an improved photocopy of the December 2000 report of Doctor Reish.

14. Mr. Gordon has maintained that the report of Doctor Reish established that the defendants fractured his back because Dr. Sonya Pfeffer of New York had found no spinal fractures on his 1997 post-accident MRI.

15. However, on September 19, 2000, BOP radiologist Thomas J. Payne, III, M.D. found "no evidence of an <u>acute</u> fracture" in the September 14, 2000 x-rays. (Emphasis added).

16. On the other hand, Dr. Reish never stated that he found evidence of an "acute" (i.e. obvious, sudden, or recent) fracture on the x-rays.

17. Furthermore, Dr. Reish made no reference to having been provided by Physician Assistant John Panell with the report of Dr. Payne from the chart of Mr. Gordon before examining Gordon and the x-rays.

18. On September 7, 2004, the Lewisburg Prison Project staff delivered a deposition subpoena to the residence of the retired Dr. Reish.

19. On September 8, 2004, Attorney Evan Black, counsel for Dr. Reish, called to inform undersigned counsel that Dr. Reish had pre-existing plans to leave for China on the scheduled deposition date but that Dr. Reish was amenable to cooperating presently with the investigation of counsel.

20. On September 8, 2004, Dr. Reish called undersigned counsel.

21. Dr. Reish advised undersigned counsel that the bone spur (i.e. "hypertrophic formation") on the lumbar spine endplate of Mr. Gordon only could have developed following a passage of time of at least three months from the date of a traumatic incident.

22. Therefore, in the opinion of Dr. Reish, the bone spur could not have been caused by the defendants because the incident occurred merely five days before the x-rays which show the bone spur.

23. Earlier in the Summer of 2004, Mr. Gordon requested an evaluation by another orthopedic physician.

24. Accordingly, the Lewisburg Prison Project paid $250 to Dr. Stanley Askin, an orthopedic physician with prior experience as an expert witness for a plaintiff in a case before The Honorable Malcolm Muir, U.S. District Judge.

25. Doctor Askin reviewed the BOP x-rays and medical records as well as the New York auto accident MRI reports and medical records of Mr. Gordon.

26. In the opinion of Dr. Askin, there was no medical evidence that Mr. Gordon incurred a substantive change of his physical condition on September 9, 2000.

27. Undersigned counsel advised Mr. Gordon that the former was willing to represent him at trial only on a simple credibility issue between Gordon and the defendants but that insufficient evidence exists to litigate a complex medical claim that the defendants had fractured his back.

28. On August 11, 2004, Mr. Gordon wrote to undersigned counsel that Dr. Askin and undersigned counsel are part of a "conspiracy" to "misrepresent the facts" about his injury.

29. Mr. Gordon has requested undersigned counsel to impeach the credibility of U.S.P. Lewisburg Nurse Hope Zeiber, P.A. Mark Peoria, Dr. Payne, and Dr. Reish.

30. On August 17, 2004, Mr. Gordon mailed to undersigned counsel copies of a proffered "*pro se*" motion and brief concerning his medical condition.

31. On August 20, 2004, Mr. Gordon called undersigned counsel to ask counsel to file his motion and brief for him.

32. Undersigned counsel informed Mr. Gordon that the former found no lawful reason to file his proffered documents, explained that the New York physicians are beyond the subpoena jurisdiction of this court, and that their reports likely are admissible as hearsay exceptions without their testimony.

33. On August 25, 2004, Mr. Gordon filed his *pro se* motions and brief anyway in complete contravention to the instructions of undersigned counsel on August 20 not to do so. (Doc. No. 92-94).

34. Mr. Gordon intends to testify that he suffered merely insignificant pain following the 1997 auto accident despite a thick auto insurance medical file which indicates substantial pain, including the issuance of a back brace to him on the day before his arrest.

35. Undersigned counsel could have completed his investigation sooner but for the lack of cooperation by Dr. Reish and the failure of defense

counsel to contact counsel for a month with respect to a convenient deposition date.

37.	In the opinion of this FBA volunteer, the claim of plaintiff Juken Gordon may have merit only for the reasons given by the Third Circuit.

38.	In the opinion of this FBA volunteer, the claim of plaintiff Juken Gordon that the defendants fractured his back has no merit.

39.	Both Doctors Reish and Askin informed undersigned counsel that Mr. Gordon likely has a bad back unrelated medically to the incident of September 9, 2000.

40.	As such, this FBA volunteer feels that the complaint of Mr. Gordon is unwarranted insofar as the latter desires a litigation theory that the defendants caused his entire back problem.

WHEREFORE, counsel for plaintiff Juken Gordon requests leave to withdraw as counsel for Mr. Gordon.

          Respectfully Submitted,

          LEWISBURG PRISON PROJECT
BY:  <u>s/David L. Glassman</u>, Staff Attorney
        P.O. Box 128
        Lewisburg, PA 17837
        Phone:  (570)523-1104
        Fax:     (570)523-3944
        Email:  david_glassman@hotmail.com
        PA Bar 51200
        Attorney for Plaintiff Juken W. Gordon

Date:  September 24, 2004

CERTIFICATE OF SERVICE

I certify that I served today the foregoing "Motion by Counsel for Plaintiff for Leave to Withdraw" in the following manner upon the following persons:

**SENT VIA ECF NOTICE TO**:
Michael J. Butler
Assistant U.S. Attorney
Michael.J.Butler@usdoj.gov

**SENT VIA FIRST-CLASS U.S. MAIL TO:**
Juken W. Gordon, #05373-088
U.S.P. – Allenwood
P.O. Box 3000
White Deer, PA  17887

and

Charles Rubendall, III, Esq.
FBA Pro Bono Chair
Keefer, Wood, Allen & Rahal
P.O. Box 11963
Harrisburg, PA 17108

                                        s/David L. Glassman, Staff Attorney
                                        Attorney for Plaintiff Juken Gordon

Date:  September 24, 2004