1 t. Ct.

ORIGINAL

UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF PENNSYLVANIA


JUKEN WASHINGTON GORDON,
       Plaintiff,


Vs.,                                              Civil Action No. 1:cv-01-0331
                                                      (Judge Rambo)


N. GONZALEZ, EL AL.,
      Defendants,



MOTION IN RESPONSE TO MOTION FILED
BY MR. DAVID L. GLASSMAN TO WITHDRAW AS
COUNSEL. PLAINTIFF REQUEST FOR HIS APPE-
LLATE ATTORNEY BE APPOINTED PURSUANT TO
28 U.S.C. § 1915 (e)(1).

    COMES NOW, Juken W. Gordon, plaintiff pro-se respectfully re-
sponse to motion filed by Mr. David L. Glassman to withdraw as counsel.
Plaintiff request for his appellate attorney be appointed, if the court
grant the motion filed by Mr. Glassman, Esq.

    1. On September 22, 2004 Mr. Glassman, wrote to inform the plain-
tiff that, finally, he believe that our attorney-client relationship
has broken down and is irreparable. Mr. Glassman continues to states,
Clearly, we have different opinions concerning the merit of your theory
of the case. See letter dated September 22, 2004 attached.

    2. Plaintiff do not believe that our attorney-client relationship
has broken down to which it is irreparable. Mr. Glassman and plaintiff
do have different of opinions on the extent of plaintiff injuries.
Plaintiff continues to suffer pain from the assault on September 9, 2000.
Mr. Glassman do not feel the same pain the plaintiff is feeling. Furth-
ermore, in 1997 Mr. Harold S. Parnes, M.D. radiologist conducted two MRI

examination on the plaintiff back and found <u>no</u> <u>fractures</u>. In July 1998 Dr. Sondra J. Pfeffer, M.D. Diplomate in Radiology examined the same MRI flims and found neither <u>fractures</u> nor <u>disc injuries.</u>

3. On September 14, 2004 prison staff took x-rays of the plaintiff back. On September 19, 2000 Dr. Thomas Payne, radiologist found no evidence of a fractures following review of the plaintiff x-rays. On December 19, 2000 Dr. Reish, an outside orthopedic back specialist consultant review the (same x-rays) and diagnosed plaintiff with <u>residual compression fractures</u> with a <u>deterriorating disc.</u>

4. Plaintiff have repeatedly have requested and asked Mr. Glassman to file a motion on plaintiff behalf in this court for the plaintiff to get an back MRI examination to fully assess the plaintiff injuries. Mr. Glassman, out right stated in his <u>September 22, 2004 letter</u> that <u>I will file no such motion.</u> (see letter attached). Any reasonable attorney's would have ask for an MRI for his client to be conducted to fully assess the damages, which a normal x-ray's cannot discover.[1] That is why counsel in 1997 car accident make sure plaintiff had a MRI taken to determined accuretly if there any injuries to his back. Plaintiff request to Mr. Glassman was reasonable.

---

1. Counsel (on paragraph 26) made a conclusive statement based on Dr. Askin review of 1997 MRI medical reports of Dr. Sondra J. Pfeffer, diplomate in radiology, and September 9, 2000 x-rays, that no change took place. <u>1997 MRI's</u> medical reports prove that plaintiff had <u>no fractures</u> from his 1997 car accident. There should no dispute about the <u>causation</u> of the plaintiff injuries, that the defendants are solely responsible for the plaintiff persent condition. <u>See Mr. Glassman Letter dated September 9, 2004 attached.</u>

5. Mr. Glassman violated <u>local rule L.R. 83.2.7 extrajudicial statements by attorney in civil case.</u> In counsel motion to withdraw counsel vioces his own opinion as a <u>lawyer</u> about the extent of plaintiff complained of injuries to his back, as a medical expert would, without the experience of one and, no MRI which detail any injury. <u>See paragraph 38,39, and 40</u> in counsel motion to withdraw.

6. Plaintiff have repeatedly requested and asked attorney Glassman to depose Mr. Harold S. Parnes, M.D. and Ms. Sondra J. Pfeffer, M.D. about any "residual compression fractures or deterriorating disc injuries from the plaintiff 1997 car accident. that their deposition admitted into evidence at trial. Mr. Glassman wrote in his <u>August 30, 2004 letter</u> and stated. I will not allow you to waste my time by asking me to drive out of state to depose doctors whose medical records already are admissible as evidence. Mr. Glassman also stated in his <u>August 16, 2004</u> letter, you are making way too much of a fuss over the medical records. Rule 803(4) of Federal Rule of Evidence allow us to intorduce medical records into evidence without calling the authors of those records as witnesses. Mr. Glassman continued to wrote in that same letter, in my opinion, the defendants will abandon their argument that you sustained a compression fractures in your 1997 auto accident.

WHEREFORE, if the court grant counsel motion. Plaintiff respectfully request that this court appoint his appellate attorney, because he is familiar with the facts of this case, furthermore, it will assist in the trial schedule with no continuance needed to prepare for trial.

