TAM:MJB:all

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,          :    CIVIL ACTION NO. 1:CV-01-0331
          Plaintiff,          :
                           :
          v.          :    (Rambo, J.)
                           :
N. GONZALEZ, et al.,          :
          Defendants.          :    Filed Electronically


EXHIBITS IN SUPPORT OF DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION IN LIMINE TO EXCLUDE EVIDENCE OF "SURVEILLANCE" VIDEOTAPE


                                 THOMAS A. MARINO
                                 United States Attorney

                                 MICHAEL J. BUTLER
                                 Assistant U.S. Attorney
                                 Attorney I.D. No. PA81799

                                 ANITA L. LIGHTNER
                                 Paralegal Specialist

                                 228 Walnut Street, 2nd Floor
                                 P.O. Box 11754
                                 Harrisburg, PA  17108-1754
                                 Phone: (717)221-4482
                                 Facsimile: (717)221-2246


Date: September 30, 2004

## INDEX

Declaration of L. Cunningham . . . . . . . . . . . . . . . . . Ex.A

Declaration of Anne K. Fiorenza . . . . . . . . . . . . . . Ex.B



DEFENDANT'S
EXHIBIT
A
PENGAD-Bayonne, N. J.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,      )
          Plaintiff         )
                         )     CIVIL NO. 1:CV-01-0331
v.                         )
                         )     (Rambo, J.)
N. GONZALEZ, et al.,        )
          Defendants    )     FILED ELECTRONICALLY
                         )

## DECLARATION OF L. CUNNINGHAM

I, L. Cunningham, hereby state:

1.    I am presently employed by the Federal Bureau of Prisons as the Supervisory Attorney at the United States Penitentiary (USP) at Lewisburg, Pennsylvania. I am familiar with the above referenced civil action in which inmate Gordon, Reg. No. 05373-088, alleges he was assaulted by several USP Lewisburg staff.

2.    In the early stages of this litigation, I recall inmate Gordon alleging that USP Lewisburg staff had videotape surveillance evidence of the inmate in the institution's Lieutenant's Office where he alleges he was "assaulted". I recall inmate Gordon making a request that we "preserve" any video surveillance evidence relevant to this incident.

3.    In response to this request, I contacted the USP Lewisburg Special Investigative Agent (SIA) to inquire if any videotape surveillance tape material on this inmate was available. Normally, video tape surveillance materials are "recycled" unless pulled and held for another purpose, such as for use as evidence in a pending investigation. The SIA informed me that there was one videotape in his file regarding inmate Gordon which was dated September 9, 2000. Pursuant to inmate Gordon's request, I requested that tape be preserved. The tape continued to be maintained in the SIA's office. I did not personally review the tape. I informed staff from the U.S. Attorney's Office that I had directed SIA staff to preserve the only tape that was in Bureau of Prisons' possession in the event it was needed as this litigation progressed.

4.    Inmate Gordon has maintained that videotape surveillance material from inside the Lieutenant's Office existed and was the subject of a videotape in the Bureau's possession. This is impossible as there was no surveillance equipment located in the Lieutenant's Office in September 2000.

5.    The only videotape available when inmate Gordon requested this type of evidence be preserved was the one tape which was subsequently provided to Gordon's counsel. This tape included footage from the Special Housing Unit which documented inmate Gordon

placement there on September 9, 2000.

6.      Bureau of Prisons Program Statement 5566.05, Use of Force and Application of Restraints on Inmates, provides that staff should "record with a video camera any use of force incident" as quickly as the situation reasonable allows.    This Program Statement also provides that the videotape be maintained for a minimum of two and one-half years. The videotape provided to inmate Gordon's counsel was such a tape and is the only videotape existing concerning inmate Gordon's case.

7.      While the conversation inmate Gordon claims to have had with defendant Gonzalez regarding entering the dining hall may have taken place in area of the institution which was covered by surveillance cameras, any tape from that area would have been routinely recycled within weeks.  No surveillance material from that area existed at the time inmate Gordon made his request to preserve video evidence.

I hereby state under penalty of perjury under the provisions of 28 U.S.C. § 1746 that the above is accurate to the best of my knowledge.


L. Cunningham                                                   9/29/04
Supervisory Attorney                                            Date
United States Penitentiary
Lewisburg, PA 17837

To: Anita Lightner

From: Lori Cunningham

VP = 2

DEFENDANT'S
EXHIBIT
B
PENGAD-Bayonne, N. J.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,      :   CIVIL ACTION NO. 1:CV-01-0331
                Plaintiff     :
                              :
        v.                    :   (Rambo, J.)
                              :
N. Gonzalez, et al.,          :
                Defendants    :   Filed Electronically


## DECLARATION OF ANNE K. FIORENZA

I, Anne K. Fiorenza, hereby state:

1.   I was formerly employed as an Assistant United States Attorney in the United States Attorney's Office for the Middle District of Pennsylvania.  As Assistant United States Attorney, I represented the Defendants in the above-referenced civil action in which Juken Washington Gordon, a federal prisoner, alleges he was assaulted by Bureau of Prisons staff at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg").

2.   In the early stages of this litigation, I recall Gordon requesting that surveillance videotapes relevant to the alleged assault be preserved as evidence.

3.   In response to Gordon's request, I contacted, or directed a paralegal employed by the United States Attorney's office to contact, Bureau of Prisons legal counsel  to determine whether any tapes existed and if so, to request that they be preserved.  BOP legal counsel informed counsel for Defendants that surveillance videotapes are normally recycled unless they are preserved for another purpose, such as for use as evidence in a pending investigation.

4.    BOP legal counsel then contacted the Special Investigative Agent who was investigating the alleged assault on Gordon to inquire if any such surveillance videotapes were still in existence. The Special Investigative Agent informed BOP legal counsel that there was one videotape regarding inmate Gordon which was dated September 9, 2000. BOP legal counsel informed the United States Attorney's Office of the existence of this one videotape, and stated that this tape would be preserved and maintained in the Special Investigative Agent's office. I did not personally review this surveillance videotape.

5.    I recall that Gordon maintained that surveillance videotapes from inside the Lieutenant's Office existed and were the subject of the videotape being preserved by the Bureau of Prisons; however, our office was informed that there was no surveillance equipment located in the Lieutenant's Office at the time of the alleged assault.

6.    To the best of my knowledge, at the time Gordon first made a request for a surveillance videotape, the Bureau of Prisons determined that there existed only surveillance videotape relevant to this case, and at my direction, that tape preserved.

I hereby state under penalty of perjury under the provisions of 28 U.S.C. § 1746 that the above is accurate to the best of my knowledge.

Respectfully submitted,

ANNE K. FIORENZA

Dated: September 29, 2004

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,          :    CIVIL ACTION NO. 1:CV-01-0331
            Plaintiff,            :
                                  :
            v.                    :    (Rambo, J.)
                                  :
N. Gonzalez, et al.,              :
            Defendants.           :    Filed Electronically

### CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on September 30, 2004, she served the attached

**EXHIBITS IN SUPPORT OF DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF "SURVEILLANCE" VIDEOTAPE**

by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Juken Washington Gordon
Reg No. 0573-088
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

/s Anita L. Lightner
Anita L. Lightner
Paralegal Specialist