TAM:MJB:all

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUKEN WASHINGTON GORDON, | : | CIVIL ACTION NO. 1:CV-01-0331 |
|     Plaintiff, | : | |
| | : | |
|     v. | : | (Rambo, J.) |
| | : | |
| N. GONZALEZ, et al., | : | |
|     Defendants. | : | Filed Electronically |

**DEFENDANTS' PRETRIAL MEMORANDUM**

Defendants N. Gonzalez, S. Puckey, B. Shuman, J.A. Candelora, and G. Shuck respectfully submit this Pretrial Memorandum.

Date Local Rule 16.3 conference was held: September 27, 2004.

**A.   Jurisdiction**

This Court has jurisdiction of Plaintiff's Bivens[1] claims against the five individual correctional officers pursuant to 28 U.S.C. § 1331.

---

[1] See Bivens v. Six Unknown Fed. Narc. Agents, 403 U.S. 388 (1971).

B.  **Summary Statement of Facts and Legal Contentions**

On February 17, 1997, Plaintiff Juken Washington Gordon (hereafter "Gordon") was involved in an automobile accident in which he suffered head trauma and a lower back injury. Thereafter, Washington received medical treatment and physical therapy for his back pain. On April 17, 1997, Gordon obtained a lower back brace. The very next day, April 18, 1997, Gordon was arrested in West Virginia, and later convicted of Possession with Intent to Distribute Cocaine Base (21 U.S.C. § 841(A)(1)); two counts of Aiding and Abetting (18 U.S.C. § 1952(A)(3)); and Traveling in Interstate Commerce to Promote a Drug Trafficking Crime.

On September 9, 2000, Plaintiff Gordon was confined at the United States Penitentiary at Lewisburg, Pennsylvania ("USP Lewisburg"). On that date at approximately 11:20 a.m., Defendant Lt. N. Gonzalez and Defendant S. Puckey were monitoring inmates departing the main dining hall. The "last call" announcement had been made approximately fifteen minutes before, and the serving lines were closed. No inmates were allowed to enter the dining hall unless they were assigned to work the food service area.

At this time, Gordon approached the dining hall and demanded to be allowed to enter. Gordon was told that the dining hall was closed, and he became agitated and walked away. However, Gordon returned and began to argue with Lt. Gonzalez. Lt. Gonzalez ordered Gordon to return to his cell, but Gordon refused and

continued to argue. Lt. Gonzalez then directed Gordon to come with him to the Lieutenant's office and requested that S. Puckey accompany him.

While they were in the Lieutenant's office, Gordon became disruptive and was ordered to place his hands on the wall so that restraints could be placed on him. S. Puckey placed a left hand restraint on Gordon, Gordon resisted, and Gordon attempted to strike Lt. Gonzalez with his right hand. Puckey brought Gordon to the ground to prevent the assault and to handcuff him. Gordon continued to resist.

Other officers were called to assist in restraining Gordon, who at that time was on the ground flailing his arms and legs in a violent manner.

Once Gordon was restrained, he was taken to the Special Housing Unit, where he was placed in ambulatory restraints.

The force used was appropriate under the circumstances. See Hudson v. McMillian, 503 U.S. 1, 7 (1992); Whitley v. Albers, 475 U.S. 312, 321 (1986); Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000).

At approximately 11:53 a.m. that same day, Physician's Assistant M. Peoria examined Gordon and found he was in no obvious distress and there was no evidence of recent trauma on his body, face, or hands. Peoria also examined Gordon's back and found no evidence of trauma, no deformity, or tenderness to palpitation.

### C. Undisputed Facts

At the Local Rule 16.3 conference, then counsel for Plaintiff and Counsel for Defendants discussed certain facts that may be agreed upon, but required further examination and discussion. Counsel for Defendants and pro se Plaintiff did not agree to any undisputed facts.

### D. Damages

Any damages claimed by Gordon are limited to pain and suffering. Gordon claims he has suffered back pain as a result of the incident. The record demonstrates otherwise. After the incident, Physician Assistant M. Peoria examined Gordon, who complained of back and neck pain. M. Peoria found no deformities, tenderness, or recent traumatic lesions. Gordon was prescribed ibuprofen for the pain. On September 14, 2000, his lower back was x-rayed and no fractures were found. The x-rays did reveal an old fracture and a deteriorating disc. William G. Reish, M.D., an outside orthopedics specialist, noted that Plaintiff was in a car accident; and Gordon was receiving therapy for that injury prior to Gordon's incarceration. Dr. Reish recommended exercise and a anti-inflammatory program to treat Gordon's pain.

