ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN W. GORDON,                :

        Plaintiff,        :        No. 1: CV 01-0331

v.                              :        (Judge Rambo)

N. GONZALEZ, et al.,            :        ~~Electronically Filed~~

        Defendants.       :

FILED
HARRISBURG
OCT 08 2004
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

PLAINTIFF'S PRETRIAL MEMORANDUM

Date conference was held by counsel:    September 27, 2004

    A.    JURISDICTION

This federal court has original federal question jurisdiction of this matter pursuant to 28 U.S.C. §1331.

    B.    SUMMARY

The plaintiff is a black inmate. Defendant Gonzalez is an Hispanic correctional officer at U.S.P. - Lewisburg. Defendant Puckey is a white correctional officer there. On September 9, 2000, defendants Gonzalez and Puckey granted admission to the prison dining hall of an Hispanic inmate but denied admission to the plaintiff. Plaintiff protested. Gonzalez and Puckey uttered racial epithets at plaintiff and took him to the office of Gonzalez.

In the office, Puckey caused plaintiff to fall face down to the floor. Puckey and Gonzalez then assaulted and threatened plaintiff. Defendants Shuck, Candelora, and Shuman soon entered the office. All defendants plus other correctional officers joined in the assault.

Plaintiff contends that the defendants used excessive force and violated his civil rights pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*.

C. **COMPREHENSIVE STATEMENT OF UNDISPUTED FACTS**

See Exhibits In Supprt Of Plaintiff Pre-Trial Momorandum

D. **DAMAGES**

(1) Principal injuries sustained: Residual Compression Fractures with a Deterrioratin Disc. - Back and Neck.

(2) Hospitalization and convalescence:

No hospitalization.

Convalescence:    bottom bunk pass issued.

(3) Present disability: Back Injuries

(4) Special monetary damages, etc.: none

(5) Estimated value of pain and suffering:    $5,000,000

(6) Special damage claims:  none

E. **WITNESSES**

Juken Gordon, POB 3000, White Deer, PA 17887

-1-

F.  **EXPERT WITNESS TESTIMONY SUMMARY**

Not applicable.

G.  **SPECIAL COMMENT ABOUT PLEADINGS AND DISCOVERY**

    (1)    Surveillance videotape

On the record, the defendants initially alleged that they possessed and had preserved such videotape for trial. Now, they maintain that staff has not preserved it.

    (2)    Medical reports

The medical report of William Gale Reish, M.D. was furnished to the plaintiff twice. Both versions contain clerical omissions.

H.  **SUMMARY OF LEGAL ISSUES**

The key issue is whether the defendants used excessive force against the plaintiff as prohibited by the Eighth Amendment. If so, the fact-finder must determine whether that force was used in a malicious and depraved manner so as to justify an award of punitive damages.

I. <u>STIPULATIONS DESIRED</u>

(1) Medical records authenticity and admissibility without testimony from the records custodians.

(2) Hand-held video-cam videotape authenticity and admissibility without testimony from the videographer.

(3) Documented statements of counsel regarding preservation of surveillance videotapes.

J. <u>ESTIMATED NUMBER OF TRIAL DAYS</u>

Two.

K. <u>OTHER PERTINENT MATTERS</u>

Writ of Habeas Corpus Ad Testificandum

L. <u>EXHIBIT SCHEDULE</u>

See attached.

M. <u>SPECIAL VERDICT QUESTIONS</u>

None.

N. <u>STATEMENT OF DEFENSE COUNSEL</u>

Not applicable.

O. <u>CERTIFICATE OF COUNSEL</u>

Not applicable.

P.     <u>REQUEST FOR FINDINGS OF FACT AND CONCLUSION OF LAW</u>

<u>HUDSON V. McMILLAN</u>, 503 U.S. 1,7 (1992).

<u>WHITLEY V. ALBERS</u>, 475 U.S. 312 (1986).

<u>SMITH V. MENSINGER</u>, 293 F.3d (3rd Cir. 2002).

<u>BROOKS V. KYLER</u>, 204 F.3d 109 3rd Cir 2000).

McFEETER V. JONES 104 Fed.Appx. 552 (6th Cir. 2004)

REDLAND SOCCER CLUB, INC. V. DEP'T OF ARMY OF U.S., 55 F.3d 827, 852, 857 (3rd Cir. 1995)

**RELIEF FOR DAMAGES OF PERSONAL INJURIES**

Plaintiff incurred injuries which required medical treatments, for sever and excruciating pain. plaintiff is entitled to a total of $5,000,000. dollars in compensatory and punitive damages. Because the injuries the defendants inflicted upon the plaintiff are indivisible. <u>Residual compression fractures</u> with a <u>deterriorating disc.</u> The defendants are each jointly liable for their conduct.

**IN CONCLUSION**

WHEREFORE, for the reasons stated above herein this momorandum plaintiff Juken W. Gordon, respectfully request this court to grant his request for damages for personal injuries, in the pray for relief. Violations of the eighth amendment right's which amount to cruel unusual punishment. <u>See footnote.</u>

                                               Respectfully Submitted

                                               By _Juken Gordon_
                                                    Juken Washington Gordon, Pro-se

---

     Plaintiff was left in ambulatory restrained for five (5) hours restraint was remove at 4:20 pm. See physician assistant medical report's file by M. Peoria dated September 9, 2000. This in itself amounted to cruel unusual punishment, violation of the eighth amendment right of the plaintiff.