ORIGINAL

UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,
          Plaintiff,

v.                                   CIVIL NO. 1:CV-01-0331

(JUDGE RAMBO)

N. GONZALEZ, EL AL.,
          Defendants,
_____/

FILED
HARRISBURG
OCT 0 8 2004
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

STATEMENT OF UNDISPUTED FACTS

On February 17, the plaintiff was involved in an automobile accident in Brooklyn, New York. On February 24, 1997 Dr. Joseph A. Raia of Brooklyn diagnosed the plaintiff with post-traumatic headache, back sprain with left radiculopathy, and a chest wall contusion. In March 1997 Dr. Harold S. Parnes, M.D. of Brooklyn performed two MRI exams on the plaintiff's back and merely found a straightening of the spinal curvature and bulging discs. In July 1998 Dr. Sondra J. Pfeffer, M.D. examined the same MRI flims and found neither disc injuries nor fractures. The MRI's revealed that plaintiff's back had [n]o fractures, malalignments, contusions of the cervical[,]... no cervical disc herniations or pathologic disc bulges[,]... fractures, subluxations, or contusions of the lumbar vertebrae[,]... no lumbar disc herniations pathologic disc bulges[,] and [n]o disc injuries. (Id.).

On September 9, 2000 plaintiff then an inmate at USP Lewisburg Penitentiary, requested permission to enter the mess hall to eat from one of the officers, lieutenant Gonzalez. Gonzalez denied plaintiff

permission to enter to eat the lunch meal. When then plaintiff requested permission from Officer Puckey, both Gonzalez and Puckey stated [no]. "Fuck you Nigga. (Id.) As plaintiff turned to leave, plaintiff notice a spanish inmate pass him heading toward the mess hall. (Id.) plaintiff looked back and saw the inmate say something to Gonzalez and then enter the mess hall. (Id.) plaintiff then asked Gonzalez why the spanish inmate had been permitted to enter the mess hall to eat and plaintiff had not. (Id.) Gonzalez and Puckey both response: "Fuck you Nigga"... you think you ['re] some tuff ass Nigga." (Id.).

Gonzalez then instructed Puckey to take plaintiff to the lieutenant Office. Before they entered the office Puckey ordered plaintiff to place his hands on the wall outside the office. (Id) Plaintiff complied with Puckey's order. (Id.) Puckey searched plaintiff. (Id.) plaintiff did not pull away and try to assault Puckey or any of the BOP staff. (Id.) Puckey then ordered plaintiff to enter the lieutenant office with him. (Id.) plaintiff complied again. (Id.) Puckey then ordered plaintiff to place his hands on the wall inside the office. Plaintiff complied with that order as well. (Id.)

As soon as plaintiff place his hands on the wall, Puckey swept plaintiff legs out from underneath him. Cause plaintiff to fell to the ground. (Id.) while plaintiff was on the floor, Puckey and Gonzalez, who had entered the lieutenant office, started kicking and punching plaintiff all over plaintiff body. (Id.) As they kicked and punched plaintiff, they threatened plaintiff, saying "we are going to kill you Nigga". (Id.) Gonzalez and Puckey called for back-up, prompting officers Shuman, Candelora and Shuck along with others

-1-

unknown officers, to run into the lieutenant office. (Id.) they started kicking and jumping on plaintiff's back while plaintiff was still on the floor in handcuffs. (Id.) As a result of the assault plaintiff suffered injuries to his back and neck. (Id.)

Plaintiff did nothing and said nothing to provoke the assault. Plaintiff never attempted to assault any of the officers. (Id.) Plaintiff never attempted to harm any of the officers. (Id.) and he never refused to comply with any of the officers orders. (Id.) After the assault, plaintiff was examined by a physician assistant. When asked if plaintiff was feeling any pain, plaintiff told physician assistant M. Peoria that he was feeling pain in his back, neck, and head from the officers kicking, punching and jumping on plaintiff back. (Id.) physician assistant M. Peoria noted in his examination report that plaintiff "may have sustained blunt trauma contusion". (Id.)

