IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUKEN W. GORDON,** | : | **CIVIL NO. 1: CV 01-0331** |
| Plaintiff, | : | (**Judge Rambo**) |
| v. | : | |
| **N. GONZALEZ**, *et al.*, | : | |
| **Defendants.** | : | |

## **O R D E R**

      Before the court is Defendants' "Motion *In Limine* to Exclude Evidence of 'Surveillance' Videotape." (Doc. 106.) Both parties have briefed the issue and it is ripe for disposition. For the reasons stated below the court will grant Defendants' motion.

      The procedural history is well known to both parties and the court. On April 17, 2001 Plaintiff filed a "Motion for Production of Evidence." (Doc. 8.) In that motion Plaintiff sought to obtain a copy of surveillance video from USP Lewisburg. On April 5, 2004, Defendants provided Plaintiff with a videotape. Plaintiff asserts the videotape provided is not a surveillance tape, but is a tape from a handheld video-camera, revealing nothing other than Plaintiff in the Special Housing Unit's Dry Cell from 12:43 p.m. to 12:54 p.m. Defendants assert that this is the only videotape relating to the events at issue.

      Plaintiff wants to put forth evidence that Defendants have, or at least have had access to a surveillance videotape of the USP Lewisburg dinning hall and hallway. Defendants counter that no such videotape currently exists and that they have never had access to such a videotape. Plaintiff intends to call two witnesses to

testify about the surveillance videotape.[1] However, Defendants have produced affidavits from both of these witnesses. Both witnesses state that there is no additional videotape in existence. Both witnesses also state that there may have been surveillance video taken, however surveillance videotapes are recycled, and any videotape would have been recycled by the time of Plaintiff's request for it.

In light of the affidavits, Defendants assert that any testimony about the "videotape" would be irrelevant, that it would be prejudicial, and that it would confuse, mislead, and waste the time of the jury. Irrelevant evidence is not admissible. *See* Federal Rules of Evidence §402. The court finds that testimony regarding the existence of a surveillance videotape would not be relevant, because witnesses Plaintiff intends to call dispute and contradict Plaintiff's allegation that another videotape exists or that Defendants had access to it.

**IT IS HEREBY ORDERED THAT** Defendants' motion *in limine* is **GRANTED**. Plaintiff shall not put forth evidence relating to the existence of any other videotapes except for the one in Plaintiff's possession. Plaintiff shall not call Anne K. Fiorenza, former Assistant United States Attorney and L. Cunningham, Supervisory Attorney at USP Lewisburg to testify about the existence of any surveillance videotape.

        s/Sylvia H. Rambo
        Sylvia H. Rambo
        United States District Judge

Dated: October 13, 2004.

---

[1] Plaintiff intends to call Anne K. Fiorenza, former United States Attorney and L. Cunningham, Supervisory Attorney at USP Lewisburg.