ORIGINAL

UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,  
      Plaintiff,

CIVIL ACTION NO. 1:CV-01-0331

JUDGE RAMBO

Vs.,

N. GONZALEZ, et al.,

      Defendants,
_____/

FILED
HARRISBURG, PA

OCT 19 2004

MARY E. D'ANDREA, CLERK
Per _____
      Deputy Clerk

### PLAINTIFF OBJECTIONS TO DEFENDANTS PRETRIAL MEMORANDUM

Comes now, Juken W. Gordon, Plaintiff pro se objecting to the defendants pre-trial memorandum, where the defendants ask the court to both caution and direct Gordon, outside the presence of the jury, that Gordon cannot ask questions or make statements to the following matters.

1. Plaintiff objects to the defendants pretrial memorandum at page 8 and 9. Plaintiff objects on the basis that plaintiff's criminal conviction had no relevance to the present civil matter and pleads unfair prejudice, by the defendants.

2. Plaintiff objects to the defendants pre-trial memorandum at page 10 sub-paragraph (b). Where the defendants states that statements made by anyone who is not one of the defendants in this case; plaintiff respectfully object to sub-paragraph (b).

3. Plaintiff objects to the defendants pre-trial memorandum at sub-paragraph (c), where it states "any assertion that his back needs to be x-rayed (MRI) for a compression fracture;

4. Plaintiff objects to the defendants pre-trial memorandum at sub-paragraph (d), "any claim that defendants did not provide

him with a videotape or improperly destroyed any relevant videotape;[1] and (e) at page 11 "reference to out-of-court settlement letters Gordon has sent or received.

Also plaintiff objects to any letters between plaintiff and his counsel being submitted into trial evidence, due to attorney client privilege. Also prior counsel is not a medical expert and any opinion he had on the extent of injury would be speculative.

Also plaintiff objects to counsels motion to withdraw being submitted into trial evidence, due to no relevance on pleadings, and is intended by defendants' to be prejudicial.

See plaintiff's letters to Mr. Butler, attorney for the defendants and letter from attorney Glassman dated October 1, 2004; attached **EXHIBIT A**. Plaintiff objects to any stipulation concerning x-rays based on findings on back injury.

Respectfully submitted,

*Juken Gordon*
Juken Washington Gordon
Plaintiff pro se

Dated: October 18, 2004

---

[1] 29 Am Jur 2d § 244; It is a general rule that the intentional spoliation or destruction of evidence relevant to a case raises a presumption, or, more properly, an inference, that this evidence would have been unfavorable. See McHugh v. McHugh, 186 Pa 197, 40 A 410.

(1)

CERTIFICATE OF SERVICE

I, Juken W. Gordon, being duly sworn under penalties of perjury 28 U.S.C. § 1746 and according to law, hereby depose and say:

1. I am the prisoner at USP Allenwood, White Deer, Pennsylvania.

2. On this <u>18th</u> day of October 2004 I placed one (1) copy of <u>Plaintiff Objections to defendants pre-trial memorandum</u> in an envelope addressed to:

> Clerk's Office
> U.S. District Court
> 228 Walnut Street
> Post Office Box 983
> Harris, Pennsylvania 17108
>
> And
>
> Michael J. Butler, Esq.
> U.S. Attorney's Office
> 228 Walnut Street, 2nd Floor
> Post Office Box 11754
> Harrisburg, Pennsylvania 17108

3. I then affixed sufficient postage to cover first-class U.S. Mail delivery, and then gave the package to prison officails here at USP Allenwood, to place in mail box reserved for inmate legal mail, on this <u>18th</u> day of October 2004.

ss <i>Juken Gordon</i>
Juken Washington Gordon pro-se
Reg. No. 05373-088
Allenwood U.S.P.
Post Office Box 3000
White Deer, Pennsylvania 17887

2.