IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUKEN W. GORDON,** : | **CIVIL NO. 1: CV 01-0331** |
| **Plaintiff,** : | |
| : | **(Judge Rambo)** |
| **v.** : | |
| **N. GONZALEZ,** *et al.*, : | |
| **Defendants.** : | |

### **MEMORANDUM AND O R D E R**

Before the court is Plaintiff's Motion "Plaintiff Objections to Defendants' Pretrial Memorandum." (Doc. 132.) Plaintiff's motion will be granted in part and denied in part for the reasons stated below.

Plaintiff's first objection relates to Defendants' use of his prior felony conviction(s). Federal Rule of Evidence 609 provides that evidence of past felony convictions are admissible, subject in some instances, to Federal Rule of Evidence 403. Rule 403 provides that evidence may be excluded if its probative value is substantially outweighed by its prejudicial effect. Prior to the use of said evidence Defendants shall approach sidebar, in order that the court may rule upon the admission of Plaintiff's felony conviction(s) for impeachment purposes. Plaintiff's motion will be deemed premature and the court will defer ruling upon it until trial.

Plaintiff's second objection concerns Defendants' request that Plaintiff may not ask questions or refer to statements allegedly made by anyone who is not one of the Defendants in this case. The court has addressed this issue in its October 13, 2004 order (Doc. 129) and stated that Plaintiff *may not* ask questions or

refer to statements allegedly made by anyone who is not one of the Defendants in this case. As a result, Plaintiff's second objection will be denied.

Plaintiff's third objection relates to Defendants' request that Plaintiff may not make any assertion that his back needs to be x-rayed for a compression fracture. The court addressed this issue in its October 13, 2004 order (Doc. 129) and stated that Plaintiff *may not* make any assertion that his back needs to be x-rayed for a compression fracture. Accordingly, Plaintiff's third objection will be denied.

Plaintiff's fourth objection relates to Defendants' request that Plaintiff may not ask questions or make statements regarding any claim that Defendant did not provide him with a videotape or improperly destroyed any relevant videotape. In its October 13, 2004 order the court granted Defendant's "Motion in Limine to Exclude Evidence of 'Surveillance' Videotape." (Doc. 128.) Therefore, Plaintiff's fourth objection will be denied.

Plaintiff's fifth objection relates to Defendants' request that Plaintiff may not ask questions or make statements regarding any out-of-court settlement letters that Plaintiff has sent or received. The court addressed this issue in its October 13, 2004 order (Doc. 129) and stated that Plaintiff *may not* ask questions or make statements regarding any out-of-court settlement letters that Plaintiff has sent or received. Accordingly, Plaintiff's fifth objection will be denied.

Plaintiff's final objection relates to the use of any letters between Plaintiff and his former counsel and said counsel's Motion to Withdraw. The court will grant Plaintiff's objection as it relates to communication between Plaintiff and his former counsel. This is based upon the attorney-client privilege.

**IT IS HEREBY ORDERED THAT** Plaintiff's first objection is premature and the court will defer ruling upon it until trial.  Plaintiff's objections two through five, as outlined in this order, are **DENIED.**  Plaintiff's objection to the use of any communication between he and his former counsel, as well as his former counsel's motion to withdraw, is **GRANTED.**

                                                      s/Sylvia H. Rambo
                                                      Sylvia H. Rambo
                                                      United States District Judge

Dated:  October 22, 2004.