TAM:MJB:all

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUKEN WASHINGTON GORDON,** | : | CIVIL ACTION NO. 1:CV-01-0331 |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | (Rambo, J.) |
| | : | |
| **N. GONZALEZ, et al.,** | : | |
| **Defendants.** | : | Filed Electronically |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION**
**FOR LEAVE TO FILE DEFENDANTS' ANSWER *NUNC PRO TUNC***

Defendants submit this brief in support of their Motion for Leave to File Defendant's Answer Nunc Pro Tunc. For the reasons, that follow, Defendants ask that the Court allow it to file their Answer at this because although Defendants have denied the allegations of wrongdoing by Plaintiff throughout this litigation, no formal document was filed to set forth that denial to Plaintiff's improper Complaint.

**I.  Procedural History**

On February 22, 2001, Plaintiff Juken Washington Gordon (hereafter "Gordon") initiated this action by filing a Complaint, pro se, alleging that Defendants N. Gonzalez, S. Puckey, B. Shuman, J.A. Candelora, and G. Shuck used excessive force when they kicked

and punched him in the back and neck.  Gordon also alleged that he was denied appropriate medical care and placed in a "dry cell" without water or a toilet for four to five hours.  The Complaint is a five (5) page document that is neither clear or concise, and the allegations contained therein are not numbered.

On September 13, 2001, this Court ordered that Gordon's denial of medical care and "dry cell" claims be dismissed for failure to exhaust his administrative remedies; and the Court dismissed Gordon's excessive force claims because Gordon presented no evidence that he suffered any injuries as a result of Defendants' alleged conduct.

Gordon appealed the Court's decision regarding his excessive force claim to the Third Circuit.  Thereafter, the Third Circuit ruled in <u>Smith v. Mensinger</u>, 293 F.3d 641 (3d Cir. 2002) that "<u>de minimis</u> injuries do not necessarily establish <u>de minimis</u> force."  Counsel for Defendants conceded during the appeal that in light of <u>Smith</u>, genuine issues of material fact existed as to Gordon's excessive force claim.  The Third Circuit vacated this Court's decision regarding the excessive force claim and remanded it back for further proceedings.

On January 8, 2004, this Court issued a scheduling order listing deadlines for completion of discovery, motions in limine, and placing the case into the July trial pool.  Because of a conflict with his schedule then counsel for Defendants filed a

motion to reschedule the pretrial conference, which was subsequently granted. On February 6, 2004, Gordon filed a motion requesting discovery of documents.

On March 4, 2004, David L. Glassman, Esquire entered his appearance on behalf of Gordon. On March 31, 2004, the undersigned entered his appearance on behalf of Defendants. At such time, discovery was ongoing.

After several motions for continuances filed by Gordon, this Court placed this case on the November trial list. This Court granted Mr. Glassman's motion to withdraw as counsel, and the parties submitted their respective Pre-trial Memorandum to the Court.

## II. Factual Background

Throughout this litigation, Defendants have denied the Plaintiff's allegations of wrongdoing.

While preparing for trial in this matter, the undersigned was putting together a trial notebook and discovered that no "formal" answer had been filed in this case.

## III. Question Presented

Should Defendants be entitled to file their Answer <u>nunc pro tunc</u>?

**Suggested Answer**: Affirmative.

**IV.   Argument**

This Court should allow Defendants to file an Answer <u>nunc pro tunc</u> to Plaintiff's improper Complaint.[1]  It appears that after the Third Circuit remanded this case back to the District Court, Plaintiff initiated discovery and no party took notice of the Complaint's failure to include numbered simple, concise, and direct allegations and Defendant's lack of an Answer.  Both parties know, through discovery and motions practice, their respective positions; but to complete the Pleadings and to make sure the record is clear, Defendants seek leave to file an Answer <u>nunc pro tunc</u>.

Plaintiff will not be prejudiced by the Answer because it will close the pleadings and allow this case to proceed to trial with a complete record.

---

[1] In violation of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's Complaint is not simple, concise, and direct, and Plaintiff has failed to put his allegations in numered paragraphs.

## IV. Conclusion

For the reasons stated above, Defendants respectfully request that their motion for leave to file nunc pro tunc Defendant's Answer be granted.

                                        Respectfully submitted,

                                        THOMAS A. MARINO
                                        United States Attorney

Dated: October 25, 2004      /s Michael J. Butler
                                        Michael J. Butler
                                        Assistant U.S. Attorney
                                        PA Attorney I.D. No. 81799
                                        Anita L. Lightner
                                        Paralegal Specialist
                                        U.S. Attorney's Office
                                        228 Walnut Street, 2nd Floor
                                        Harrisburg, PA 17108-1754
                                        Phone: 717-221-4482
                                        Fax: 717-221-2246

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUKEN WASHINGTON GORDON,** | : | CIVIL ACTION NO. 1:CV-01-0331 |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | (Rambo, J.) |
| | : | |
| **N. Gonzalez, et al.,** | : | |
| **Defendants.** | : | **Filed Electronically** |

## CERTIFICATE OF SERVICE BY MAIL

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.  That on October 25, 2004, she served the attached

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION
FOR LEAVE TO FILE DEFENDANTS' ANSWER *NUNC PRO TUNC***

by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Juken Washington Gordon
Reg No. 0573-088
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

                                                /s Anita L. Lightner
                                                Anita L. Lightner
                                                Paralegal Specialist