TAM:MJB:all

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUKEN WASHINGTON GORDON, | : | CIVIL ACTION NO. 1:CV-01-0331 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Rambo, J.) |
| | : | |
| N. GONZALEZ, et al., | : | |
| Defendants. | : | Filed Electronically |

## DEFENDANTS' ANSWER *NUNC PRO TUNC*

NOW COME Defendants N. Gonzalez, S. Puckey, J.A. Candelora, B. Shuman, and G. Shuck, by and through undersigned counsel, who file their Answer nunc pro tunc. The paragraphs in Plaintiff's Complaint are not numbered so Defendants took the liberty of numbering each paragraph in the Complaint and attach the corrected Complaint as Exhibit A to this Answer. Defendants answer the corrected Complaint as follows:

1. Denied.

2.      Admitted in part and denied in part. It is admitted that on September 9, 2000, Defendants Puckey and Gonzalez did not allow Gordon to enter the prison "messhall." By way of further answer, Gordon was confined at the United States Penitentiary at Lewisburg, Pennsylvania ("USP Lewisburg"). On September 9, 2000 at approximately 11:20 a.m., Defendant Lt. N. Gonzalez and Defendant S. Puckey were monitoring inmates departing the main dining hall. The "last call" announcement had been made approximately fifteen minutes before, and the serving lines were closed. No inmates were allowed to enter the dining hall unless they were assigned to work the food service area.

      At this time, Gordon approached the dining hall and demanded to be allowed to enter. Gordon was told that the dining hall was closed, and he became agitated and walked away. However, Gordon returned and began to argue with Lt. Gonzalez. Lt. Gonzalez ordered Gordon to return to his cell, but Gordon refused and continued to argue. Lt. Gonzalez then directed Gordon to come with him to the Lieutenant's office and requested that S. Puckey accompany him.

       While they were in the Lieutenant's office, Gordon became disruptive and was ordered to place his hands on the wall so that restraints could be placed on him. S. Puckey placed a left hand restraint on Gordon, Gordon resisted, and Gordon attempted to strike Lt. Gonzalez with his right hand. Puckey brought Gordon to the ground to prevent the assault and to handcuff him. Gordon continued to resist.

       Other officers were called to assist in restraining Gordon, who at that time was on the ground flailing his arms and legs in a violent manner.

       The remaining averments of unnumbered paragraph 2 are denied.

3.     Admitted in part and denied in part. It is only admitted that once Gordon was restrained, he was taken to the Special Housing Unit, where he was placed in ambulatory restraints. The remaining averments of unnumbered paragraph 3 are denied.

4.     Denied. By way of further answer, all claims, but for the <u>Bivens</u> claims, were dismissed by this Court on September 13, 2001.

5.     Admitted in part and denied in part. It is admitted that Gordon was subsequently transferred to USP Lewisburg

      to USP Allenwood. It is admitted that medical staff at USP Allenwood have treated Gordon for a variety of ailments. It is admitted that Dr. Reish treated Gordon. By way of further answer, Gordon had a back injury as a result of a car accident just prior to his incarceration. The remaining averments of unnumbered paragraph 5 are denied.

6.     Denied. By way of further answer, all claims, but for the <u>Bivens</u> claims, were dismissed by this Court on September 13, 2001.

7.     Admitted in part and denied in part. It is admitted that Gordon exhausted his administrative remedies as to his <u>Bivens</u> claims. The remaining averments of unnumbered paragraph 7 are denied.

## **AFFIRMATIVE DEFENSE**

1.     Plaintiff fails to state a claim upon which relief can be granted.

2.     Defendants are immune from suit based on qualified immunity.

Wherefore, Defendants request that judgment on the remaining counts of the Complaint be granted in their favor and the Court award any and all relief available under federal law.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

Dated: October 25, 2004        /s Michael J. Butler
Michael J. Butler
Assistant U.S. Attorney
PA Attorney I.D. No. 81799
Anita L. Lightner
Paralegal Specialist
U.S. Attorney's Office
228 Walnut Street, 2nd Floor
Harrisburg, PA 17108-1754
Phone: 717-221-4482
Fax: 717-221-2246

```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

**JUKEN WASHINGTON GORDON,**     :   **CIVIL ACTION NO. 1:CV-01-0331**
        **Plaintiff,**     :
                      :
        **v.**     :   **(Rambo, J.)**
                      :
**N. Gonzalez, et al.,**     :
        **Defendants.**     :   **Filed Electronically**

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on October 25, 2004, she served the attached

### DEFENDANTS' ANSWER *NUNC PRO TUNC*

by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Juken Washington Gordon
Reg No. 0573-088
USP Allenwood
P.O. Box 3000
White Deer, PA 17887


                                        /s Anita L. Lightner
                                        Anita L. Lightner
                                        Paralegal Specialist