TAM:MJB:all

```
                UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUKEN WASHINGTON GORDON,        :  CIVIL ACTION NO. 1:CV-01-0331
         Plaintiff,             :
                                :
         v.                     :  (Rambo, J.)
                                :
N. GONZALEZ, et al.,            :
         Defendants.            :  Filed Electronically
```

### DEFENDANTS' TRIAL BRIEF

Defendants submit this trial brief setting forth the legal authorities that will govern this trial and the facts that Defendants anticipate proving at trial.

### I. Procedural History

On February 22, 2001, Plaintiff Juken Washington Gordon (hereafter "Gordon") initiated this action by filing a Complaint, pro se, alleging that Defendants N. Gonzalez, S. Puckey, B. Shuman, J.A. Candelora, and G. Shuck used excessive force when they kicked and punched him in the back and neck. Gordon also alleged that he was denied appropriate medical care and placed in a "dry cell" without water or a toilet for four to five hours.

On September 13, 2001, this Court ordered that Gordon's denial of medical care and "dry cell" claims be dismissed for failure to exhaust his administrative remedies; and the Court dismissed Gordon's excessive force claims because Gordon presented no evidence that he suffered any injuries as a result of Defendants' alleged conduct.

Gordon appealed the Court's decision regarding his excessive force claim to the Third Circuit. Thereafter, the Third Circuit ruled in <u>Smith v. Mensinger</u>, 293 F.3d 641 (3d Cir. 2002) that "<u>de minimis</u> injuries do not necessarily establish <u>de minimis</u> force." Counsel for Defendants conceded during the appeal that in light of <u>Smith</u>, genuine issues of material fact existed as to Gordon's excessive force claim. The Third Circuit vacated this Court's decision regarding the excessive force claim and remanded it back for further proceedings.

After several motions for continuances filed by Gordon, this Court placed this case on the November trial list. This Court granted Mr. Glassman's motion to withdraw as counsel, and the parties submitted their respective Pre-trial Memorandum to the Court.

On October 22, 2004, this Court granted in part Plaintiff's objections to Defendants' Pre-trial Memorandum and excluded from evidence Defendants' proposed exhibits 31-33 (letters between

Gordon and his previous counsel and the motion to withdraw). Accordingly, Defendants attach hereto an amended Exhibit List.

Recently, Gordon's previous counsel informed counsel for Defendants that he did not show his client, Gordon, the videotape after the incident and requested that Gordon be allowed to observe that tape. Defendants have thus amended their exhibit list to include the videotape (Ex. 32) and request that the Court allow Gordon to observe the approximately ten (10) minute tape in the courtroom prior to trial.

On October 25, 2004, Defendants filed a motion for leave to file their Answer nunc pro tunc. On October 26, 2004, this Court granted that motion, and directed the Clerk to accept the Answer as timely filed.

## II. Factual Background

Evidence: Testimony of Plaintiff Juken Washington Gordon
Police Accident Report (Ex. 10)
Medical and Insurance Records (Ex. 11-26)

On February 17, 1997, Plaintiff Juken Washington Gordon (hereafter "Gordon") was involved in an automobile accident in which he suffered head trauma and a lower back injury. Thereafter, Gordon received medical treatment and physical therapy for his back pain. On April 17, 1997, Gordon obtained a lower back brace. The very next day, April 18, 1997, Gordon was arrested in West Virginia, and later convicted of Possession with Intent to Distribute Cocaine Base (21 U.S.C. § 841(A)(1)); two

counts of Aiding and Abetting (18 U.S.C. § 1952(A)(3)); and Traveling in Interstate Commerce to Promote a Drug Trafficking Crime.[1]

>    Evidence: Testimony of Gordon, Nelson Gonzalez, Stacey
>             Puckey
>             Officer Puckey Incident Report (Ex. 3)
>             Lt. Gonzalez Incident Report (Ex. 4)

On September 9, 2000, Plaintiff Gordon was confined at the United States Penitentiary at Lewisburg, Pennsylvania ("USP Lewisburg").  On that date at approximately 11:20 a.m., Defendant Lt. N. Gonzalez and Defendant S. Puckey were monitoring inmates departing the main dining hall.  The "last call" announcement had been made approximately fifteen minutes before, and the serving lines were closed.  No inmates were allowed to enter the dining hall unless they were assigned to work the food service area.

