TAM:MJB:all

### UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUKEN WASHINGTON GORDON,** | : | CIVIL ACTION NO. 1:CV-01-0331 |
| **Plaintiff,** | : | |
| | : | |
| v. | : | (Rambo, J.) |
| | : | |
| **N. GONZALEZ, et al.,** | : | |
| **Defendants.** | : | Filed Electronically |

_____

**DEFENDANTS' PROPOSED POINTS FOR CHARGE**
_____

                                      Respectfully submitted,

                                      THOMAS A. MARINO
                                      United States Attorney

Dated: <u>October 28, 2004</u>      <u>/s Michael J. Butler</u>
                                      Michael J. Butler
                                      Assistant U.S. Attorney
                                      PA Attorney I.D. No. 81799
                                      Anita L. Lightner
                                      Paralegal Specialist
                                      U.S. Attorney's Office
                                      228 Walnut Street, 2nd Floor
                                      Harrisburg, PA 17108-1754
                                      Phone: 717-221-4482
                                      Fax: 717-221-2246

### **Defendants' Proposed Point for Charge 1**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the

effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, give the testimony of each witness such weight, if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part.

<u>Federal Jury Practice and Instructions</u>, §73.01.

**Given**_____            **Denied**_____            **Modified**_____

### **Defendants' Proposed Point for Charge 2**

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony; or by evidence that the witness has been convicted of a felony.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness, or give it such credibility as you think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

As to evidence of a felony conviction, you may consider that in determining credibility. This is based upon the proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of

that witness such credibility, if any, as you may think it deserves.

        Federal Jury Practice and Instructions, §71.07.

        Walden v. Georgia Pacific Corp., 126 F.3d 506, 523 (3rd Cir. 1997).

        Cummings v. Malone, 995 F.2d 817, 826 (8th Cir. 1993).

**Given**_____          **Denied**_____          **Modified**_____

### **Defendants' Proposed Point for Charge 3**

The mere fact that Mr. Gordon has filed a complaint against Lieutenant Gonzalez and Senior Officer Specialists Puckey, Shuman, Candelora, and Shuck alleging that they violated his constitutional rights, cannot be considered by you as evidence against them.  Rather, in reaching your decision, you are to consider only the evidence presented in the courtroom.  Where the court has stricken any evidence, or where I instructed you not to consider certain evidence, you must completely disregard such evidence in reaching your conclusion.  No evidence which has been stricken should enter into your thinking or affect your conclusions.

In your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.  Inferences are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case.  However, you must not permit either sympathy for, or prejudice against, Plaintiff or any of the defendants.

Federal Jury Practice and Instructions, §§71.01, 72.04.

**Given_____          Denied_____          Modified_____**

**<u>Defendants' Proposed Point for Charge 4</u>**

Although there are five defendants in this action, it does not follow from that fact alone that if one is liable, all or some of the others are liable. Each defendant is entitled to a fair consideration of his own defense, and is not to be prejudiced by the fact -- if it should become a fact -- that you find against another defendant. Unless otherwise stated, all instructions given you govern the case as to each individual defendant.

       Devitt, <u>Federal Jury Practice and Instruction</u>,
       §71.06 (4th ed.), p. 22.

**Given**_____        **Denied**_____        **Modified**_____

**<u>Defendants' Proposed Point for Charge 5</u>**

It is important to recognize that while prisoners do not forfeit all of their constitutional rights when they are confined to prison, what rights remain are subject to restrictions and limitations.  "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system . . . Maintaining institutional security and preserving internal order and discipline are essential goals that may require" limiting constitutional rights.  "Central to all other corrections goals is the institutional consideration of internal security within the corrections facilities themselves . . . Prison officials must be free to take appropriate action to ensure the safety of inmates and correctional personnel."

>   <u>Bell v. Wolfish</u>, 441 U.S. 520, 545-47 (1979)(quoted with approval in <u>Whitley v. Albers</u>, 475 U.S. 312, 321-22 (1986)).
>
>   Webster's <u>Third New International Dictionary</u> (1971), at p. 591.

**Given**_____          **Denied**_____         **Modified**_____

**<u>Defendants' Proposed Point for Charge 6</u>**

Mr. Gordon alleges that on September 9, 2000, he was assaulted by Lt. Gonzalez and Senior Officer Specialists Puckey, Shuman, Candelora, and Shuck for no reason at all.  Mr. Gordon claims that this alleged use of force amounted to cruel and unusual punishment in violation of the eighth amendment of the United States Constitution.

Not all force used against an inmate is considered excessive and in violation of the eighth amendment.  Rather, the core inquiry in an eighth amendment claim is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm.  Only if Mr. Gordon establishes that the officers acted <u>both</u> maliciously and sadistically to cause him harm can you find in his favor.  Conversely, if you find that the officers used force in a good faith effort to maintain or restore discipline or order, then you must find in the officers' favor.

To assist you, the word "maliciously" means to act without just cause or reason with the intent to injure another or

to see a person suffer.  The word "sadistically" means to engage in extreme or excessive cruelty or to delight in inflicting cruelty.