Respectfully Submitted

By _Juken Gordon_
Juken Washington Gordon, Pro-se

Dated: 9/28/2004

2.



# LEWISBURG PRISON PROJECT

P.O. Box 128
Lewisburg PA 17837

Ph: 570.523.1104  Fax: 570.523.3944
Email: prisonproject@dejazzd.com

Organized in 1973

September 22, 2004

Juken Gordon, #05373-088
U.S.P. Allenwood
P.O. Box 3000
White Deer, PA 17887

Dear Mr. Gordon:

On September 16, Judge Rambo re-listed your case for a jury, not judge, trial. I am enclosing copies of her order and the Response of the defendants for your records.

On September 15, you wrote that you refused to stand by and allow Dr. Askin to "misrepresent the facts" about your injuries. On September 16, Mr. Butler called to ask if he had my consent to exclude all reference to Doctor Askin from your trial since I had sent him no copy of the report of Dr. Askin. I consented. Therefore, neither Dr. Askin nor his report will be at your trial.

On September 11, you requested me to subpoena Dr. Reish for your trial. I will not subpoena him to your trial. I only subpoena people to trial who will help my client win a case. Dr. Reish will hurt your case if we subpoena him to trial. The law seldom permits a party to subpoena a "hostile" witness to testify. You admit that you believe that Dr. Reish has lied several times. I have no idea why you want to subpoena someone who you know will hurt your case. The defendants are welcome to subpoena him if they think he will help their case. Then, we can cross-examine him. On rebuttal, you can testify if you want that he lied about what you told him.

Also, you requested a copy of the "telephone transcript" between Dr. Reish and I. Neither the Bureau of Prisons nor the FBI monitors or taps into the Lewisburg Prison Project phones as far as I am aware. I did not audiotape his phone call to me. Likewise, I did not request his permission to tape his conversation with me. Therefore, no transcript is available. I regret that you are unable to trust my description of that conversation.

Mr. Butler has filed a motion *in limine* to exclude as irrelevant all reference to our allegation of surveillance videotape destruction. I agree with you that this issue is relevant. Therefore, I intend to file a brief in opposition to his motion and brief.

In the last paragraph of your September 11 letter, you wrote that the defendants "reaggravated" any 1997 back injury. I agree with you on that point. Unfortunately, on September 15, you wrote that you had "no bad back or back pain prior to" the assault. I am uncertain as to what you mean by "prior to".

I am unwilling to stand by and allow you to testify that you experienced no back pain in 1997 following the accident. You told too many New York doctors in 1997 that you experienced back pain according to their records in the State Farm file. I am willing to allow you to testify that you had no back pain from the date of your arrest until the assault.

On September 15, you requested me to send a copy of your BOP x-rays to Mrs. Gordon. The x-rays belong to the BOP. I have no authority from the BOP to send copies to Mrs. Gordon. At the conclusion of my representation, I will return my copy to the Allenwood medical department.

You also requested me to me to produce and send you a copy of the videotape. Likewise, the videotape copy belongs to the BOP. I have no authority to send you a copy. Additionally, I doubt that Allenwood staff will authorize you to possess a videotape even for court purposes.

You repeatedly have requested me to file your motion for a new MRI. I will file no such motion. I advise you to submit a request slip or BP-8 for the Allenwood medical staff to consider such a request. In a closing argument to the jury, we can argue that the medical staff should have conducted an MRI on your back to confirm the x-ray report of no fractures.

Finally, I believe that our attorney-client relationship has broken down and is irreparable. Clearly, we have different opinions concerning the merit of your theory of the case. I have told you that I have no objection to presentation of your testimony that the defendants assaulted you, especially since the Third Circuit ruled that you absolutely have that right. You were there in 2000 when this happened to you whereas I was not there. However, I am unwilling to present your theory that the defendants fractured your back. In my opinion, neither the auto accident nor the assault caused a fracture to your back.

Judge Rambo appointed me to investigate whether your case has merit. I believe that your case has merit. However, I believe that your theory of your case has no merit. For that reason, I intend to file a motion to withdraw as counsel from your case. She may deny my motion due to the number of prior trial continuances, our proximity to your current trial date, potential unfairness to you if you have inadequate opportunity to prepare your own case for trial without another continuance, and so forth. We will be stuck with each other if she denies my motion. I then will do what I can to present your case at trial in a professional manner without intent to prejudice you.