Gordon also claims emotion damages. Pursuant to the PLRA, for a prisoner to recover damages for mental or emotion injuries, an

inmate must first allege and establish a physical injury. Section 1997e(e) of Title 42 provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. §1997e(e). See Davis v. District of Columbia, 158 F.3d 1342 (D.C. Cir. 1998)(upholding prohibition on damages actions under §1997e(e)); Zehner v. Trigg, 133 F.3d 459 (7th Cir. 1997)(same).[2]

Defendants further note that the Complaint appears to seek punitive damages. If the complaint is construed to have raised the issue of punitive damages, Gordon can obtain punitive damages only if the proper showing is made. As the Supreme Court has held, a jury may "assess punitive damages in [a civil rights action] when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983); see also Coleman v. Kaye, 87 F.3d 1491, 1497 (3rd Cir. 1996).

**E.  Witnesses**

Defendants intend to call the following individuals as witnesses:

---

[2]Medical evidence also demonstrates that Gordon suffered emotional distress as a result of the 1997 car accident.

5

1.  N. Gonzalez, Defendant, former employee of FCI Lewisburg

    United States Department of Justice

2.  S. Puckey, Defendant

    USP Lewisburg

3.  B. Shuman, Defendant

    USP Lewisburg

4.  J.A. Candelora, Defendant

    USP Lewisburg

5.  G. Shuck, Defendant

    USP Lewisburg

6.  M. Peoria, former Defendant

    USP Lewisburg

7.  William Reish, M.D.

    Retired: Sun Orthopaedic Physicians of Lewisburg

    Lewisburg, PA

**F.    Expert Testimony**

William Reish, M.D., will testify that x-rays of Gordon's back after the incident reveal an old fracture and a deteriorating disc and these injuries cannot be attributed to the September 9, 2000 incident.

**G.   Special Comments re Pleadings, Discovery, Medical Reports**

None but to note that Gordon has not provided any expert report to support any alleged injuries.

**H.   Summary of Legal Issues and Authorities**

Claims of inmates who allege a prison official used excessive force are examined under the Eighth Amendment's cruel and unusual punishment standard.  See Hudson, 503 U.S. at 4.  The Supreme Court has held: "In an excessive force claim, the central question is 'whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically cause harm.'"  Brooks, 204 F.3d at 106 (quoting Hudson, 503 U.S. at 7). Several factors are examined to determine if a prison official used excessive force:

> "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of the response."

Id. (quoting Whitley, 475 U.S. at 321).  Examination of these factors must also take into account that prison officials "make decisions 'in haste, under pressure, and frequently without the luxury of a second chance.'" Ostrander v. Horn, 145 F. Supp. 2d 614, 618 (M.D. Pa. 2001) (quoting Hudson, 503 U.S. at 6).  Thus, prison administrators and correctional officers are to be accorded

7

wide-ranging deference in executing practices that in their judgment are necessary to preserve discipline and security. Hudson, 503 U.S. at 6-7. If the dispute is one of the reasonableness of the use of force or the existence of arguably superior alternatives, unless the evidence supports "a reliable inference of wantonness in the infliction of pain," the case should not go to the jury. Whitley, 475 U.S. at 320-22.

**I.   Stipulations Desired**

The x-rays and an examination of Gordon's back after the incident reveal an old fracture, bone spur, and a deteriorating disc, and these injuries cannot be attributed to the September 9, 2000 incident.

There is no videotape of the day of the incident other than the videotape provided to Gordon, which was taken by a hand-held video camera while Gordon was in the SHU.

**J.   Estimated Trial Days**

One to two days.

**K.   Other Pertinent Matters**

1. Defendants anticipate eliciting Gordon's prior criminal conviction(s) as impeachment evidence pursuant to Fed. R. Evid. 609. In a credibility case, a jury should hear the felonies for which the inmate witness has been convicted. Cummings v.

Malone, 995 F.2d 817, 826 (8th Cir. 1993).  This is so because Federal Rule of Evidence 609 "is based on the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." Walden v. Georgia Pacific Corp., 126 F.3d 506, 523 (3rd Cir. 1997); Cummings, 995 F.2d at 826.