On September 20, 2000, a Disciplinary Hearing Officer ("DHO") held a hearing to address charges against plaintiff relating to the September 9, 2000 incident, for among other things, attempted assault. During the hearing, the DHO denied plaintiff's request that he review the surveillance camera videotape that recorded plaintiff's initial encounter with Gonzalez and Puckey outside the mess hall. (Id.) The DHO found plaintiff guilty of attempted assault and stripped plaintiff of good conduct time. (Id.) See footnote.

---

On September 18, 2000 P.A. Martin Newton did note a "contusion" (i.e. bruise's) on plaintiff back in his medical report's.

On November 8, 2000 plaintiff was transferred from Lewisburg Penitentiary to Allenwood Penitentiary. The day after plaintiff transfer, he was examined by Allenwood Penitentiary medical staff who detected tenderness in plaintiff back and neck and ordered an x-ray of plaintiff lumbar spine. (Id.) plaintiff continued to receive medications for his back pain while incarcerated at Allenwood Penitentiary. (Id.) plaintiff was interviewed on December 19, 2000 by Dr. Reish, an outside orthopedic back specialist. (Id.) During the examination, Dr. Reish identified for plaintiff a fractures on one of the x-rays of plaintiff back taken after the assault. (Id.)

During the interview, plaintiff "specifically told Dr. Reish that while [he] was incarcerated at USP Lewisburg 'Police Officers' took [him], "into the lieutenant office," swept his legs "away out from under [him]," and jumped on his back "which cause[d] this back pain". plaintiff also informed Dr. Reish that "prior to September 9, 2000 [he] felt no pain in his back, it was after [the September 9, 2000 assault] that [he] started feeling all this pain and discomfort in [his] back". (Id.)

After his interview of plaintiff Dr. Reish prepared a report noting that plaintiff's back problem was "residual compression fracture with a disc that is deterriorating in that level..." Dr. Reish also noted in his report that plaintiff's statement to him regarding the "situation" at Lewisburg Penitentiary where plaintiff "had his feet taken out from underneath him" and fell was "of significance". (Id.) Dr. Reish recommended that plaintiff receive a double mattress and a lower bunk and that he continue to take pain medication. (Id.) In January 2001, an Allenwood Penitentiary physician ordered a back brace

for the plaintiff back. (Id.) plaintiff back brace were issued on 5/24/01 by J. Justice, AHSA USP Allenwood. (Id.)

Respectfully Submitted

By *Juken Gordon*
Juken Washington Gordon,
Pro-se

## CERTIFICATE OF SERVICE

Pursuant to the principle of <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

I Juken W. Gordon, being duly sworn under penalties of perjury 28 U.S.C. § 1746 and according to law, hereby depose and say:

1. I am the prisoner at U.S.P. Allenwood, White Deer, Pennsylvania.

2. On this __6th__ day of October 2004 I placed one (1) copy of <u>Statement of Undisputed Facts</u> in an envelope addressed to:

> Clerk's Office
> U.S. District Court
> 228 Walnut Street
> Post Office Box 983
> Harrisburg, Pennsylvania 17108

And

> Michael J. Butler, Esq.
> U.S. Attorney's Office
> 228 Walnut Street, 2nd Floor
> Post Office Box 11754
> Harrisburg, Pennsylvania 17108

3. I then affixed sufficient postage to cover first-class U.S. Mail delivery, and then give the package to prison officials here at USP Allenwood, to place in mail box reserved for inmate legal mail, on this ___ day of October 2004.

ss *Juken Gordon*
Juken Washington Gordon, Pro-se
Reg. No. 05373-088
Allenwood U.S.P.
Post Office Box 3000
White Deer, Pa. 17887

*[signature]* CASE MANAGER
AUTHORIZED BY THE ACT OF JULY 7,
1955, AS AMENDED TO ADMINISTER
OATHS (18 USC 4004).

-4-



From: Juken Washington Gordon #05373-088
Allenwood U.S.P.
Post Office Box 3000
White Deer, Pennsylvania 17887

IS Stamp
Date 10-6-04

Legal Mail.

To: The Office Of Clerk's
United States District Court
228 Walnut Street
Post Office Box 983
Harrisburg, Pennsylvania 17108

Legal Mail.

Legal Mail.