At this time, Gordon approached the dining hall and demanded to be allowed to enter.  Gordon was told that the dining hall was closed, and he became agitated and walked away.  However, Gordon returned and began to argue with Lt. Gonzalez.  Lt. Gonzalez ordered Gordon to return to his cell, but Gordon refused and continued to argue.  Lt. Gonzalez then directed Gordon to come with him to the Lieutenant's office and requested that S. Puckey accompany him.

---

[1] Defendants understand that Plaintiff's conviction will not be referred to in their opening statement.  Defendants will request that they be allowed to state that Plaintiff was arrested one day after receiving a back brace.

4

While they were in the Lieutenant's office, Gordon became disruptive and was ordered to place his hands on the wall so that restraints could be placed on him.  S. Puckey placed a left hand restraint on Gordon, Gordon resisted, and Gordon attempted to strike Lt. Gonzalez with his right hand.  Puckey brought Gordon to the ground to prevent the assault and to handcuff him.  Gordon continued to resist.

> Evidence: Testimony of Gordon, Nelson Gonzalez, Stacey Puckey, Bart Shuman, Greg Shuck, and Joe Cadelora
> Officer Puckey Incident Report (Ex. 3)
> Lt. Gonzalez Incident Report (Ex.  4)
> Officers Shuman, Shuck, Candelora's Incident Reports (Exs. 5-9)
> Medical Report of Lt. Gonzalez (Ex. 3)

Other officers were called to assist in restraining Gordon, who at that time was on the ground flailing his arms and legs in a violent manner.  Lieutenant Gonzalez was injured during this incident.

> Evidence: Testimony of Gordon, Nelson Gonzalez, Stacey Puckey, Bart Shuman, Greg Shuck, and Joe Cadelora, Mark Peoria
> Officer Puckey Incident Report (Ex. 3)
> Lt. Gonzalez Incident Report (Ex.  4)
> Officers Shuman, Shuck, Candelora's Incident Reports (Exs. 5-9)
> Medical Records of Gordon (Exs. 27-30)
> Video Tape (Ex. 32)

Once Gordon was restrained, he was taken to the Special Housing Unit, where he was placed in ambulatory restraints.  At

approximately 11:53 a.m. that same day, Physician's Assistant Mark Peoria examined Gordon and found he was in no obvious distress and there was no evidence of recent trauma on his body, face, or hands.  Peoria also examined Gordon's back and found no evidence of trauma, no deformity, or tenderness to palpitation.

### III.  Question Presented

Should judgment be granted in favor of Defendants?

**Suggested Answer**: Affirmative.

### IV.  Argument

The force used was appropriate under the circumstances.  See Hudson v. McMillian, 503 U.S. 1, 7 (1992); Whitley v. Albers, 475 U.S. 312, 321 (1986); Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000).  The force applied to Gordon was in a good-faith effort to maintain or restore discipline, and not maliciously and sadistically for the very purpose of causing harm. Hudson v. McMillian, 503 U.S. 1, 4-7 (1992); Whitley v. Albers, 475 U.S. 312, 319-21 (1986); Howard v. Barnett, 21 F.3d 868, 871-72 (8th Cir. 1994); Cummings v. Malone, 995 F.2d 817, 821-22 (8th Cir. 1993).[2]

---

[2] For a further statement of the law in this action, please see Defendants' Pretrial Memorandum and Proposed Jury Instructions.

### IV. Conclusion

For the reasons stated above, Defendants respectfully request that judgment be granted in their favor

                                  Respectfully submitted,

                                  THOMAS A. MARINO
                                  United States Attorney

Dated: <u>October 26, 2004</u>       <u>/s Michael J. Butler</u>
                                  Michael J. Butler
                                  Assistant U.S. Attorney
                                  PA Attorney I.D. No. 81799
                                  Anita L. Lightner
                                  Paralegal Specialist
                                  U.S. Attorney's Office
                                  228 Walnut Street, 2nd Floor
                                  Harrisburg, PA 17108-1754
                                  Phone: 717-221-4482
                                  Fax: 717-221-2246

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUKEN WASHINGTON GORDON,** | : | CIVIL ACTION NO. 1:CV-01-0331 |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | (Rambo, J.) |
| | : | |
| **N. Gonzalez, et al.,** | : | |
| **Defendants.** | : | **Filed Electronically** |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on October 26, 2004, she served the attached

### DEFENDANTS' TRIAL BRIEF

by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Juken Washington Gordon
Reg No. 0573-088
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

/s Anita L. Lightner
Anita L. Lightner
Paralegal Specialist