   Hudson v. McMillian, 503 U.S. 1, 4-7 (1992).

   Whitley v. Albers, 475 U.S. 312, 319-21 (1986).

   Howard v. Barnett, 21 F.3d 868, 871-72 (8th Cir. 1994).

   Cummings v. Malone, 995 F.2d 817, 821-22 (8th Cir. 1993).


**Given_____          Denied_____          Modified_____**

**Defendants' Proposed Point for Charge 7**

In evaluating this question whether force was applied in good faith to maintain order and discipline or maliciously and sadistically to cause harm, factors such as the need for the application of force, the relationship between the need and the amount of force used, and the extent of injury inflicted, are relevant to that ultimate determination.  From such considerations, inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evidenced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur.  But equally relevant are such factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them at the time, and any efforts made to temper the severity of a forceful response.

Whitley v. Albers, 475 U.S. 312, 320-21 (1986).


**Given_____          Denied_____          Modified_____**

### **Defendants' Proposed Point for Charge 8**

In considering the plaintiff's claim, you must be aware that correctional officers confronted with a disruptive prisoner must balance the need to maintain or restore discipline through force against the risk of injury to prison staff and other inmates. Despite the weight of these competing concerns, correctional officers must make their decisions quickly and decisively, under pressure, and frequently without the luxury of a second chance. Accordingly, prison administrators and correctional officers are to be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline to maintain institutional security. By deference, we mean relying upon another's judgment out of respect for his or her position and the responsibilities of that position. This deference does not insulate from review actions taken in bad faith and for no legitimate purpose, but it does require that you not freely substitute your judgment for that of others simply because, in hindsight, it may appear the force applied was unreasonable or unnecessary.

>Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).
>
>Whitley v. Albers, 475 U.S. 312, 319-22 (1986).
>
>Bell v. Wolfish, 441 U.S. 520, 545-47 (1979).
>
>Webster's Third New International Dictionary (1971) at page 591.

**Given_____          Denied_____          Modified_____**

### **Defendants' Proposed Point for Charge 9**

If you find that the officers violated Mr. Gordon's eighth amendment rights, you must determine the amount of damages, if any, to which he is entitled. The amount of compensatory damages that can be awarded to Mr. Gordon must be limited solely to the actual injuries sustained by him, as a direct result of the officers' actions and not for any injury or condition that Mr. Gordon suffered from prior to his encounter with a defendant. Mr. Gordon must prove his damages in order to be awarded any compensation.

Additionally, you are not permitted to award speculative damages. Thus, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

If you find that Mr. Gordon's rights were violated, but you find that he suffered no actual compensable injury, you may award what is known as "nominal" damages. Nominal damages ordinarily should not exceed one dollar.

>    Memphis Community School District v. Stachura, 477 U.S. 299, 306 (1986).
>
>    United States ex rel. Tyrell v. Speaker, 534 F.2d 823, 830 (3d Cir. 1976).
>
>    Federal Jury Practice and Instructions, §85.14.

**Given_____        Denied_____        Modified_____**

**Defendants' Proposed Point for Charge 10**

Mr. Gordon also makes a claim for punitive damages. The purpose of punitive damages is not to compensate the injured plaintiff but to punish a defendant for his willful or malicious conduct and to deter others from similar behavior. In order to award punitive damages to Mr. Gordon, you must find that the defendant correctional officers displayed a callous and evil motive when dealing with Mr. Gordon. If, on the other hand, you find that the defendants' conduct was wrong but not so extreme as to be "callous or evil", there should be no award of punitive damages.

> Memphis Community School District v. Stachura, 477 U.S. 299, 306 n.9 (1986).
>
> Smith v. Wade, 461 U.S. 30, 54 (1986).

**Given_____      Denied_____      Modified_____**

**<u>Defendants' Proposed Point for Charge 11</u>**

      The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

      <u>Federal Jury Practice and Instructions</u>, §74.02

**Given**_____       **Denied**_____       **Modified**_____

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

Dated: <u>October 28, 2004</u>       <u>/s Michael J. Butler</u>
Michael J. Butler
Assistant U.S. Attorney
PA Attorney I.D. No. 81799
Anita L. Lightner
Paralegal Specialist
U.S. Attorney's Office
228 Walnut Street, 2nd Floor
Harrisburg, PA 17108-1754
Phone: 717-221-4482
Fax: 717-221-2246

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUKEN WASHINGTON GORDON,** | : | CIVIL ACTION NO. 1:CV-01-0331 |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | (Rambo, J.) |
| | : | |
| **N. Gonzalez, et al.,** | : | |
| **Defendants.** | : | **Filed Electronically** |

**CERTIFICATE OF SERVICE BY MAIL**

     The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.  That on October 28, 2004, she served the attached

**DEFENDANTS' PROPOSED POINTS FOR CHARGE**

by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Juken Washington Gordon
Reg No. 0573-088
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

                                                      /s Anita L. Lightner
                                                      Anita L. Lightner
                                                      Paralegal Specialist