Sincerely,

David L. Glassman
Staff Attorney

enclosures



# LEWISBURG PRISON PROJECT

P.O. Box 128
Lewisburg PA  17837

Organized in 1973

Ph: 570.523.1104  Fax: 570.523.3944
Email: prisonproject@dejazzd.com

September 9, 2004

Juken Gordon, #05373-088
U.S.P. Allenwood
P.O. Box 3000
White Deer, PA  17887

Dear Mr. Gordon:

On September 7, my intern served a subpoena upon Mrs. Reish to give to Dr. Reish, her husband. Yesterday, Evan Black, private attorney for Dr. Reish, called me several times. Mr. Black informed me that Dr. Reish had plans to leave for China on September 14. I explained to Mr. Black that Dr. Reish had been uncooperative with our investigation to date and so I felt little compassion for the plans of his client. Mr. Black asked if I would drop the subpoena if Dr. Reish called me on the phone to cooperate and answer questions. I agreed.

Yesterday afternoon, Dr. Reish called and spoke with Prison Project paralegal Karl Patten and myself. Dr. Reish initially expressed surprise that someone had photocopied his report improperly but I explained that was what the prison staff gave us.

I asked what he meant when he said, at the end of the second paragraph of his report, that you had "no significant change." Reish replied that he believed you to have told him that the pain in your back felt about the same before and after the September 2000 incident with the guards.

Next, I asked Dr. Reish whether auto accidents and assaults can cause compression fractures and spinal bone spurs. He said that both auto accidents and assaults can cause compression fractures and bone spurs.

Concerning the fourth paragraph of his report, Dr. Reish said that "hypertrophic formation" means a bone spur. I asked him how long it takes for the body to grow a bone spur following a blow to the body. Dr. Reish replied that a bone spur can take anywhere from three months to twenty years to grow. I asked whether your bone spur could have appeared on the x-ray in just the five days from September 9 until September 14, 2000. Doctor Reish said that the body is unable to grow a bone spur that fast. Therefore, I asked Dr. Reish what he meant by an "old...residual" fracture. He told me that your auto accident could have caused the fracture.

      Doctor Reish told us that he believed you when you told him that your back hurts and that he has no doubt that your back hurts. He especially believes you because you have "disc space narrowing between L2 and L3." Dr. Reish said that most men your age have a wider disc space there than do you. However, he said that such narrowing takes a long time to "settle" to that point and that the disc space definitely took much longer than five days to narrow to the degree where it now causes you pain.

      Dr. Reish remembered that John Pannell at Allenwood usually assisted him during inmate visits. Reish believes that Mr. Pannell correctly wrote down instructions for you to get a double mattress and have pain relief prescriptions.

      Due to the cooperation of Dr. Reish, I cancelled the September 14 deposition pursuant to my promise with his attorney. In my opinion, Dr. Reish will be unable to testify that the guards caused any fracture to your back which may have appeared on the x-rays five days after the incident. Therefore, I have no intention of calling him as a trial witness.

      During your last phone call, you demanded to know why your back hurts. I told you that I believe that Dr. Askin explained it in the "Assessments" portion of his report. Essentially, you have a bad back. Dr. Askin stated that "back pain is very common[.]" In medical terms, your spinal discs gradually have lost water and blood through the years. According to Dr. Reish, accidents and assaults can speed up that process and aggravate your pre-existing pain. The lost spinal disc water and blood leads to arthritis pain.

      Mr. Butler and I still intend to meet in Lewisburg on Tuesday, September 14 to discuss whether they are willing to settle, exchange our potential trial exhibits, and work on our respective pretrial memoranda which must be filed by October 8.

                                                    Sincerely,

                                                    David L. Glassman
                                                    Staff Attorney

cc:     Karl Patten, LPP paralegal

## CERTIFICATE OF SERVICE.

I, Juken Washington Gordon, being duly sworn under the penalty of perjury 28 U.S.C. § 1746 and according to law, hereby depose and say:

1. I am the prisoner at USP Allenwood, White Deer, Pennsylvania.

2. On this 28th day of September 2004 I placed two (2) copies of the motiom in response to motion filed by Mr. David L. Glassman to withdraw as counsel, in an envelope addressed to:

>    Clerk's Office
>    U.S. District Court
>    228 Walnut Street
>    Post Office Box 983
>    Harrisburg, Pennsylvania 17108
>
>    Michael J. Butler, Esq.
>    U.S. Attorney's Office
>    228 Walnut Street, 2nd Floor
>    Post Office Box 11754
>    Harrisburg, Pennsylvania 17108
>
>              And
>
>    David L. Glassman, Esq.
>    Lewisburg Prison Project Inc.
>    Post Office Box 128
>    Lewisburg, Pennsylvania 17837

3. I then affixed sufficient postage to cover first-class U.S. Mail delivery, and then give the package to prison officials here at USP Allenwood, to place in mail box reserved for inmate legal mail, on this 28th day of September 2004.

>    ss _Juken Gordon_
>    Juken Washington Gordon,
>    Pro-se Reg. No. 05373-088
>    Allenwood U.S.P.
>    Post Office Box 3000
>    White Deer, Pa. 17887

_[signature]_ CASE MANAGER
AUTHORIZED BY THE ACT OF JULY 7,
195_ _ AS AMENDED TO ADMINISTER
OATHS (18 USC 4004).

3.