Under the terms of Rule 609, a plaintiff can only object to the admission of this evidence on the grounds of unfair prejudice.  Of course, evidence of any conviction tends to have some prejudicial effect.  But simply because evidence is prejudicial to a party's case does not mean the evidence should be excluded.  Rather, "it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." United States v. Terzado-Madruga, 897 F.2d 1099, 1119 (11th Cir. 1990)(quoting United States v. McRae, 593 F.2d 700, 707 (5th Cir. 1979)(emphasis in original)).

Indeed, the very fact of Rule 609's existence reflects that evidence of a prior conviction is probative on the issue of credibility. United States v. Lipscomb, 702 F.2d 1049, 1062-1063 (D.C. Cir. 1983).  Additionally, the general rule of thumb in weighing the probative value of the evidence against the consideration of Rule 403 is that the balance should be struck in favor of admission. See Terzado-Madruga, 897 F.2d at 1117 (holding Rule 403 is an extraordinary remedy to be used sparingly because it

9

excludes concededly probative evidence); <u>United States v. Dennis</u>, 625 F.2d 782, 797 (8th Cir. 1980); <u>United States v. White</u>, 427 F.2d 634, 635 (D.C. Cir. 1970)(holding "as a rule of thumb convictions resting on dishonest conduct <u>like</u> <u>stealing</u> relate sufficiently to a credibility to be usable for impeachment"). Therefore, Gordon's felony conviction should be admitted for impeachment purposes in this civil case.

      2. Defendants are concerned, based upon statements Gordon has made in his motions, briefs, and letters filed with the Court, that he may make statements or pose questions about claims that are no longer part of this case or about matters that are inadmissible or prejudicial and that cannot be presented to a jury. Accordingly, Defendants request the Court to both caution and direct Gordon, outside the presence of the jury, that Gordon cannot ask questions or make statements as to the following matters:

      a.   Any claim that was dismissed, including his allegations he received negligent medical care;

      b.   Statements allegedly made by anyone who is not one of the defendants in this case;

      c.   Any assertion that his back needs to be X-rayed for a compression fracture;

      d. Any claim that Defendants did not provide him with a videotape or improperly destroyed any relevant videotape; and

   e. References to out-of-court settlement letters Gordon has sent or received.

  With this said, Defendants do not want Gordon to claim error on appeal and allege that he was denied the opportunity to present relevant evidence.  Therefore, should Gordon believe that there is some evidence relevant to his case that he wants to present but is unsure whether it falls within the area of relevant or admissible evidence, he should seek to make offers of proof, and request the Court's ruling on the matters, <u>outside the presence of the jury</u>.

  3. Defendants note that some exhibits may have been redacted to prevent disclosure of social security numbers (due to the Privacy Act).

  4. Defendants intend to introduce into evidence as admissions the letters from and to Gordon's previous attorney, which were filed with the Clerk of Court and served upon counsel for Defendant.

**L.** **Exhibit List**

  Defendants' exhibit list is attached.

**M.** **Special Verdict Questions**

  Defendants' special verdict questions are attached.

**N.  Settlement Certificate**

Defense counsel has notified the appropriate individuals of the requirements of Local Rule 16.2.

**O.  Deposition Certificate**

Not applicable.

**P.  Proposed Findings of Facts and Conclusions of Law**

Not applicable.

                              Respectfully submitted,

                              THOMAS A. MARINO
                              United States Attorney

Dated: <u>October 7, 2004</u>        /s Michael J. Butler
                              Michael J. Butler
                              Assistant U.S. Attorney
                              PA Attorney I.D. No. 81799
                              Anita L. Lightner
                              Paralegal Specialist
                              U.S. Attorney's Office
                              228 Walnut Street, 2nd Floor
                              Harrisburg, PA 17108-1754
                              Phone: 717-221-4482
                              Fax: 717-221-2246

```
              UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,        :  CIVIL ACTION NO. 1:CV-01-0331
         Plaintiff,             :
                                :
         v.                     :  (Rambo, J.)
                                :
N. Gonzalez, et al.,            :
         Defendants.            :  Filed Electronically
```

### CERTIFICATE OF SERVICE BY MAIL

   The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.  That on October 7, 2004, she served the attached

### DEFENDANTS' PRETRIAL MEMORANDUM

by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Juken Washington Gordon
Reg No. 0573-088
USP Allenwood
P.O. Box 3000
White Deer, PA 17887


                                    /s Dawn L. Mayko
                                    Dawn L. Mayko
                                    Paralegal Specialist